UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIANNA KHUN, on behalf of herself and all others similarly situated,<br>   *Plaintiff,*<br><br>v.<br><br>SLEEPY'S, LLC and CMC ACQUISITION CORPORATION, d/b/a CAPITOL MARKETING CONCEPTS, INC.,<br>   *Defendants.* | Case No. |

## NOTICE OF REMOVAL

TO: THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

The Defendant, Sleepy's, LLC ("Sleepy's"), hereby files this Notice of Removal of the above-captioned action from Suffolk County Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts on the ground that there is diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In support of removal, Sleepy's states the following:

### PROCEDURAL BACKGROUND

1. Upon information and belief, on November 7, 2016, the Plaintiff, Dianna Khun, filed a Complaint in the Suffolk County Superior Court, in the Commonwealth of Massachusetts. See Exhibit A, Complaint.

2. A copy of the Complaint was never served on Sleepy's.

1

3. Upon information and belief, on December 12, 2016, the Plaintiff filed an Amended Complaint in Suffolk County Superior Court, in the Commonwealth of Massachusetts. See Exhibit B, Amended Complaint.

4. A copy of the Amended Complaint was served on Sleepy's agent for service of process on December 23, 2016.

5. In her Amended Complaint, the Plaintiff seeks to bring a putative class action seeking damages for allegedly unlawful acts and practices of Sleepy's regarding a promotion. The Plaintiff alleges that she made a purchase qualifying her for a promotional card and that she was allegedly uninformed that there was a limited time in which to redeem or use the promotional card. See Exhibit B, Amended Complaint ¶¶ 13, 15, 26, and 27.

6. The Plaintiff seeks to represent a class comprised of "[a]ll persons who made a qualifying promotional purchase at a Sleepy's retail location, or online, and were entitled to a promotional card by Sleepy's as part of their purchase," and "[a]ll persons who were entitled to a promotional card as part of a promotion." See Exhibit B, at ¶ 83. The Amended Complaint seeks to assert eleven separate causes of action and as alleged requests substantial damages.

7. Sleepy's received service of the Summons and Amended Complaint on December 23, 2016. Since it was filed within thirty days of service, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).

8. Under 28 U.S.C. § 1453(b), the consent of the other Defendants to the putative class action—which is removable under the Class Action Fairness Act ("CAFA")—is not required.

9.     Venue in the United States District Court for the District of Massachusetts is proper because the State Court Action was commenced in the Suffolk County Superior Court. See 28 U.S.C. § 1441(a).

10.     A stamped copy of this Notice of Removal will be promptly filed with the Clerk of the Suffolk County Superior Court in the Commonwealth of Massachusetts, and served on any counsel of record for the Plaintiff pursuant to 28 U.S.C. § 1446(d).

## GROUNDS FOR REMOVAL

11.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(d), which extends diversity jurisdiction to large, interstate putative class actions like the one Plaintiff seeks to allege. In particular, CAFA expands federal courts' diversity jurisdiction to embrace class actions "if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." Dart Cherokee Basin Operating Co., LLC v. Owens, 125 S. Ct. 547, 552 (2014).

12.     The putative class as alleged by Plaintiff consists of at least 100 members. See 28 U.S.C. § 1332(d)(5)(B). Specifically, Plaintiff seeks to allege a putative class encompassing every person who ever made a qualifying promotional purchase at Sleepy's and was entitled to a promotional card and every person who was ever entitled to a promotional card as part of a promotion. See Exhibit B, at ¶ 83.

13.     This action also meets CAFA's $5 million amount-in-controversy requirement. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC, 135 S. Ct. at 554 (2014). Here, plausibility is easy to find, as the Plaintiff alleges to seek damages for a putative nationwide class alleged to consist of "[a]ll persons who made a qualifying

3

promotional purchase . . . and were entitled to a promotional gift card," and "[a]ll persons who were entitled to a promotional gift card as part of a promotion," and does not limit the time period. See Exhibit B, at ¶ 83. This proposed class consists of thousands of people. See Exhibit B- Affidavit of Mindy Harper. Additionally, the Plaintiff seeks treble damages and attorneys' fees. Plaintiff has alleged eleven separate claims for these purported damages.

