# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No.

16-3409 C

DIANNA KHUN, on behalf of herself and
all others similarly situated,
      Plaintiff,

vs.

SLEEPY'S, LLC and CMC ACQUISITION
CORPORATION, d/b/a CAPITOL
MARKETING CONCEPTS, INC.,
      Defendants.

## PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

Plaintiff, Dianna Khun, ("Khun" or "Plaintiff") alleges that Sleepy's, LLC

("Sleepy's") and CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc.

("Capitol") (collectively "Defendants") have engaged in an unlawful scheme whereby

Defendants advertised that if a consumer bought certain qualifying Sleepy's products the

consumer would be entitled to a gift card of varying, yet significant value. However,

despite Defendants' advertising and representations to the public and consumers at large,

Sleepy's and Capitol purposefully concealed all of the relevant material conditions,

limitations and restrictions associated with the gift cards (as required by federal regulation

and Massachusetts statutory and regulatory law) in order to induce customers into

purchasing products from Sleepy's, but limiting consumers' redemption and use of the

same.

As a result of this misleading scheme, Khun alleges that Sleepy's and Capitol have reaped significant financial benefit and caused substantial damage to consumers.

## PARTIES

1. Plaintiff, Dianna Khun is an individual who at times relevant hereto has resided/resides in Essex County, Massachusetts.

2. Defendant, Sleepy's LLC is a foreign limited liability company, formed under the laws of the state of Delaware, with a principal office in the Commonwealth located in Franklin, Massachusetts and a registered agent located in Boston, Massachusetts. At all times, relevant hereto, Sleepy's was engaged in the business of selling retail bedding products to consumers throughout the Commonwealth of Massachusetts.

3. Defendant, CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc. is a foreign corporation organized under the laws of the State of Missouri, with its corporate headquarters located in Hazelwood, Missouri and a principal office located in St. Petersburg, Florida. At all times, relevant hereto, Capitol was engaged in the business of managing and offering sales promotions throughout the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Sleepy's LLC as it maintains a principal office and registered agent in Massachusetts. This Court also has personal jurisdiction over Sleepy's by virtue of its transactions, marketing, advertising and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

5. This Court has personal jurisdiction over CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc. by its transactions, marketing, advertising and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

6. Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Khun and the putative class because the claims for damages exceed twenty-five thousand dollars ($25,000.00).

7. Venue in this matter is proper as Sleepy's maintains a registered agent located in Suffolk County, Massachusetts.

### FACTUAL ALLEGATIONS

8. Sleepy's is/was engaged in the business of selling retail bedding products to consumers throughout the Commonwealth of Massachusetts.

9. On or before May 30, 2016, Sleepy's offered promotional gift cards in connection with purchasing qualifying products.

10. At various times, Sleepy's offered promotional gift cards in connection with purchasing qualifying products.

11. Capitol manages and provides promotional support to Sleepy's in connection with consumer promotions offered by Sleepy's.

12. Capitol served as Sleepy's agent at all times relevant hereto.

13. On May 30, 2016, Khun purchased from Sleepy's: (1) One Flex Supreme Breeze Queen Split Set; (2) Two Tempur Flat 30X80 Box Springs; (3) Two Standard Aspire 3.0 Pillows; and (4) One Queen Bedgear Waterproof Mattress Protector ("Purchase"). See, Exhibit 1 (*Khun Purchase Contract*) ("Contract").

14. On or before May 30, 2016, Sleepy's advertised that the purchaser of a Flex Supreme Breeze mattress was entitled to a promotional gift card ("Promotion").

15. Capitol advertised, on behalf of Sleepy's, that the purchaser of a Flex Supreme Breeze mattress was entitled to a promotional gift card.

3

16. At all times relevant hereto, Capitol managed and provided Sleepy's with support for the Promotion as Sleepy's agent.

17. None of the in-store advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

18. None of the advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

19. Prior to her Purchase, neither Defendant provided Khun with information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

20. Defendants did not inform Khun that she had a limited time in which to redeem the Promotion Gift Card prior to her Purchase.