14. In order to place more than $5 million in controversy under these conditions less than 2000 putative class members would have needed to purchase less than $1000 worth of goods (($5,000,000/3)/2000=$833.33). Based upon the attached Affidavit, thousands of customers per year participated in the program which provides a reasonable probability that the amount in controversy will exceed $5 million. See Exhibit C, Affidavit of Melinda Harper. There is a reasonable probability that the amount in controversy will exceed $5 million.

15. Finally, there is minimal diversity. Minimal diversity is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The only named Plaintiff is a citizen of Massachusetts. See Exhibit B, at ¶ 1. Sleepy's is incorporated in Delaware and its principal place of business is in Texas; therefore, it is a citizen of Delaware and Texas. CMC Acquisitions Corporation, upon information and belief, is a corporation organized under the laws of the State of Missouri with its corporate headquarters in Hazelwood, MO. Minimal diversity is therefore met because the Plaintiff, who is a member of the class, is a citizen of a state different from Defendant Sleepy's.

16. Defendant Sleepy's is an LLC, which would typically require an analysis of citizenship of all of its members for purposes of diversity, but under CAFA, an LLC is determined to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10).

17. The First Circuit and Massachusetts courts have not specifically ruled on CAFA analysis as it relates to an LLC but in Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698 (4th Cir.2010), the Court held that "a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business." 591 F.3d at 699. The Fourth Circuit's decision is supported by CAFA's legislative history, specifically Senate Report No. 109-14, which shows that Congress chose to treat LLCs like corporations for purposes of determining citizenship under CAFA.

18. There are certain exceptions to CAFA jurisdiction, but none of these exceptions apply here.

19. The home-state exception does not apply. This exception applies if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The only named plaintiff is a Massachusetts citizen, but the "primary defendants" are not. All of the primary defendants must be Massachusetts citizens for the exception to apply. In re Hannaford Bros. Co. Customer Data Security Breach Litigation, 564 F.3d 75, 80 (1st Cir. 2009); Manson v. GMAC Mortg., LLC, 602 F.Supp.2d 289, 296 (D. Mass. 2009). Here, neither defendant is a Massachusetts citizen; therefore, this exception would not apply.

20. CAFA's discretionary exception also does not apply. Under that exception, a judge may remand based on certain factors premised on the "interests of justice and the totality of the circumstances." 28 U.S.C. § 1332(d)(3). That exception, however, only applies when

"greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate" are from Massachusetts. Id. The only named plaintiff is from Massachusetts.

21.    Additionally, the local controversy exception does not apply. This exception may be invoked only if four distinct requirements are met: (1) two-thirds of the class are from the homes state; (2) at least one defendant from whom significant relief is sought and whose conduct forms a significant basis for the claims is from the homes state; (3) the principal injuries occurred in the home state; and (4) "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A). At minimum, the action does not satisfy the second requirement of the local controversy exception as neither defendant is from the home state.

22.    In short, because all three of CAFA's basic requirements are met, and because none of the exceptions apply, CAFA affords this Court diversity jurisdiction.

23.    The requirements of 28 U.S.C. § 1332 are satisfied in this case and removal to this Court based on diversity jurisdiction is justified.

WHEREFORE, having fulfilled the statutory requirements of removal, Sleepy's respectfully removes this action from the Suffolk County Superior Court, where it is currently pending, to this Court.

Dated: January 23, 2017

Respectfully submitted,

**SLEEPY'S, LLC**

By its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.


*/s/ Christopher B. Parkerson*
Christopher B. Parkerson (BBO #662952)
Erica L. Larence (BBO #695947)
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3000
cparkerson@campbell-trial-lawyers.com
elarence@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, Erica L. Larence, hereby certify that on January 23, 2017 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

John R. Yasi
Michael C. Forrest
Brian P. McNiff
Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970


*/s/ Christopher B. Parkerson*
Christopher B. Parkerson