21. Defendants did not inform Khun that she had a limited time in which to use the Promotion Gift Card.

22. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use prior to her Purchase.

23. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use.

24. Khun relied upon the representations actually made as part of the Promotion in making her Purchase.

25. The Promotion, and the benefit to be provided thereunder, served as a factor Khun relied upon in

4

making her Purchase.

26. As part of her purchase, Khun was entitled to a $300 Promotional Gift Card in connection with the Flex Supreme Breeze mattress she purchased. See, Exhibit 1.

27. Khun's Contract with Sleepy's entitled her to a $300 Promotional Gift Card in connection with the Flex Supreme Breeze mattress she purchased. See, Exhibit 1.

28. On June 27, 2016, Khun attempted to redeem her Promotional Gift Cards by selecting two (2) $150.00 Toys R Us gift cards ("Promotional Gift Cards").

29. On June 27, 2016, Khun received confirmation from Sleepy's agent, Capitol, indicating, "Congratulations you have redeemed your reward card on http://selectyourcard.biz." See, Exhibit 2 (*Two Email Confirmations of Promotion Redemption*); see also, Exhibit 3 (*Two Screenshots of Confirmation of Promotion Redemption*).

30. As of August 22, 2016, Khun had not received the Promotional Gift Cards from Defendants.

31. In response to an inquiry into why Khun had yet to receive her Promotional Gift Cards, an employee of Capitol incorrectly represented that the Promotional Gift Cards had never been redeemed online.

32. In response to an inquiry into why Khun had yet to receive her Promotional Gift Cards, an employee of Capitol represented that the Promotional Gift Cards had never been redeemed online.

33. On August 22, 2016, Capitol allegedly sent Khun links, which links were re-enabled so that Khun could again attempt to redeem her Promotional Gift Cards.

34. On August 22, 2016, Capitol sent Khun links, which links were re-enabled so that Khun could again attempt to redeem her Promotional Gift Cards.

35. On August 24, 2016, Capitol allegedly sent Khun links, which links were re-enabled so that Khun could again attempt to redeem her Promotional Gift Cards.

36. On August 24, 2016, Capitol sent Khun links, which links were re-enabled so that Khun could again attempt to redeem her Promotional Gift Cards.

37. On or about September 28, 2016, Khun again attempted to redeem the Promotional Gift Cards.

38. On or about September 28, 2016, Khun was informed by Capitol that the Promotional Gift Cards were no longer redeemable as the redemption period had expired on September 23, 2016.

39. Kuhn was not informed, prior to the Purchase, that she was required to redeem her Promotional Gift Cards within thirty days of the date of the qualifying purchase.

40. Kuhn was required to redeem her Promotional Gift Cards within thirty days of the date of the qualifying purchase.

41. Kuhn was not informed, prior to Purchase, that Kuhn's Promotional Gift Cards were only valid and redeemable for six (6) months from the last date of the previously undisclosed redemption period.

42. Kuhn's Promotional Gift Cards were only valid and redeemable for six (6) months from the last date of the redemption period.

43. Customers were not informed, prior to their respective purchases, that they were required to redeem their Promotional Gift Cards within thirty days of the date of the qualifying purchase.

44. Customers who were entitled to Promotional Gift Cards were required to redeem said gift card within thirty days of the date of qualifying purchase.

45. Customers were not informed, prior to their respective purchases, that their promotional gift cards were only valid and redeemable for six (6) months from the last date of the

previously undisclosed redemption period.

46. Customer's Promotional Gift Cards were only valid and redeemable for six (6) months from the last date of the redemption period.

47. According to the undisclosed terms associated with the Promotional Gift Cards, Kuhn was required to redeem her Promotional Gift Cards within thirty (30) days of the date of the qualifying purchase.

48. According to the undisclosed terms associated with the Promotional Gift Cards Kuhn's Promotional Gift Cards were only valid and redeemable for six (6) months from the last date of the redemption period.

49. According to the undisclosed terms associated with the promotional gift cards, Customers who were entitled to promotional gift cards were required to redeem said gift card within thirty (30) days of the date of qualifying purchase.

50. According to the undisclosed terms associated with the promotional gift cards Customer's promotional gift cards were only valid and redeemable for six (6) months from the last date of the redemption period.

51. Khun has not been provided the $300 in Promotional Gift Card(s) she was entitled to as part of her Purchase.

52. Khun has not received the $300 in Promotional Gift Card(s) she was entitled to as part of her Purchase.

53. 940 CMR 6.05(16) states in pertinent part:

> [i]t is an unfair or deceptive act for a seller to state or imply that any product is being offered for free or at a reduced price (a gift) in conjunction with another product (primary product) *unless . . .[t]he seller clearly and conspicuously discloses in the advertisement all material conditions or limitations imposed by the seller as a prerequisite to receipt of or on the use of the gift... .* (emphasis added).

54. Defendants failed to clearly and conspicuously discloses, in their Promotional advertisement(s) all material conditions or limitations imposed by Sleepy's and/or Capitol as a prerequisite to receipt of or on the use of the Promotional Gift Card(s) to Khun and other similarly situated consumers.

55. 940 CMR 3.05 states in pertinent part:

No claim or representation shall be made by any means concerning a product which directly, or by implication, or by failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect.

56. Defendants generally misrepresented the terms and conditions of the Promotion to Khun and other similarly situated consumers by failing to adequately disclose the terms of redemption, and use of, promotion gift cards issued as part of the Promotion.

57. Defendants' failure to adequately disclose the terms of redemption, and use of, promotional gift cards issued as part of the Promotion had the tendency or effect of materially deceiving buyers or prospective buyers.

58. 940 CMR 3.02(2) states in pertinent part:

No statement or illustration shall be used in any advertisement which creates a false impression of the grade, quality, make, value, currency of model, size, color, usability, or origin of the product offered, *or which may otherwise misrepresent the product in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised product to another.* Even though the true facts are subsequently made known to the buyer, the law is violated if the first contact or interview is secured by deception. (emphasis added).

59. Defendants misrepresented the Promotion, and sale of qualifying items, in such a manner that later, on disclosure of the true facts, there was a likelihood that the Khun and other similarly situated consumers may have switched from the advertised qualifying products to another.

60. 12 CFR 205.20 is a federal regulation which mandates the disclosure requirements (limitations)

associated with the issuance of gift cards and promotional cards.

61. 12 CFR 205.20 requires that material limitations and expiration dates of gift cards and promotional cards be made in a clear and conspicuous manner.

62. Defendants did not provide Khun or other similarly situated Sleepy's customers with material limitations and expiration dates of gift cards and promotional cards in a clear and conspicuous manner.

63. Defendants have acted in the same manner set forth herein, with respect to numerous other similarly situated Sleepy's customers.

64. Defendants acts and omissions associated with the Promotion, as set forth herein, negatively affected Khun and numerous other similarly situated individuals.

65. Defendants limited the redemption period of other similarly situated individuals promotional gift cards without first disclosing the restrictions or time for redemption of the same.

66. Defendants provided limited period use gift cards to other similarly situated individuals without first disclosing the restrictions or time for redemption of the same.

67. Upon information and belief, Sleepy's and Capitol have jointly offered and advertised numerous promotions involving similar promotional gift card offers.

68. Upon information and belief, Sleepy's and Capitol have engaged in advertising and marketing which failed to disclose material restrictions on the use of the gifts, including but not limited to, the time of redemption and term of expiration of similar promotional gift cards.

69. At all times relevant hereto Sleepy's was engaged in trade and commerce as defined by M.G.L. c. 93A.

70. At all times relevant hereto Capitol was engaged in trade and commerce as defined by M.G.L. c. 93A.

71. As a result of Defendants acts and omissions as set forth herein, Khun and other similarly situated Sleepy's customers have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which Khun and others were entitled in connection with the qualifying transactions with Sleepy's, as well as the reduced value or fully extinguished value, of the promotional gift cards.

## CLASS ALLEGATIONS

72. Khun repeats and re-alleges the allegations set forth above.

73. Khun brings this action on behalf of herself and a class of other persons similarly situated pursuant to Mass. R. Civ. P. 23.

74. The class ("Class" or "Class Member") consists of:

    A.  All persons who made a qualifying promotional purchase at a Sleepy's retail location, or online, and were entitled to a promotional gift card by Sleepy's as part of their purchase; and

    B.  All persons who were entitled to a promotional gift card as part of a promotion which promotion did not disclose that a customers' redemption of the associated promotional gift cards were subject to restrictions, including, but not limited to, a time restriction for redemption and use.

    C.  Excluded from the Class are all past and present employees, agents, officers, and directors of Sleepy's or Capitol and persons who have released Sleepy's or Capitol from liability for claims associated with the distribution and redemption of promotional gift card promotions.

75. The members of the Class are so numerous that joinder of all members would be impracticable.

76. Defendants have engaged in a single course of conduct with regard to, and which harmed, all members of the Class.

77. Common issues of fact and law predominate over any issues peculiar to individual class members. The principal common issues are:

A. Whether Defendants were required to provide certain information and disclosures to Khun and the Class prior to qualifying promotional purchases;

B. Whether Defendants were required to provide certain information and disclosures in advertising materials relating to promotional purchase programs;

C. Whether the practices of Defendants alleged herein constitute violations of Massachusetts law;[1]

D. Whether the practices of Sleepy's alleged herein constitute breaches of contract;

E. Whether the practices of Defendants alleged herein constitute violations of the common-law principal of negligent misrepresentation;

F. Whether the practices of Defendants alleged herein constitute fraud and deceit;

G. Whether the practices of Sleepy's alleged herein constitute unjust enrichment;

H. Whether Capitol acted as Sleepy's agent with regard to the management and support of the Promotion and/or other similar gift card promotions;

I. Whether the Defendants are jointly or severally liable for the causes of action complained of herein;

J. Whether Sleepy's engages in trade or commerce in Massachusetts;

K. Whether Capitol engages in trade or commerce in Massachusetts;

L. Whether Defendants' acts and omissions alleged herein were committed willfully, knowingly and/or in bad faith.

78. Khun's claim is typical of the claims of the Class as all claims are based on the same legal theory, and all arise from the same course of conduct.

---

[1] Khun acknowledges that the present complaint does not contain counts for violations of 940 CMR 6.05(16); 940 CMR 3.02(2); 940 CMR 305; 940 CMR 3.16; 12 CFR 205.20; and/or M.G.L. c. 93A, § 2; however, Khun has served Defendants with a demand in accordance with M.G.L. c. 93A, § 9(3). Upon receipt of Defendants' responses Khun shall amend accordingly.

79. Khun will fairly and adequately protect the interests of all Class Members and is committed to a vigorous and successful prosecution of this action.

80. Khun has retained counsel experienced in the litigation of consumer rights cases, including consumer class actions.

81. Neither Khun nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

82. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since:

    A. The financial harm suffered by individual class members is such that it would be economically unfeasible for them to individually litigate their claims;

    B. The factual and legal issues common to all class members far outweigh any individual questions;

    C. The prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and

    D. There will be no unusual or extraordinary management difficulties in administering this case as a class action.

**COUNT I**
**BREACH OF CONTRACT**
**(Khun and the Class v. Sleepy's)**

83. Khun repeats and re-alleges the allegations set forth above.

84. Sleepy's offered to provide Khun with a mattress and associated Promotional Gift Card(s) as part of her Purchase.

85. The offer of the Promotional Gift Card was made without any material restrictions on the use of the Promotional Gift Card(s), including but not limited to, the time of redemption or term of expiration of the same.

86. Khun accepted Sleepy's offer by entering into the Contract, and making her Purchase.

87. Sleepy's breached its contract with Khun by failing to provide Khun with her Promotional Gift Cards.

88. Sleepy's breached its contract with Khun by failing to provide Khun with her Promotional Gift Cards without any material restrictions on the time of redemption or term of expiration of the same.

89. Sleepy's offered to provide Class Members with certain qualifying products and promotional gift cards as part of their purchases.

90. The offer of the promotional gift cards to Class Members was made without any material restrictions on the use of the Promotional Gift Card(s), including but not limited to, the time of redemption or term of expiration of the same.

91. Class Members accepted Sleepy's offer by entering into the contracts with Sleepy's, and making their qualifying purchases.

92. Sleepy's breached its contract with Class Members by failing to provide them with their promotional gift cards.

93. Sleepy's breached its contract with Class Members by failing to provide them with their promotional gift cards without any material restrictions on the time of redemption or term of expiration of the same.

94. As a result of Sleepy's breach(es) of contract, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

95. As a result of Sleepy's breach(es) of contract, Khun and Class Members have suffered harm and damages.

96. As a result of Sleepy's breach(es) of contract, Khun and Class Members have suffered financial

harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

**WHEREFORE**, Khun respectfully requests that this Court enter judgment against Sleepy's for its breach(es) of contract and award damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Sleepy's cease and desist the practices complained of herein, and that the Court award damages, court costs and attorneys' fees.

### COUNT II
### NEGLIGENT MISREPRESENTATION
### (Khun and the Class v. Defendants)

97. Khun repeats and re-alleges the allegations set forth above.

98. Sleepy's often offers promotional gift cards in connection with purchasing qualifying products.

99. Capitol manages and provides promotional support to Sleepy's in connection with consumer promotions offered by Sleepy's.

100. Capitol served as Sleepy's agent at all times relevant hereto.

101. None of the in-store advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

102. None of the advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

103. Prior to her Purchase, neither Defendant provided Khun with information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card

issued as part of the Promotion.

104. Defendants did not inform Khun that she had a limited time in which to redeem the Promotional Gift Card(s) prior to her Purchase.

105. Defendants did not inform Khun that she had a limited time in which to use the Promotional Gift Card(s).

106. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use prior to her Purchase.

107. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use.

108. Khun relied upon the representations actually made as part of the Promotion in making her Purchase.

109. The Promotion, and the benefit to be provided thereunder, served as a factor Khun relied upon in making her Purchase.

110. Defendants did not exercise reasonable care or competence in providing the details of the Promotion to Khun.

111. Defendants' omissions regarding limited time in which to redeem the Promotional Gift Card(s) constituted a misrepresentation.

112. Defendants' omissions regarding limited time in which to use the Promotional Gift Card(s) constituted a misrepresentation.

113. Defendants' omissions/misrepresentations described herein constituted false statements of material fact.

114. Khun relied upon Defendants' omissions/misrepresentations as set forth herein.

115. As a result of Defendants' omissions/misrepresentations as set forth herein Khun entered into her Contract.

116. Defendants financially benefited from the Purchase and Khun's Contract.

117. Defendants have made similar omissions/misrepresentations to Class Members in connection with qualifying promotional purchases.

118. Class Members have relied upon Defendants' omissions/misrepresentations to their detriment.

119. As a result of Defendants' omissions/misrepresentations as set forth herein Class Members have made qualifying promotional purchases.

120. Defendants have financially benefited from Class Members' qualifying promotional purchases.

121. As a result of Defendants' omissions/misrepresentations, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

122. As a result of Defendants' omissions/misrepresentations, Khun and Class Members have suffered harm and damages.

123. As a result of Defendants' omissions/misrepresentations, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

**WHEREFORE,** Khun respectfully requests that this Court enter judgment against Defendants for general misrepresentation and award damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of herein, and that the Court award damages, court

costs and attorneys' fees.

## COUNT III
## FRAUD AND DECEIT
### (Khun and the Class v. Defendants)

124. Khun repeats and re-alleges the allegations set forth above.

125. Sleepy's often offers promotional gift cards in connection with purchasing qualifying products.

126. Capitol manages and provides promotional support to Sleepy's in connection with consumer promotions offered by Sleepy's.

127. Capitol served as Sleepy's agent at all times relevant hereto.

128. None of the in-store advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

129. None of the advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

130. Prior to her Purchase, neither Defendant provided Khun with information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

131. Defendants did not inform Khun that she had a limited time in which to redeem the Promotional Gift Card prior to her Purchase.

132. Defendants did not inform Khun that she had a limited time in which to use the Promotional Gift Card.

133. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which they would be considered valid for use prior to her Purchase.

134. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which they would be considered valid for use.

135. Khun relied upon the representations actually made as part of the Promotion in making her Purchase.

136. The Promotion, and the benefit to be provided thereunder, served as a factor Khun relied upon in making her Purchase.

137. The requisite information Defendants omitted with regard to the redemption and use of the Promotional Gift Card(s) constituted a knowing false statement of material fact.

138. Defendants knowingly omitted information with regard to the redemption and use of the Promotional Gift Card(s) for the purpose of inducing Khun to make the qualifying purchase.

139. Khun relied upon Defendants' omissions/false statements of fact.

140. As a result of Defendants' omissions/false statements of fact as set forth herein Khun entered into her Contract.

141. Defendants financially benefited from the Purchase and Khun's Contract.

142. Defendants have made similar omissions/false statements of fact to Class Members in connection with qualifying promotional purchases.

143. Class Members have relied upon Defendants' omissions/false statements of fact to their detriment.

144. As a result of Defendants' omissions/false statements of fact as set forth herein Class Members have made qualifying promotional purchases.

145. Defendants have financially benefited from Class Members' qualifying promotional purchases.

146. As a result of Defendants' omissions/false statements of fact, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

147. As a result of Defendants' omissions/false statements of fact, Khun and Class Members have suffered harm and damages.

148. As a result of Defendants' omissions/false statements of fact, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

    **WHEREFORE**, Khun respectfully requests that this Court enter judgment against Defendants for fraud and deceit and award damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of herein, and that the Court award damages, court costs and attorneys' fees.

### COUNT IV
### UNJUST ENRICHMENT
### (Khun and the Class v. Sleepy's)

149. Khun repeats and re-alleges the allegations set forth above.

150. Sleepy's wrongfully collected/received money from Khun as a result of the unlawful Promotion detailed herein.

151. Sleepy's has been unjustly enriched as a result of collecting/receiving monies in connection with the unlawful Promotion detailed herein.

152. Justice requires that the wrongfully collected/obtained money be returned to Khun.

153. Sleepy's wrongfully collected/received money from Class Members as a result of the unlawful promotions detailed herein.

154. Sleepy's has been unjustly enriched as a result of collecting/receiving monies from Class Members in connection with the unlawful promotions detailed herein.

155. Justice requires that the wrongfully collected/obtained money be returned to Class Members.

WHEREFORE, Khun and the Class respectfully request that this Court enter Judgment against Sleepy's for unjust enrichment and award damages to adequately compensate Khun the Class and that the Court add thereto costs and attorneys' fees.

## COUNT V
## DECLARATORY JUDGMENT

156. Khun repeats and re-alleges the allegations set forth above.

157. There exists an actual controversy as to whether Defendants were required to disclose all limitations and/or restrictions on redemption, and use of, promotional gift cards offered to Khun and Class Members as part of purchases for qualifying products.

158. There exists an actual controversy as to whether Defendants' failure to disclose all limitations and/or restrictions on redemption, and use of, promotional gift cards as set forth herein were committed negligently or intentionally.

159. Khun and the Class entitled to a declaration as to in what manner Defendants may advertise, promote, or otherwise represent the terms and conditions of their promotional offers.

160. Khun and the Class are entitled to a declaration as to whether Defendants' failure to disclose all limitations and/or restrictions on redemption, and use of, promotional gift cards, as set forth herein, are in violation of Massachusetts Statutory Law, Massachusetts Regulations, Massachusetts Common Law, and/or Federal Regulations.

161. Khun and the Class are entitled to a declaration that Defendants' acts and omissions, as described herein, were willful, unfair and/or deceptive.

162. Khun and the Class are entitled to a declaration that Defendants' acts and omissions, as described herein, were committed willfully, knowingly and/or in bad faith.

WHEREFORE, Khun and the Class request that this Honorable Court set forth, by way of declaratory judgment, that Defendants' failure to disclose all limitations and/or restrictions on redemption, and use of, promotional gift cards, as set forth herein, are in violation of Massachusetts statutory law, Massachusetts regulatory law, Massachusetts common law, and/or Federal regulatory law.

## PRAYERS FOR RELIEF

WHEREFORE, Khun, on behalf of herself and all others similarly situated, demand judgment against Defendants as follows:

A. An order determining that this action is a proper class action and certifying Khun as representative of the putative Class;

B. An order appointing Khun's counsel as legal representatives of the putative Class in this action;

C. An order determining that the acts and practices of Defendants described herein were/are unlawful;

D. An order determining that the acts and practices of Defendants described herein were/are violations of Massachusetts law;

E. An order determining that the acts and practices of Sleepy's described herein were/are breaches of contract;

F. An order determining that the acts and practices of Defendants described herein were/are violations of the common-law principal of negligent misrepresentation;

G. An order determining that the acts and practices of Defendants described herein were/are violations of the common-law principal of fraud and deceit;

H. An order determining that the acts and practices of Sleepy's and/or Capitol described herein have caused the Sleepy's to be unjustly enriched;

I. An order issuing declaratory judgment in accordance with the relief sought herein;

J. An order determining the applicable statute of limitations to be determined on any or all of the successful causes of action set forth herein;

K. An order stating that Defendants should be permanently enjoined from continuing the practice which is the subject matter of this civil action;

L. An order determining that Khun and the Class are entitled to damages, and the proper measure of damages; and

M. An order awarding Khun and the Class any further relief as may be just and appropriate.

## **JURY DEMAND**

Khun, on behalf of herself and all other similarly situated individuals hereby demands trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully submitted,                              DATED:  11/3//6
Plaintiff,
By her Attorneys,

John R. Yasi, Esq.
BBO # 556904
jyasi@forrestlamothe.com
Michael C. Forrest, Esq.
BBO# 681401
mforrest@forrestlamtohe.com
Brian P. McNiff, Esq.
BBO# 691655
bmcniff@forrestlamothe.com
Forrest, LaMothe, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 110-3409C | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** DIANNA KHUN, on behalf of herself and all others similarly situated

**ADDRESS**

**COUNTY**
Suffolk

**DEFENDANT(S):** SLEEPY'S LLC and

CMC ACQUISITIONS CORPORATION, d/b/a CAPITOL MARKETING CONCEPTS, INC.

**ATTORNEY:** John R. Yasi, Esq

**ADDRESS** Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C.

2 Salem Green, Suite 2

Salem, MA 01970

BBO #556904

**ADDRESS**

Sleepy's LLC : c/o CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

Capitol Marketing Concepts, Inc.: 696 1st Avenue N., Suite 400, St. Petersburg, FL 33701

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other | F | [x] YES   [ ] NO |

*If "Other" please describe: Claims alleging unfair and deceptive promotional product scheme

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $ _____
2. Total doctor expenses ................................................................... $ _____
3. Total chiropractic expenses ......................................................... $ _____
4. Total physical therapy expenses ................................................. $ _____
5. Total other expenses (describe below) ....................................... $ _____
Subtotal $ _____

B. Documented lost wages and compensation to date ....................................... $ _____
C. Documented property damages to dated ...................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ..................... $ _____
E. Reasonably anticipated lost wages ............................................................... $ _____
F. Other documented items of damages (describe below) ................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Claims arising from Defendants' alleged employment of an unlawful proportional purchase scheme involving gift cards.

TOTAL: $   3,000,000.00

Signature of Attorney/Pro Se Plaintiff: X                    Date: 11/3/16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                    Date: 11/3/16