# EXHIBIT B



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

null / ALL
Transmittal Number: 16033259
Date Processed: 12/27/2016

| | |
|---|---|
| Primary Contact: | Adam Blank<br>Sleepy's, Inc.<br>1000 S Oyster Bay Rd<br>Hicksville, NY 11801 |
| Electronic copy provided to: | Marialana Morvillo<br>Amy Biel |

| | |
|---|---|
| Entity: | Sleepy's, LLC<br>Entity ID Number 2606654 |
| Entity Served: | Sleepy's, LLC |
| Title of Action: | Dianna Khun vs. Sleepy's, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Suffolk County Superior Court, Massachusetts |
| Case/Reference No: | SUCV2016-03409-BLS1 |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 12/23/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | John R. Yassi<br>617-231-7829 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2016-03409-BLS1

DIANNA KHUN, on behalf of herself
and all others similarly situated , Plaintiff(s)

v.

SLEEPY'S, LLC and CMC ACQUISITION
CORPORATION, d/b/a CAPITOL MARKETING
CONCEPTS, INC. , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: Sleepy's, LLC

You are hereby summoned and required to serve upon John R. Yasi, Esq.

plaintiff's attorney, whose address is 2 Salem Green, Salem, MA  01970 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the __thirteenth__ day of December __, in the year of our Lord two thousand sixteen __.

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest:
12/23/16
Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P.1 10M–5/16

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 201____.                    _____

**N.B.    TO PROCESS SERVER: —**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

> _____, 201 .

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. SUCV2016-03409-BLS1

DIANNA KHUN, on behalf of herself and
all others similarly situated,
        Plaintiff,

        vs.

SLEEPY'S, LLC and CMC ACQUISITION
CORPORATION, d/b/a CAPITOL
MARKETING CONCEPTS, INC.,
        Defendants.

## PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AN DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

Plaintiff, Dianna Khun, ("Khun" or "Plaintiff") alleges that Sleepy's, LLC ("Sleepy's") and CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc. ("Capitol") (collectively "Defendants") have engaged in an unlawful scheme whereby Defendants advertised that if a consumer bought certain qualifying Sleepy's products the consumer would be entitled to a gift card of varying, yet significant value. However, despite Defendants' advertising and representations to the public and consumers at large, Sleepy's and Capitol purposefully concealed all of the relevant material conditions, limitations and restrictions associated with the gift cards (as required by federal regulation and Massachusetts statutory and regulatory law) in order to induce customers into purchasing products from Sleepy's, but limiting consumers' redemption and use of the same.

As a result of this misleading scheme, Khun alleges that Sleepy's and Capitol have reaped significant financial benefit and caused substantial damage to consumers.

## PARTIES

1. Plaintiff, Dianna Khun is an individual who at times relevant hereto has resided/resides in Essex County, Massachusetts.

2. Defendant, Sleepy's LLC is a foreign limited liability company, formed under the laws of the state of Delaware, with a principal office in the Commonwealth located in Franklin, Massachusetts and a registered agent located in Boston, Massachusetts. At all times, relevant hereto, Sleepy's was engaged in the business of selling retail bedding products to consumers throughout the Commonwealth of Massachusetts.

3. Defendant, CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc. is a foreign corporation organized under the laws of the State of Missouri, with its corporate headquarters located in Hazelwood, Missouri and a principal office located in St. Petersburg, Florida. At all times, relevant hereto, Capitol was engaged in the business of managing and offering sales promotions throughout the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Sleepy's LLC as it maintains a principal office and registered agent in Massachusetts. This Court also has personal jurisdiction over Sleepy's by virtue of its transactions, marketing, advertising and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

5. This Court has personal jurisdiction over CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc. by its transactions, marketing, advertising and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

6. Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Khun and the putative class because the claims for damages exceed twenty-five thousand dollars ($25,000.00).

7. Venue in this matter is proper as Sleepy's maintains a registered agent located in Suffolk County, Massachusetts.

## FACTUAL ALLEGATIONS

8. Sleepy's is/was engaged in the business of selling retail bedding products to consumers throughout the Commonwealth of Massachusetts.

9. On or before May 30, 2016, Sleepy's offered promotional gift cards in connection with purchasing qualifying products.

10. At various times, Sleepy's offered promotional gift cards in connection with purchasing qualifying products.

11. Capitol manages and provides promotional support to Sleepy's in connection with consumer promotions offered by Sleepy's.

12. Capitol served as Sleepy's agent at all times relevant hereto.

13. On May 30, 2016, Khun purchased from Sleepy's: (1) One Flex Supreme Breeze Queen Split Set; (2) Two Tempur Flat 30X80 Box Springs; (3) Two Standard Aspire 3.0 Pillows; and (4) One Queen Bedgear Waterproof Mattress Protector ("Purchase"). See, Exhibit 1 (*Khun Purchase Contract*) ("Contract").

14. On or before May 30, 2016, Sleepy's advertised that the purchaser of a Flex Supreme Breeze mattress was entitled to a promotional gift card ("Promotion").

15. Capitol advertised, on behalf of Sleepy's, that the purchaser of a Flex Supreme Breeze mattress was entitled to a promotional gift card.

3

16. At all times relevant hereto, Capitol managed and provided Sleepy's with support for the Promotion as Sleepy's agent.

17. None of the in-store advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

18. None of the advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

19. Prior to her Purchase, neither Defendant provided Khun with information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

20. Defendants did not inform Khun that she had a limited time in which to redeem the Promotion Gift Card prior to her Purchase.

21. Defendants did not inform Khun that she had a limited time in which to use the Promotion Gift Card.

22. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use prior to her Purchase.

23. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use.

24. Khun relied upon the representations actually made as part of the Promotion in making her Purchase.

25. The Promotion, and the benefit to be provided thereunder, served as a factor Khun relied upon in

making her Purchase.

26. As part of her purchase, Khun was entitled to a $300 Promotional Gift Card in connection with the Flex Supreme Breeze mattress she purchased. See, Exhibit 1.

27. Khun's Contract with Sleepy's entitled her to a $300 Promotional Gift Card in connection with the Flex Supreme Breeze mattress she purchased. See, Exhibit 1.

28. On June 27, 2016, Khun attempted to redeem her Promotional Gift Cards by selecting two (2) $150.00 Toys R Us gift cards ("Promotional Gift Cards").

29. On June 27, 2016, Khun received confirmation from Sleepy's agent, Capitol, indicating, "Congratulations you have redeemed your reward card on http://selectyourcard.biz." See, Exhibit 2 (*Two Email Confirmations of Promotion Redemption*); see also, Exhibit 3 (*Two Screenshots of Confirmation of Promotion Redemption*).

30. As of August 22, 2016, Khun had not received the Promotional Gift Cards from Defendants.

31. In response to an inquiry into why Khun had yet to receive her Promotional Gift Cards, an employee of Capitol incorrectly represented that the Promotional Gift Cards had never been redeemed online.

32. In response to an inquiry into why Khun had yet to receive her Promotional Gift Cards, an employee of Capitol represented that the Promotional Gift Cards had never been redeemed online.

33. On August 22, 2016, Capitol allegedly sent Khun links, which links were re-enabled so that Khun could again attempt to redeem her Promotional Gift Cards.

34. On August 22, 2016, Capitol sent Khun links, which links were re-enabled so that Khun could again attempt to redeem her Promotional Gift Cards.

35. On August 24, 2016, Capitol allegedly sent Khun links, which links were re-enabled so that Khun could again attempt to redeem her Promotional Gift Cards.

36. On August 24, 2016, Capitol sent Khun links, which links were re-enabled so that Khun could again attempt to redeem her Promotional Gift Cards.

37. On or about September 28, 2016, Khun again attempted to redeem the Promotional Gift Cards.

38. On or about September 28, 2016, Khun was informed by Capitol that the Promotional Gift Cards were no longer redeemable as the redemption period had expired on September 23, 2016.

39. Kuhn was not informed, prior to the Purchase, that she was required to redeem her Promotional Gift Cards within thirty days of the date of the qualifying purchase.

40. Kuhn was required to redeem her Promotional Gift Cards within thirty days of the date of the qualifying purchase.

41. Kuhn was not informed, prior to Purchase, that Kuhn's Promotional Gift Cards were only valid and redeemable for six (6) months from the last date of the previously undisclosed redemption period.

42. Kuhn's Promotional Gift Cards were only valid and redeemable for six (6) months from the last date of the redemption period.

43. Customers were not informed, prior to their respective purchases, that they were required to redeem their Promotional Gift Cards within thirty days of the date of the qualifying purchase.

44. Customers who were entitled to Promotional Gift Cards were required to redeem said gift card within thirty days of the date of qualifying purchase.

45. Customers were not informed, prior to their respective purchases, that their promotional gift cards were only valid and redeemable for six (6) months from the last date of the

6

previously undisclosed redemption period.

46. Customer's Promotional Gift Cards were only valid and redeemable for six (6) months from the last date of the redemption period.

47. According to the undisclosed terms associated with the Promotional Gift Cards, Kuhn was required to redeem her Promotional Gift Cards within thirty (30) days of the date of the qualifying purchase.

48. According to the undisclosed terms associated with the Promotional Gift Cards Kuhn's Promotional Gift Cards were only valid and redeemable for six (6) months from the last date of the redemption period.

49. According to the undisclosed terms associated with the promotional gift cards, Customers who were entitled to promotional gift cards were required to redeem said gift card within thirty (30) days of the date of qualifying purchase.

50. According to the undisclosed terms associated with the promotional gift cards Customer's promotional gift cards were only valid and redeemable for six (6) months from the last date of the redemption period.

51. Khun has not been provided the $300 in Promotional Gift Card(s) she was entitled to as part of her Purchase.

52. Khun has not received the $300 in Promotional Gift Card(s) she was entitled to as part of her Purchase.

53. 940 CMR 6.05(16) states in pertinent part:

> [i]t is an unfair or deceptive act for a seller to state or imply that any product is being offered for free or at a reduced price (a gift) in conjunction with another product (primary product) *unless . . .[t]he seller clearly and conspicuously discloses in the advertisement all material conditions or limitations imposed by the seller as a prerequisite to receipt of or on the use of the gift...* . (emphasis added).

7

54. Defendants failed to clearly and conspicuously discloses, in their Promotional advertisement(s) all material conditions or limitations imposed by Sleepy's and/or Capitol as a prerequisite to receipt of or on the use of the Promotional Gift Card(s) to Khun and other similarly situated consumers.

55. 940 CMR 3.05 states in pertinent part:

> No claim or representation shall be made by any means concerning a product which directly, or by implication, or by failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect.

56. Defendants generally misrepresented the terms and conditions of the Promotion to Khun and other similarly situated consumers by failing to adequately disclose the terms of redemption, and use of, promotion gift cards issued as part of the Promotion.

57. Defendants' failure to adequately disclose the terms of redemption, and use of, promotional gift cards issued as part of the Promotion had the tendency or effect of materially deceiving buyers or prospective buyers.

58. 940 CMR 3.02(2) states in pertinent part:

> No statement or illustration shall be used in any advertisement which creates a false impression of the grade, quality, make, value, currency of model, size, color, usability, or origin of the product offered, *or which may otherwise misrepresent the product in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised product to another.* Even though the true facts are subsequently made known to the buyer, the law is violated if the first contact or interview is secured by deception. (emphasis added).

59. Defendants misrepresented the Promotion, and sale of qualifying items, in such a manner that later, on disclosure of the true facts, there was a likelihood that the Khun and other similarly situated consumers may have switched from the advertised qualifying products to another.

60. 12 CFR 205.20 is a federal regulation which mandates the disclosure requirements (limitations) associated with the issuance of gift cards and promotional cards.

61. 12 CFR 205.20 requires that material limitations and expiration dates of gift cards and promotional cards be made in a clear and conspicuous manner.

62. Defendants did not provide Khun or other similarly situated Sleepy's customers with material limitations and expiration dates of gift cards and promotional cards in a clear and conspicuous manner.

63. Defendants have acted in the same manner set forth herein, with respect to numerous other similarly situated Sleepy's customers.

64. Defendants acts and omissions associated with the Promotion, as set forth herein, negatively affected Khun and numerous other similarly situated individuals.

65. Defendants limited the redemption period of other similarly situated individuals promotional gift cards without first disclosing the restrictions or time for redemption of the same.

66. Defendants provided limited period use gift cards to other similarly situated individuals without first disclosing the restrictions or time for redemption of the same.

67. Upon information and belief, Sleepy's and Capitol have jointly offered and advertised numerous promotions involving similar promotional gift card offers.

68. Upon information and belief, Sleepy's and Capitol have engaged in advertising and marketing which failed to disclose material restrictions on the use of the gifts, including but not limited to, the time of redemption and term of expiration of similar promotional gift cards.

69. At all times relevant hereto Sleepy's was engaged in trade and commerce as defined by M.G.L. c. 93A.

70. At all times relevant hereto Capitol was engaged in trade and commerce as defined by M.G.L. c.

93A.

71. On November 1, 2016, Khun, through counsel, forwarded the requisite class-wide consumer protection act demand letter to Defendants. See, Exhibit 4.

72. On November 3, Capitol received Khun's class-wide consumer protection act demand letter. See, Exhibit 5 (*Copy of Green Card Receipts*).

73. On November 4, Sleepy's received Khun's class-wide consumer protection act demand letter. See, Exhibit 5 (*Copy of Green Card Receipts*).

74. Sleepy's failed to timely respond to Khun's class-wide consumer protection act demand letter.

75. Sleepy's failed to respond reasonably to Khun's class-wide consumer protection act demand letter.

76. Capitol failed to timely respond to Khun's class-wide consumer protection act demand letter.

77. Capitol failed to respond reasonably to Khun's class-wide consumer protection act demand letter.

78. Sleepy's did not make reasonable offer of settlement in response to Khun's class-wide consumer protection act demand letter.

79. Capitol did not make reasonable offer of settlement in response to Khun's class-wide consumer protection act demand letter.

80. As a result of Defendants acts and omissions as set forth herein, Khun and other similarly situated Sleepy's customers have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which Khun and others were entitled in connection with the qualifying transactions with Sleepy's, as well as the reduced value

or fully extinguished value, of the promotional gift cards.

## CLASS ALLEGATIONS

81. Khun repeats and re-alleges the allegations set forth above.

82. Khun brings this action on behalf of herself and a class of other persons similarly situated

pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 93A.

83. The class ("Class" or "Class Member") consists of:

    A.  All persons who made a qualifying promotional purchase at a Sleepy's retail
        location, or online, and were entitled to a promotional gift card by Sleepy's
        as part of their purchase; and

    B.  All persons who were entitled to a promotional gift card as part of a
        promotion which promotion did not disclose that a customers' redemption
        of the associated promotional gift cards were subject to restrictions,
        including, but not limited to, a time restriction for redemption and use.

        Excluded from the Class are all past and present employees, agents, officers,
        and directors of Sleepy's or Capitol and persons who have released Sleepy's
        or Capitol from liability for claims associated with the distribution and
        redemption of promotional gift card promotions.

84. The members of the Class are so numerous that joinder of all members would be

impracticable.

85. Defendants have engaged in a single course of conduct with regard to, and which harmed,

all members of the Class.

86. Common issues of fact and law predominate over any issues peculiar to individual class

members. The principal common issues are:

    A.  Whether Defendants were required to provide certain information and disclosures

        to Khun and the Class prior to qualifying promotional purchases;

    B.  Whether Defendants were required to provide certain information and disclosures

        in advertising materials relating to promotional purchase programs;

C.  Whether the practices of Defendants alleged herein constitute violations of law, including but not limited to: 940 CMR 6.05(16); 940 CMR 3.02(2); 940 CMR 305; 940 CMR 3.16; 12 CFR 205.20; and/or M.G.L. c. 93A, § 2;·

D.  Whether the practices of Sleepy's alleged herein constitute breaches of contract;

E.  Whether the practices of Defendants alleged herein constitute violations of the common-law principal of negligent misrepresentation;

F.  Whether the practices of Defendants alleged herein constitute fraud and deceit;

G.  Whether the practices of Sleepy's alleged herein constitute unjust enrichment;

H.  Whether Capitol acted as Sleepy's agent with regard to the management and support of the Promotion and/or other similar gift card promotions;

I.  Whether the Defendants are jointly or severally liable for the causes of action complained of herein;

J.  Whether Sleepy's engages in trade or commerce in Massachusetts;

K.  Whether Capitol engages in trade or commerce in Massachusetts;

L.  Whether Defendants' acts and omissions alleged herein were committed willfully, knowingly and/or in bad faith.

87. Khun's claim is typical of the claims of the Class as all claims are based on the same legal theory, and all arise from the same course of conduct.

88. Khun will fairly and adequately protect the interests of all Class Members and is committed to a vigorous and successful prosecution of this action.

89. Khun has retained counsel experienced in the litigation of consumer rights cases, including consumer class actions.

90. Neither Khun nor counsel have any interest or conflict that might cause them to not

vigorously pursue this action.

91. A class action is superior to other available methods for the fair and efficient adjudication
of this controversy, since:

    A. The financial harm suffered by individual class members is such that it would be
economically unfeasible for them to individually litigate their claims;

    B. The factual and legal issues common to all class members far outweigh any
individual questions;

    C. The prosecution of separate lawsuits by individual class members would entail the
risk of inconsistent and conflicting adjudications; and

    D. There will be no unusual or extraordinary management difficulties in administering
this case as a class action.

## COUNT I
## VIOLATION OF M.G.L. c. 93A, § 2
### (Khun and the Class v. Defendants)

92. Khun repeats and re-alleges the allegations set forth above.

93. With regard to the Defendants' joint liability, Khun repeats and re-alleges the allegations
set forth above in ¶¶ 11-12; and 15-16.

94. With regard to the facts of Khun's Purchase and the Promotion, Khun repeats and re-alleges
the allegations set forth above in ¶¶ 8-68.

95. With regard to the facts concerning the requisite M.G.L. c. 93A class-wide demand and
Defendants unreasonable response, Khun repeats and re-alleges the allegations set forth
above in ¶¶ 69-75.

96. The Promotion and distribution of the Promotional Gift Cards constituted an unfair and
deceptive business practice.

97. The Promotion unfairly and deceptively deceived Khun and other Class Members into believing they were receiving an unrestricted Promotional Gift Card.

98. The Promotion constitutes a violation of M.G.L. c. 93A, § 2.

99. None of the in-store advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

100. None of the advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

101. Prior to her Purchase, neither Defendant provided Khun with information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

102. Defendants did not inform Khun that she had a limited time in which to redeem the Promotional Gift Card(s) prior to her Purchase.

103. Defendants did not inform Khun that she had a limited time in which to use the Promotional Gift Card(s).

104. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use prior to her Purchase.

105. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use.

106. Khun relied upon the representations actually made as part of the Promotion in making her Purchase.

107. The Promotion, and the benefit to be provided thereunder, served as a factor Khun relied upon in making her Purchase.

108. Defendants unfairly and deceptively provided the details of the Promotion to Khun.

109. Defendants' omissions regarding limited time in which to redeem the Promotional Gift Card(s) constituted an unfair and deceptive act.

110. Defendants' omissions regarding limited time in which to use the Promotional Gift Card(s) constituted an unfair and deceptive act.

111. Defendants' omissions/misrepresentations described herein constituted violations of M.G.L. c. 93A, § 2.

112. Khun relied upon Defendants' unfair and deceptive representations as set forth herein.

113. As a result of Defendants' Defendants' unfair and deceptive representations as set forth herein Khun entered into her Contract.

114. Defendants financially benefited from the Purchase and Khun's Contract.

115. Defendants have made similar unfair and deceptive representations to Class Members in connection with qualifying promotional purchases.

116. Class Members have relied upon Defendants' unfair and deceptive representations to their detriment.

117. As a result of Defendants' unfair and deceptive representations as set forth herein Class Members have made qualifying promotional purchases.

118. Defendants have financially benefited from Class Members' qualifying promotional purchases.

119. Defendants unfair and deceptive acts and practices were committed willfully, knowingly and/or in bad faith.

120. As a result of Defendants' unfair and deceptive representations, act and practices, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

121. As a result of Defendants' unfair and deceptive representations, act and practices, as set forth herein, Khun and Class Members have suffered harm and damages.

122. As a result of Defendants' unfair and deceptive representations, act and practices, as set forth herein, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

WHEREFORE, Khun respectfully requests that this Court enter judgment against Defendants for their violations of M.G.L. c. 93A, § 2 and award multiple damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of herein, and that the Court award court costs and attorneys' fees.

### COUNT II
### VIOLATION OF M.G.L. c. 93A, § 2
#### For Violations of 940 CMR 6.05(16)
#### (Khun and the Class v. Defendants)

123. Khun repeats and re-alleges the allegations set forth above.

124. With regard to the Defendants' joint liability, Khun repeats and re-alleges the allegations set forth above in ¶¶ 11-12; and 15-16.

125. With regard to the facts of Khun's Purchase and the Promotion, Khun repeats and re-alleges the allegations set forth above in ¶¶ 8-68.

126. With regard to the facts concerning the requisite M.G.L. c. 93A class-wide demand and Defendants unreasonable response, Khun repeats and re-alleges the allegations set forth above in ¶¶ 69-75.

127. 940 CMR 6.05(16) states in pertinent part:

> [i]t is an unfair or deceptive act for a seller to state or imply that any product is being offered for free or at a reduced price (a gift) in conjunction with another product (primary product) *unless . . .[t]he seller clearly and conspicuously discloses in the advertisement all material conditions or limitations imposed by the seller as a prerequisite to receipt of or on the use of the gift....* (emphasis added).

128. Defendants failed to clearly and conspicuously discloses, in their Promotional advertisement(s) all material conditions or limitations imposed by Sleepy's and/or Capitol as a prerequisite to receipt of or on the use of the Promotional Gift Card(s) to Khun and other Class Members.

129. A violation of 940 CMR 6.05(16) constitutes a *per se* violation of M.G.L. c. 93A, § 2.

130. Defendants' acts and practices as set forth herein were committed willfully, knowingly and/or in bad faith.

131. Defendants failure to clearly and conspicuous disclose all material conditions or limitations imposed by the seller as a prerequisite to receipt of or on the use of the gift in connection with the Promotion constituted a violations of 940 CMR 6.05(16) and M.G.L. c. 93A, § 2.

132. As a result of Defendants' violations of 940 CMR 6.05(16) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

133. As a result of Defendants' violations of 940 CMR 6.05(16) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered harm and damages.

134. As a result of Defendants' violations of 940 CMR 6.05(16) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

> **WHEREFORE,** Khun respectfully requests that this Court enter judgment against Defendants for their violations of 940 CMR 6.05(16) and M.G.L. c. 93A, § 2 and award



multiple damages to adequately compensate Khun and members of the Class. Khun also

requests that the Court order Defendants cease and desist the practices complained of

herein, and that the Court award court costs and attorneys' fees.

**COUNT III**
**VIOLATION OF M.G.L. c. 93A, § 2**
**For Violations of 940 CMR 3.02(2)**
**(Khun and the Class v. Defendants)**

135. Khun repeats and re-alleges the allegations set forth above.

136. With regard to the Defendants' joint liability, Khun repeats and re-alleges the allegations

set forth above in ¶¶ 11-12; and 15-16.

137. With regard to the facts of Khun's Purchase and the Promotion, Khun repeats and re-alleges

the allegations set forth above in ¶¶ 8-68.

138. With regard to the facts concerning the requisite M.G.L. c. 93A class-wide demand and

Defendants unreasonable response, Khun repeats and re-alleges the allegations set forth

above in ¶¶ 69-75.

139. 940 CMR 3.02(2) states in pertinent part:

> No statement or illustration shall be used in any advertisement which creates a
> false impression of the grade, quality, make, value, currency of model, size,
> color, usability, or origin of the product offered, *or which may otherwise*
> *misrepresent the product in such a manner that later, on disclosure of the true*
> *facts, there is a likelihood that the buyer may be switched from the advertised*
> *product to another.* Even though the true facts are subsequently made known to
> the buyer, the law is violated if the first contact or interview is secured by
> deception. (emphasis added).

140. The Promotion and the associated advertisements created creates a false impression of the

grade, quality, make, value, currency of model, size, color, usability, and/or origin of the

Promotion offered.

141. The Promotion and the associated advertisements misrepresent the terms of the Promotion in

18

such a manner that later, on disclosure of the true facts, there is a likelihood that Class Members may have switched from the advertised product to another.

142. A violation of 940 CMR 3.02(2) constitutes a *per se* violation of M.G.L. c. 93A, § 2.

143. Defendants' acts and practices as set forth herein were committed willfully, knowingly and/or in bad faith.

144. Khun and Class Members relied upon the incorrect and/or misleading information Defendants provide in relation to the Promotion.

145. A reasonable consumer would be negatively affected by the incorrect and/or misleading information Defendants provided in relation to the Promotion.

146. Defendants' acts and omissions with regard to the Promotion, as set forth herein, constituted a violations of 940 CMR 3.02(2) and M.G.L. c. 93A, § 2.

147. As a result of Defendants' violations of 940 CMR 3.02(2) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

148. As a result of Defendants' violations of 940 CMR 3.02(2) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered harm and damages.

149. As a result of Defendants' violations of 940 CMR 3.02(2) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

WHEREFORE, Khun respectfully requests that this Court enter judgment against Defendants for their violations of 940 CMR 3.02(2) and M.G.L. c. 93A, § 2 and award multiple damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of

herein, and that the Court award court costs and attorneys' fees.

**COUNT IV**
**VIOLATION OF M.G.L. c. 93A, § 2**
**For Violations of 940 CMR 3.05**
**(Khun and the Class v. Defendants)**

150. Khun repeats and re-alleges the allegations set forth above.

151. With regard to the Defendants' joint liability, Khun repeats and re-alleges the allegations

set forth above in ¶¶ 11-12; and 15-16.

152. With regard to the facts of Khun's Purchase and the Promotion, Khun repeats and re-alleges

the allegations set forth above in ¶¶ 8-68.

153. With regard to the facts concerning the requisite M.G.L. c. 93A class-wide demand and

Defendants unreasonable response, Khun repeats and re-alleges the allegations set forth

above in ¶¶ 69-75.

154. 940 CMR 3.05 states in pertinent part:

> No claim or representation shall be made by any means concerning a
> product which directly, or by implication, or by failure to adequately
> disclose additional relevant information, has the capacity or tendency or
> effect of deceiving buyers or prospective buyers in any material respect.

155. Defendants acts and omissions as set forth herein directly, and/or by implication, failed

to adequately disclose additional relevant information, which had the capacity or

tendency or effect of deceiving Khun and Class Members or prospective buyers in any

material respect.

156. A violation of 940 CMR 3.05 constitutes a *per se* violation of M.G.L. c. 93A, § 2.

157. Defendants' acts and practices as described herein constitute violations of 940 CMR 3.05

and M.G.L. c. 93A, § 2.

158. Defendants' acts and practices as set forth herein were committed willfully, knowingly and/or in bad faith.

159. As a result of Defendants' violations of 940 CMR 3.05 and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

160. As a result of Defendants' violations of 940 CMR 3.05 and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered harm and damages.

161. As a result of Defendants' violations of 940 CMR 3.05 and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

WHEREFORE, Khun respectfully requests that this Court enter judgment against Defendants for their violations of 940 CMR 3.05 and M.G.L. c. 93A, § 2 and award multiple damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of herein, and that the Court award court costs and attorneys' fees.

## COUNT V
### VIOLATION OF M.G.L. c. 93A, § 2
#### For Violations of 940 CMR 3.16(2)
#### (Khun and the Class v. Defendants)

162. Khun repeats and re-alleges the allegations set forth above.

163. With regard to the Defendants' joint liability, Khun repeats and re-alleges the allegations set forth above in ¶¶ 11-12; and 15-16.

164. With regard to the facts of Khun's Purchase and the Promotion, Khun repeats and re-alleges the allegations set forth above in ¶¶ 8-68.

21

165. With regard to the facts concerning the requisite M.G.L. c. 93A class-wide demand and Defendants unreasonable response, Khun repeats and re-alleges the allegations set forth above in ¶¶ 69-75.

166. 940 CMR 3.16(2) states in pertinent part:

> Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c.93A, § 2 if:

> Any person or other legal entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction; or...

167. A violation of 940 CMR 3.16(2) constitutes a *per se* violation of M.G.L. c. 93A, § 2.

168. Defendants acts and omissions related to the Promotion, as set forth herein, failed to disclose to Khun, Class Members and prospective buyers, facts, the disclosure of which would have influenced the Khun, Class Members or prospective buyers not to enter into Promotional transactions.

169. Defendants' acts and practices as described herein constitute violations of 940 CMR 3.16(2) and M.G.L. c. 93A, § 2.

170. Defendants' acts and practices as set forth herein were committed willfully, knowingly and/or in bad faith.

171. As a result of Defendants' violations of 940 CMR 3.16(2) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

172. As a result of Defendants' violations of 940 CMR 3.16(2) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered harm and damages.

173. As a result of Defendants' violations of 940 CMR 3.16(2) and M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered financial harm, including but not limited

to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

**WHEREFORE,** Khun respectfully requests that this Court enter judgment against Defendants for their violations of 940 CMR 3.16(2) and M.G.L. c. 93A, § 2 and award multiple damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of herein, and that the Court award court costs and attorneys' fees.

**COUNT VI**
**VIOLATION OF M.G.L. c. 93A, § 2**
**For Violations of 12 CFR 205.20**
**(Khun and the Class v. Defendants)**

174. Khun repeats and re-alleges the allegations set forth above.

175. With regard to the Defendants' joint liability, Khun repeats and re-alleges the allegations set forth above in ¶¶ 11-12; and 15-16.

176. With regard to the facts of Khun's Purchase and the Promotion, Khun repeats and re-alleges the allegations set forth above in ¶¶ 8-68.

177. With regard to the facts concerning the requisite M.G.L. c. 93A class-wide demand and Defendants unreasonable response, Khun repeats and re-alleges the allegations set forth above in ¶¶ 69-75.

178. 12 CFR 205.20 is a federal regulation which mandates the disclosure requirements (limitations) associated with the issuance of gift cards and promotional cards.

179. 12 CFR 205.20 requires that material limitations and expiration dates of gift cards and promotional cards be made in a clear and conspicuous manner.

180. Defendants did not provide Khun or other Class Memebrs with material limitations and

23

expiration dates of gift cards and promotional cards in a clear and conspicuous manner.

181. A violation of 12 CFR 205.20 constitutes a violation of M.G.L. c. 93A, § 2.

182. Defendants violations of 12 CFR 205.20, as set forth herein, constitute violations of a Federal consumer protection statute within the purview of M.G.L. c. 93A, § 2.

183. Defendants violations of 12 CFR 205.20, as set forth herein, constitute violations of 940 CMR 3.16(4).

184. A violation of 940 CMR 3.16(4) constitutes a *per se* violation of M.G.L. c. 93A, § 2.

185. As a result of Defendants' violations of 12 CFR 205.20; 940 CMR 3.16(4) and/or M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

186. As a result of Defendants' violations of 12 CFR 205.20; 940 CMR 3.16(4) and/or M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered harm and damages.

187. As a result of Defendants' violations of 12 CFR 205.20; 940 CMR 3.16(4) and/or M.G.L. c. 93A, § 2, as set forth herein, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

    WHEREFORE, Khun respectfully requests that this Court enter judgment against Defendants for their violations of 12 CFR 205.20; 940 CMR 3.16(4) and/or M.G.L. c. 93A, § 2 and award multiple damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of herein, and that the Court award court costs and attorneys' fees.

## COUNT VII
## BREACH OF CONTRACT

24

**(Khun and the Class v. Sleepy's)**

188. Khun repeats and re-alleges the allegations set forth above.

189. Sleepy's offered to provide Khun with a mattress and associated Promotional Gift Card(s) as part of her Purchase.

190. The offer of the Promotional Gift Card was made without any material restrictions on the use of the Promotional Gift Card(s), including but not limited to, the time of redemption or term of expiration of the same.

191. Khun accepted Sleepy's offer by entering into the Contract, and making her Purchase.

192. Sleepy's breached its contract with Khun by failing to provide Khun with her Promotional Gift Cards.

193. Sleepy's breached its contract with Khun by failing to provide Khun with her Promotional Gift Cards without any material restrictions on the time of redemption or term of expiration of the same.

194. Sleepy's offered to provide Class Members with certain qualifying products and promotional gift cards as part of their purchases.

195. The offer of the promotional gift cards to Class Members was made without any material restrictions on the use of the Promotional Gift Card(s), including but not limited to, the time of redemption or term of expiration of the same.

196. Class Members accepted Sleepy's offer by entering into the contracts with Sleepy's, and making their qualifying purchases.

197. Sleepy's breached its contract with Class Members by failing to provide them with their promotional gift cards.

198. Sleepy's breached its contract with Class Members by failing to provide them with their promotional gift cards without any material restrictions on the time of redemption or term of

expiration of the same.

199. As a result of Sleepy's breach(es) of contract, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

200. As a result of Sleepy's breach(es) of contract, Khun and Class Members have suffered harm and damages.

201. As a result of Sleepy's breach(es) of contract, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

**WHEREFORE**, Khun respectfully requests that this Court enter judgment against Sleepy's for its breach(es) of contract and award damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Sleepy's cease and desist the practices complained of herein, and that the Court award damages, court costs and attorneys' fees.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION
### (Khun and the Class v. Defendants)

202. Khun repeats and re-alleges the allegations set forth above.

203. Sleepy's often offers promotional gift cards in connection with purchasing qualifying products.

204. Capitol manages and provides promotional support to Sleepy's in connection with consumer promotions offered by Sleepy's.

205. Capitol served as Sleepy's agent at all times relevant hereto.

206. None of the in-store advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift

cards issued as part of the Promotion.

207. None of the advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

208. Prior to her Purchase, neither Defendant provided Khun with information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

209. Defendants did not inform Khun that she had a limited time in which to redeem the Promotional Gift Card(s) prior to her Purchase.

210. Defendants did not inform Khun that she had a limited time in which to use the Promotional Gift Card(s).

211. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use prior to her Purchase.

212. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which the Promotional Gift Cards would be considered valid for use.

213. Khun relied upon the representations actually made as part of the Promotion in making her Purchase.

214. The Promotion, and the benefit to be provided thereunder, served as a factor Khun relied upon in making her Purchase.

215. Defendants did not exercise reasonable care or competence in providing the details of the Promotion to Khun.

216. Defendants' omissions regarding limited time in which to redeem the Promotional Gift Card(s)

constituted a misrepresentation.

217. Defendants' omissions regarding limited time in which to use the Promotional Gift Card(s) constituted a misrepresentation.

218. Defendants' omissions/misrepresentations described herein constituted false statements of material fact.

219. Khun relied upon Defendants' omissions/misrepresentations as set forth herein.

220. As a result of Defendants' omissions/misrepresentations as set forth herein Khun entered into her Contract.

221. Defendants financially benefited from the Purchase and Khun's Contract.

222. Defendants have made similar omissions/misrepresentations to Class Members in connection with qualifying promotional purchases.

223. Class Members have relied upon Defendants' omissions/misrepresentations to their detriment.

224. As a result of Defendants' omissions/misrepresentations as set forth herein Class Members have made qualifying promotional purchases.

225. Defendants have financially benefited from Class Members' qualifying promotional purchases.

226. As a result of Defendants' omissions/misrepresentations, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

227. As a result of Defendants' omissions/misrepresentations, Khun and Class Members have suffered harm and damages.

228. As a result of Defendants' omissions/misrepresentations, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full

28

value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

WHEREFORE, Khun respectfully requests that this Court enter judgment against Defendants for general misrepresentation and award damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of herein, and that the Court award damages, court costs and attorneys' fees.

### COUNT IX
### FRAUD AND DECEIT
### (Khun and the Class v. Defendants)

229. Khun repeats and re-alleges the allegations set forth above.

230. Sleepy's often offers promotional gift cards in connection with purchasing qualifying products.

231. Capitol manages and provides promotional support to Sleepy's in connection with consumer promotions offered by Sleepy's.

232. Capitol served as Sleepy's agent at all times relevant hereto.

233. None of the in-store advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

234. None of the advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift cards issued as part of the Promotion.

235. Prior to her Purchase, neither Defendant provided Khun with information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card issued as part of the Promotion.

236. Defendants did not inform Khun that she had a limited time in which to redeem the Promotional Gift Card prior to her Purchase.

237. Defendants did not inform Khun that she had a limited time in which to use the Promotional Gift Card.

238. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which they would be considered valid for use prior to her Purchase.

239. Defendants did not inform Khun that the Promotional Gift Cards had a limited, and undisclosed, period in which they would be considered valid for use.

240. Khun relied upon the representations actually made as part of the Promotion in making her Purchase.

241. The Promotion, and the benefit to be provided thereunder, served as a factor Khun relied upon in making her Purchase.

242. The requisite information Defendants omitted with regard to the redemption and use of the Promotional Gift Card(s) constituted a knowing false statement of material fact.

243. Defendants knowingly omitted information with regard to the redemption and use of the Promotional Gift Card(s) for the purpose of inducing Khun to make the qualifying purchase.

244. Khun relied upon Defendants' omissions/false statements of fact.

245. As a result of Defendants' omissions/false statements of fact as set forth herein Khun entered into her Contract.

246. Defendants financially benefited from the Purchase and Khun's Contract.

247. Defendants have made similar omissions/false statements of fact to Class Members in connection with qualifying promotional purchases.

30

248. Class Members have relied upon Defendants' omissions/false statements of fact to their detriment.

249. As a result of Defendants' omissions/false statements of fact as set forth herein Class Members have made qualifying promotional purchases.

250. Defendants have financially benefited from Class Members' qualifying promotional purchases.

251. As a result of Defendants' omissions/false statements of fact, as set forth herein, Khun and Class Members did not receive the benefit of the bargain offered by Sleepy's.

252. As a result of Defendants' omissions/false statements of fact, Khun and Class Members have suffered harm and damages.

253. As a result of Defendants' omissions/false statements of fact, Khun and Class Members have suffered financial harm, including but not limited to, the inability to realize and receive the full value of the promotional gift cards to which they were entitled, as well as the reduced value or fully extinguished value, of the promotional gift cards.

WHEREFORE, Khun respectfully requests that this Court enter judgment against Defendants for fraud and deceit and award damages to adequately compensate Khun and members of the Class. Khun also requests that the Court order Defendants cease and desist the practices complained of herein, and that the Court award damages, court costs and attorneys' fees.

### COUNT X
### UNJUST ENRICHMENT
### (Khun and the Class v. Sleepy's)

254. Khun repeats and re-alleges the allegations set forth above.

255. Sleepy's wrongfully collected/received money from Khun as a result of the unlawful

Promotion detailed herein.

256. Sleepy's has been unjustly enriched as a result of collecting/receiving monies in connection with the unlawful Promotion detailed herein.

257. Justice requires that the wrongfully collected/obtained money be returned to Khun.

258. Sleepy's wrongfully collected/received money from Class Members as a result of the unlawful promotions detailed herein.

259. Sleepy's has been unjustly enriched as a result of collecting/receiving monies from Class Members in connection with the unlawful promotions detailed herein.

260. Justice requires that the wrongfully collected/obtained money be returned to Class Members.

WHEREFORE, Khun and the Class respectfully request that this Court enter Judgment against Sleepy's for unjust enrichment and award damages to adequately compensate Khun the Class and that the Court add thereto costs and attorneys' fees.

## COUNT XI
## DECLARATORY JUDGMENT

261. Khun repeats and re-alleges the allegations set forth above.

262. There exists an actual controversy as to whether Defendants were required to disclose all limitations and/or restrictions on redemption, and use of, promotional gift cards offered to Khun and Class Members as part of purchases for qualifying products.

263. There exists an actual controversy as to whether Defendants' failure to disclose all limitations and/or restrictions on redemption, and use of, promotional gift cards as set forth herein were committed negligently or intentionally.

264. Khun and the Class entitled to a declaration as to in what manner Defendants may advertise, promote, or otherwise represent the terms and conditions of their promotional offers.

265. Khun and the Class are entitled to a declaration as to whether Defendants' failure to disclose all limitations and/or restrictions on redemption, and use of, promotional gift cards, as set forth herein, are in violation of Massachusetts Statutory Law, Massachusetts Regulations, Massachusetts Common Law, and/or Federal Regulations.

266. Khun and the Class are entitled to a declaration that Defendants' acts and omissions, as described herein, were willful, unfair and/or deceptive.

267. Khun and the Class are entitled to a declaration that Defendants' acts and omissions, as described herein, were committed willfully, knowingly and/or in bad faith.

WHEREFORE, Khun and the Class request that this Honorable Court set forth, by way of declaratory judgment, that Defendants' failure to disclose all limitations and/or restrictions on redemption, and use of, promotional gift cards, as set forth herein, are in violation of Massachusetts statutory law, Massachusetts regulatory law, Massachusetts common law, and/or Federal regulatory law.

## PRAYERS FOR RELIEF

WHEREFORE, Khun, on behalf of herself and all others similarly situated, demand judgment against Defendants as follows:

   A. An order determining that this action is a proper class action and certifying Khun as representative of the putative Class;

   B. An order appointing Khun's counsel as legal representatives of the putative Class in this action;

   C. An order determining that the acts and practices of Defendants described herein were/are unlawful;

D. An order determining that the acts and practices of Defendants described herein were/are violations of law, including but not limited to: 940 CMR 6.05(16); 940 CMR 3.02(2); 940 CMR 305; 940 CMR 3.16; 12 CFR 205.20; and/or M.G.L. c. 93A, § 2;

E. An order determining that the acts and practices of Sleepy's described herein were/are breaches of contract;

F. An order determining that the acts and practices of Defendants described herein were/are violations of the common-law principal of negligent misrepresentation;

G. An order determining that the acts and practices of Defendants described herein were/are violations of the common-law principal of fraud and deceit;

H. An order determining that the acts and practices of Sleepy's and/or Capitol described herein have caused the Sleepy's to be unjustly enriched;

I. An order determining that the acts and practices of Sleepy's and/or Capitol described herein were committed willfully, knowingly and/or in bad faith;

J. An order issuing declaratory judgment in accordance with the relief sought herein;

K. An order determining the applicable statute of limitations to be determined on any or all of the successful causes of action set forth herein;

34

L. An order stating that Defendants should be permanently enjoined from continuing the practice which is the subject matter of this civil action;

M. An order determining that Khun and the Class are entitled to damages, and the proper measure of damages; and

N. An order awarding Khun and the Class any further relief as may be just and appropriate.

## JURY DEMAND

Khun, on behalf of herself and all other similarly situated individuals hereby demands trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully submitted,                        DATED: 12/9/16
Plaintiff,
By her Attorneys,

John R. Yasi, Esq.
BBO # 555904
jyasi@forrestlamothe.com
Michael C. Forrest, Esq.
BBO# 681401
mforrest@forrestlamtohe.com
Brian P. McNiff, Esq.
BBO# 691655
bmcniff@forrestlamothe.com
Forrest, LaMothe, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829

# EXHIBIT 1



## SLEEPY'S

Dave Goldstein
Mattress Professional
978-500-1797

**SALES ORDER INVOICE**

**INVOICE #:104555424**

SOLD BY:

WRITTEN DATIME: 09/17/17, #C254
WRITTEN DATIME: 02/22/2016  2:23 PM
WRITTEN STORE: SO40 - Saugus  BD4
900 Broadway
Saugus MA 01906
781-231-1700
BOOKED

STATUS:

| QTY | STYLE | DESCRIPTION | SET PRICE | UNIT PRICE | EXT. PRICE | SHIP METHOD | DATE/TIME |
|---|---|---|---|---|---|---|---|
| 1 | TPFN8S40SPL | FLEX SUPREME BREEZE CN SPL SET | 4199.00 | | | | |
| 1 | TPFN8S40MAT | FLEX SUPREME BREEZE CN MAT | | 3728.60 | 3728.60 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | TPFLF2X00BOX | TEMPUR FLAT 2X030 BOX | | 235.70 | 471.40 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 2 | GMASP2PLL30 | STD ASPIRE 3.0 PILLOW | | | | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | GMPROT50 | CN BEDGEAR WATERPROOF MAT PRO | | | 0.00 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | | DELIVERY AND SET UP CHARGE | | | 0.00 | | |
| 3 | REMOVEBEDDING | OFF SITE SANITARY NO METAL/WOOD | | 19.99 | 59.97 | | |
| 1 | CSGIFTCARD300 | $300 GIFT CARD PROMOTION | | 0.00 | 0.00 | | |

(PAGE 1 of 3)



05/30/2016 3:26 PM

SALES ORDER INVOICE

INVOICE #:104555424

CUSTOMER/ID: DIANNA ROLEN / 9579651
SHIPPING INFO: DIANNA ROLEN

EMAIL:

H: (___) _____   W:

SOLD BY: DOT797, #42354

WRITTEN DT/TIME: 05/30/2016 3:23 PM
WRITTEN STORE: 8040 - Saugus 804
600 Broadway
Saugus MA 01905
781-231-4700

STATUS: BOOKED

| QTY | STYLE | DESCRIPTION | SET PRICE | UNIT PRICE | EXT. PRICE | SHIP METHOD | DATE/TIME |
|---|---|---|---|---|---|---|---|
| 1 | TPFNSBS4SPL | FLEX SUPREME BREEZE CN SPL SET | 4199.00 | 3725.00 | 3725.00 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | TPFFHSBSCNMAT | FLEX SUPREME BREEZE CN MAT | | 328.76 | 473.40 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 2 | TPFLFB000308 | TEMPUR FLAT 30/200 BOX | | 236.70 | | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 2 | GMASP2PIL30 | STD ASPIRE 3.0 PILLOW | | 78.00 | | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | GMPROT5V0 | CN BEDGEAR WATERPROOF MAT PRO | | 29.00 | 29.00 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | DELIVERY CHARGE | DELIVERY AND SET UP CHARGE | | | 0.00 | | |
| 1 | REMOVEBEDDING | OFF SITE SANITARY NO METAL/WOOD | | 19.99 | 59.97 | | |
| 3 | CSGIFTCARD300 | $300 GIFT CARD PROMOTION | | 0.00 | 0.00 | | |

(PAGE 1 of 3)



05/30/2016 3:26 PM

SALES ORDER INVOICE

INVOICE #:

CUSTOMER ID:
SHIPPING INFO:          DIANNA RAUN / #57851
                        DIANNA RAUN

EMAIL:

C:          H:          W:

SOLD BY:
WRITTEN DT/TIME:        05/30/2016  3:23 PM
WRITTEN STORE#:         8040 - Saugus  SD4
                        600 Broadway
                        Saugus MA 01906
                        781-231-4700
STATUS:                 BOOKED

| QTY | STYLE | DESCRIPTION | SET PRICE | UNIT PRICE | EXT. PRICE | SHIP METHOD | DATE/TIME |
|-----|-------|-------------|-----------|------------|------------|-------------|-----------|

SUBTOTAL:              $4,433.97      TAX:       $273.38
PAYMENTS/CREDITS:      $4,707.35      FINANCE:   $0.00

COUPON #:              GFACTF200      TOTAL SALE:       $4,707.35
                                     BALANCE DUE:      $0.00

SPECIAL INSTRUCTIONS:

1. THE MERCHANDISE YOU HAVE ORDERED IS PROMISED FOR DELIVERY TO YOU
ON OR BEFORE THE STATED DATE ON THE FRONT OF THE INVOICE. IF THE
MERCHANDISE ORDERED BY YOU IS NOT DELIVERED BY THE PROMISED
DELIVERY DATE, SLEEPY'S WILL OFFER YOU THE CHOICE OF (1) CANCELING
YOUR ORDER WITH A PROMPT, FULL REFUND OF ANY PAYMENT YOU HAVE
MADE, OR (2) ACCEPTING DELIVERY AT A SPECIFIC LATER DATE.
2. YOU MUST INSPECT YOUR MERCHANDISE UPON DELIVERY. YOU MAY REFUSE
DELIVERY IF YOUR MERCHANDISE IS DELIVERED DAMAGED.
3. DELIVERY TIME FRAMES ARE AN APPROXIMATION AND ARE SUBJECT TO
CHANGE DUE TO WEATHER AND TRAFFIC CONDITIONS.

—— VISIT OUR CUSTOMER PORTAL AT WWW.SLEEPYS.COM/MYACCOUNT TO
MANAGE YOUR ACCOUNT. ALL YOU NEED IS YOUR INVOICE # AND CUSTOMER ID
TO GET STARTED! MAKE PAYMENTS, RESCHEDULE DELIVERIES, OPEN SUPPORT
REQUESTS AND MORE! ——

By signing I agree to pay credit card amount (as/and according to card issuer agreement.

_____
(Customer Signature)

(PAGE 2 of 3)

(Customer signature)

INVOICE 1045554C

# EXHIBIT 2

**From:** Select Your Card <info@selectyourcard.biz>
**Date:** June 27, 2016 at 10:49:55 AM EDT
**To:** ███
**Subject:** Select Your Card

# Select Your Card

## Welcome To Select Your Card

**Congratulations you have redeemed your reward card on http://selectyourcard.biz**

**Hello, DIANNA**

This is the information filled out on the website.

| | |
|---|---|
| First Name: | DIANNA |
| Last Name: | KHUN |
| Address: | ███ |
| City: | ███ |
| State: | MA |
| Zip: | 01905 |
| Phone: | ███ |
| E-mail: | ███ |
| Option: | Toys R Us $150 |

From: Select Your Card <info@selectyourcard.biz>
Date: June 27, 2016 at 10:57:48 AM EDT
To: ███████
Subject: Select Your Card

# Select Your Card

**Welcome To Select Your Card**

**Congratulations you have redeemed your reward card on http://selectyourcard.biz**

**Hello, DIANNA**

This is the information filled out on the website.

| | |
|---|---|
| First Name: | DIANNA |
| Last Name: | KHUN |
| Address: | ████████████ |
| City: | |
| State: | MA |
| Zip: | 01905 |
| Phone: | ████████ |
| E-mail: | ████████████ |
| Option: | Toys R Us $150 |

# EXHIBIT 3



# Card

Thank you!

**Thank You! DIANNA**

Your reward card should arrive within 4 to 6 weeks.

Your reward card will be mailed to.

• DIANNA KHUN

Please do not discard your certificate until you receive your reward card in the mail

If you have any questions, please call

or email us at miksmarket1@yourcard.biz

and one of our reward card specialists will get back to you.

**Enjoy your card!**

If the card you selected is out of stock we will send a Visa reward card of the same value.

Select your card



Thank You!

**Thank You! DIANNA**

**Your reward card should arrive within 2 to 4 weeks.**

Your reward card will be mailed to

• DIANNA KHUN

**Please do not discard your certificate until you receive your reward card in the mail.**

**If you have any questions, please call** ⋅ 844-111⋅75

**or email us at info@selectyourcard.biz**

and one of our friendly customer service reps will get back to you.

Enjoy your card!

**If the card you selected is out of stock we will send a Visa reward card of the same value.**

select your card

Copyright © 2015 select your card. All Rights Reserved.

# EXHIBIT 4

 **Forrest, LaMothe, Mazow,**
**McCullough, Yasi & Yasi, P.C.** 
Consumer Advocacy and Class Action Litigation

Robert E. Mazow, Esq.
Admitted in MA & NH
R.Mazow.@forrestlamothe.com

Kevin J. McCullough, Esq.
Admitted in MA & NH
KMcCullough@forrestlamothe.com

John R. Yasi, Esq.
Admitted in MA
JYasi@forrestlamothe.com

Paul F.X. Yasi, Esq.
Admitted in MA
PYasi@forrestlamothe.com

Matthew T. LaMothe, Esq.
Admitted in MA
MLaMothe@forrestlamothe.com

Michael C. Forrest, Esq.
Admitted in MA, CA & NH (inactive)
MForrest@forrestlamothe.com

Brian P. McNiff, Esq.
Admitted in MA
BMcNiff@forrestlamothe.com

David J. Relethford, Esq.
Admitted in MA
DRelethford@forrestlamothe.com

Salem, MA:
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829
(877) 599-8890
(617) 517-3271 Fax

Concord, CA:
3998 Chestnut Avenue
Concord, CA 94519
(415) 579-9481
(877) 599-8890
(617) 517-3271 Fax

PLEASE ADDRESS ALL
CORRESPONDENCE
TO THE SALEM,
MASSACHUSETTS
ADDRESS

www.ForrestLaMothe.com

November 1, 2016

Sleepy's LLC                                    *Via Certified Mail*
Attn: Adam Blank – President          #7015 0920 0002 0572 6909
1000 South Oyster Bay Road
Hicksville, NY 11801

Capitol Marketing Concepts, Inc.        *Via Certified Mail*
Attn: Brian Bell – President              #7015 0920 0002 0572 6916
696 1st Avenue North, Suite 400
St. Petersburg, FL 33701-3610

<u>Notification of Willful/Knowing Violation of M.G.L. c. 93A, § 2</u>
<u>Notification of Willful/Knowing Violation of 940 CMR 6.05(16)</u>
<u>Notification of Willful/Knowing Violation of 940 CMR 3.02(2)</u>
<u>Notification of Willful/Knowing Violation of 940 CMR 305</u>
<u>Notification of Willful/Knowing Violation of 940 CMR 3.16</u>
<u>Notification of Willful/Knowing Violation of 12 CFR 205.20</u>
<u>Demand Pursuant to M.G.L. c. 93A, § 9(3)</u>

**RE:**   <u>Dianna Khun, et al. v. Sleepy's, LLC and Capitol Marketing</u>
<u>Concepts, Inc.</u>

Dear Mr. Blank and Mr. Bell:

Please be advised that this office represents Ms. Dianna Khun ("Khun") with
respect to claims asserted against Sleepy's, LLC ("Sleepy's") and Capitol
Marketing Concepts, Inc. ("Capitol") arising from the promotional gift card
program detailed herein (the "Promotion").

Specifically, Khun claims that Sleepy's, and its agent Capitol, unlawfully
advertised and issued gift cards in connection with the purchase of certain
mattresses and/or other products. Moreover, Khun asserts that Sleepy's and
Capitol failed to disclose all material conditions, limitations and restrictions
associated the Promotion as required by federal regulation and Massachusetts
statutory and regulatory law.

As such, Khun serves this demand seeking relief for herself and a putative class
of similarly situated persons.

On May 30, 2016, under the terms of the Promotion, Khun purchased: (1) One Flex Supreme Breeze Queen Split Set; (2) Two Tempur Flat 30X80 Box Springs; (3) Two Standard Aspire 3.0 Pillows; and (4) One Queen Bedgear Waterproof Mattress Protector. See, Exhibit 1 (*Khun Purchase Contract*) ("Contract"). As advertised, and as part of the purchase, contract and transaction, Khun was entitled to a $300 Promotional Gift Card. See, Exhibit 1. Nowhere within the Contract did Sleepy's and/or Capitol disclose that the Promotion contained a time limit for redemption, nor did the Contract disclose other material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card.

Further, none of the promotional materials or advertisements relating to the Promotion contained information regarding the material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the gift card.

On June 27, 2016, Khun attempted to redeem her Promotional Gift Cards by selecting two (2) $150.00 Toys R Us gift cards ("Promotional Gift Cards"). On the same day, Khun received confirmation from Sleepy's agent, and Capitol indicating, "Congratulations you have redeemed your reward card on http://selectyourcard.biz." See, Exhibit 2 (*Two Email Confirmations of Promotion Redemption*); see also, Exhibit 3 (*Two Screenshots of Confirmation of Promotion Redemption*).

As of August 22, 2016, Khun had still not received the Promotional Gift Cards. In response to an inquiry into why Khun had yet to receive her Promotional Gift Cards, an employee of Capitol indicated that the cards had never been redeemed online, a fact which is clearly refutable by email verifications sent to Khun on June 27, 2016. See, Exhibit 2 and Exhibit 3.

Nonetheless, on August 22, 2016, and then again on August 24, 2016, Capitol allegedly sent Khun links, which links were re-enabled so that Khun could redeem her Promotional Gift Cards.

On or about September 28, 2016, Khun attempted again to redeem the Promotion Gift Cards; however, at that point Khun was informed that the Promotional Gift Cards were no longer redeemable as the redemption period had expired on September 23, 2016.

As a result of Sleepy's and Capitol's acts and omissions, including their failure to advertise and disclose material conditions or limitations imposed as a prerequisite to receipt of, or on the use of, the Promotional Gift Card, Khun lost her ability to collect and use the $300.00 she was entitled as part of the Promotion and Contract.

Khun claims that the Promotion and Contract violated not only her legal rights, but also the legal rights of other similarly situated consumers, with resulting damages.

More specifically, Khun asserts that Sleepy's and Capitol's marketing, advertising and contractual materials relating to the Promotion failed to disclose, *inter alia*, that: (1) a customer's redemption of Promotional Gift Cards was limited to thirty (30) days; and (2) that the Promotional Gift Cards themselves only had a limited, and undisclosed, period in which they would be considered valid for use.

None of the above-described conditions, restrictions and/or limitations were disclosed to Khun prior to her purchase with Sleepy's.

Khun claims that Sleepy's and Capitol's marketing and advertising of the Promotion, as well as the practices associated with the redemption of the Promotional Gift Cards, constitute unfair and deceptive practices, and further, that such practices constitute violations of M.G.L. c. 93A, §§ 2 and 9.

Moreover, Khun claims that these unlawful acts have been committed willfully and/or knowingly with respect to Khun and other similarly situated consumers.

Khun claims that these undisclosed conditions, restrictions and/or limitations directly contravene the mandates of 940 CMR 6.05(16), a regulation promulgated by the Massachusetts Attorney General which governs "gifts" and which states in pertinent part:

> [i]t is an unfair or deceptive act for a seller to state or imply that any product
> is being offered for free or at a reduced price (a gift) in conjunction with another
> product (primary product) *unless . . .[t]he seller clearly and conspicuously*
> *discloses in the advertisement all material conditions or limitations imposed by*
> *the seller as a prerequisite to receipt of or on the use of the gift... .*

Id. (*emphasis added*).

Khun further alleges that Sleepy's, and its agent Capitol's, conduct violates Attorney General regulations pertaining to false advertising and general misrepresentation: specifically, 940 CMR 3.02(2) (*False Advertising*) and 940 CMR 3.05 (*General Misrepresentation*). Each of these violations constitutes a *per se* violation of M.G.L. c. 93A, §2, which Khun contends were committed willfully and/or knowingly.

In addition, Khun asserts that Sleepy's and Capitol's Promotion has violated 12 CFR 205.20 et seq., a federal regulation which mandates the disclosure requirements (limitations) associated with the issuance of gift cards and promotional cards. The federal regulation requires that material limitations and expiration dates of gift cards and promotional cards be made in a clear and conspicuous manner. See, 12 CFR 205.20(c)(1). Khun asserts that Sleepy's and Capitol's violations of 12 CFR 205.20 et seq. constitute violations of M.G.L. c. 93A, § 2, which Khun contends were committed willfully and/or knowingly.

Finally, Khun asserts that Sleepy's and Capitol's acts and omissions set forth herein constitute misrepresentation, fraud and deceit and unjust enrichment.

Upon information and belief, Khun asserts that Sleepy's and Capitol have jointly offered and advertised numerous promotions involving similar promotional gift card offers, and in connection with these promotions, Sleepy's and Capitol have engaged in advertising and marketing which failed to disclose material restrictions on the use of the gifts, including but not limited to, the time of redemption and term of expiration of similar promotional gift cards.

As a result of Sleepy's and Capitol's unlawful acts and practices as set forth herein, Khun and other consumers have suffered financial harm, including but not limited to:

1. The inability to realize and receive the value of the promotional gift cards to which Khun and other were entitled in connection with the qualifying transactions with Sleepy's; and
2. The reduced value, or fully extinguished value of the promotional gift cards.

For these reasons, Khun intends to file a putative class action against Sleepy's and Capitol seeking relief for herself and other similarly situated individuals.  The causes of action upon which Khun shall seek relief and recovery emanate from the unlawful practices described herein.

For purposes of this demand letter, the persons ("Class" or "Class Members") for whom Khun seeks relief are defined as follows:

1. All persons who made a qualifying promotional purchase at a Sleepy's retail location or online and were entitled to a promotional gift card by Sleepy's as part of their purchase; and

2. All persons who were entitled to a promotional gift card as part of a promotion which promotion did not disclose that a customers' redemption of the associated promotional gift cards was subject to restrictions, including, but not limited to, a time restriction for redemption and use.

3. Excluded from the Class are all past and present employees, agents, officers, and directors of Sleepy's or Capitol and persons who have released Sleepy's or Capitol from liability for claims associated with the distribution and redemption of promotional gift card promotions.

Pursuant to M.G.L. c. 93A, § 9(3), Khun now makes the following demand for relief on behalf of herself *and* the above-defined Class:

1. That Sleepy's and Capitol immediately terminate any further promotions involving promotional gift cards until and unless all of the material conditions, restrictions and/or limitations on use of the promotional gift cards are fully disclosed to future recipients prior to purchase, and further, that Sleepy's and Capitol agree not to engage in similar practices in the future in a manner which is legally enforceable by a court of competent jurisdiction;

2. That Sleepy's and Capitol immediately notify all Class Members who are still within the qualifying redemption of/ use of period for their promotional gift card, that any restrictions on redemption or use of their promotional gift cards have been eliminated and that the associated gift cards are valid in perpetuity; and

3. That Sleepy's and Capitol, jointly or severally, pay the balance of any unredeemed promotional gift cards to all customers (like Khun) who were entitled to a promotional gift card as part of a qualifying purchase at Sleepy's, but who did not redeem or use the full value said card within the time period set by Sleepy's and Capitol, with reasonable interest thereon.

Khun asserts Class Member identities and Class damages are readily and/or easily ascertainable through a search of Sleepy's and/or Capitol's records, and therefore, Sleepy's and Capitol are required to make a class-wide tender in response to this demand.[1]

---

[1] *See, Hermida, et al, v, Archstone*, 950 F.Supp.2d 298, 306 (2013)("...when a putative class's damages are "reasonably ascertainable," a defendant's [M.G.L. c. 93A] settlement offer should redress not just the lead plaintiff's injury, but those of the entire putative class.")(Internal citations omitted).

Moreover, should the monetary and injunctive demand be met, Khun also demands that Sleepy's and Capitol, through their counsel, providing an accounting of all qualifying promotional gift cards, and work diligently with Khun's counsel to complete the confirmatory discovery necessary to identify the Class and assist in adequately notifying and paying the Class.

Finally, Khun demands that Sleepy's and Capitol agrees to be wholly responsible for any costs associated with class-wide notification and administration of the claims of the Class, as well as for the payment of reasonable costs and reasonable attorneys' fees associated with the subject claim.

Pursuant to M.G.L. c. 93A, Khun requests a written response to this demand within thirty (30) days of Sleepy's and Capitol's receipt thereof.

Should Sleepy's and Capitol fail to timely respond, or should they respond timely, but with an offer which Khun deems unreasonable, Khun intends to seek additional relief pursuant to M.G.L. c. 93A.  Said request for relief shall include multiple damages, continuing costs and attorneys' fees, all in accordance with the provisions of M.G.L. c. 93A.

We look forward to receiving a timely response to this Consumer Protection Act demand letter.

Please preserve the original of this correspondence for production at any hearing or trial which may later occur and which shall in part, involve this correspondence and its relationship to the statute in question.

*In addition, please be advised that Massachusetts law imposes a duty to preserve all evidence that may be relevant to a possible legal action.  This duty applies to all materials, including electronically-stored information, which may be relevant to Khun's claims as well as the claims of putative Class Members.*

Respectfully,

Michael C. Forrest, Esq.

Enc.

# EXHIBIT 1



# SLEEPY'S

Dave Goldstein
Mattress Professional

978-480-7787

## SALES ORDER INVOICE

INVOICE #:104886424

| SOLD BY: | D0T787, JH2344 |
|---|---|
| WRITTEN DT/TIME: | 07/28/2016   2:23 PM |
| WRITTEN STORE: | 5040 - Saugus  504 |
| | 600 Broadway |
| | Saugus MA 01906 |
| | 781-231-4700 |
| STATUS: | BOOKED |

| QTY | STYLE | DESCRIPTION | SET PRICE | UNIT PRICE | EXT. PRICE | SHIP METHOD | DATE/TIME |
|---|---|---|---|---|---|---|---|
| 1 | TPFHSBSVSPL | FLEX SUPREME BREEZE ON SPL SET | 4199.00 | | | | |
| 1 | TPFHSBSVOMAT | FLEX SUPREME BREEZE ON MAT | | 3725.00 | 3725.00 | DELIVERY | Sun 08/05/2016 11AM-3PM |
| 2 | TPFLF0300B05 | TEMPUR FLAT 30000 BOX | | 236.75 | 473.40 | DELIVERY | Sun 08/05/2016 11AM-3PM |
| 2 | GMASP2PILL30 | STD ASPIRE 3.0 PILLOW | | 75.00 | | DELIVERY | Sun 08/05/2016 11AM-3PM |
| 1 | GMPROT690 | QN BEDGEAR WATERPROOF MAT PRO | | | | DELIVERY | Sun 08/05/2016 11AM-3PM |
| 1 | DELIVERY CHARGE | DELIVERY AND SETUP NO METAL WOOD | | | 0.00 | | |
| 3 | REMOVEBEDDING | OFF SITE SANITARY NO METAL WOOD | | 19.99 | 59.97 | | |
| 1 | C3GIFTCARD300 | $300 GIFT CARD PROMOTION | | 0.00 | 0.00 | | |

(PAGE 1 of 3)

05/30/2016 3:26 PM

SALES ORDER INVOICE

INVOICE #:104855424

CUSTOMER/SHIPPING INFO:
DAWNA NOLAN / R07001
DAWNA NOLAN

EMAIL:

SOLD BY: DOZIER, KEISHA
WRITTEN DT/TIME: 05/30/2016  2:23 PM
WRITTEN STORE: 2046 - Saugus  504
600 Broadway
Saugus MA 01906
781-231-4700
BOOKED

STATUS:



| QTY | STYLE | DESCRIPTION | SET PRICE | UNIT PRICE | EXT. PRICE | SHIP METHOD | DATE/TIME |
|---|---|---|---|---|---|---|---|
| 1 | TPFHBBQXSPL | FLEX SUPREME BREEZE ON SPL SET | 4199.00 | | | | |
| 1 | TPFHBBQXMAT | FLEX SUPREME BREEZE ON MAT | | 3726.60 | 3726.60 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 2 | TPFLFDX00008 | TEMPUR FLAT 30/30 BOX | | 236.70 | 473.40 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | GNA6P73PLL50 | STD ASPIRE 10 PLLW | | 73.50 | 49.48 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | GRPROTTKG | ON BEDGEAR WATERPROOF MAT PRO | | 25.00 | 0.00 | DELIVERY | Sun 06/05/2016 11AM-3PM |
| 1 | DELIVERY CHARGE | DELIVERY AND SET UP | | | 0.00 | | |
| 3 | REMOVE/BEDDING | OFF SITE SANITARY NO METAL/WOOD | | 19.99 | 59.97 | | |
| 1 | DSGIFTCARD300 | $300 GIFT CARD PROMOTION | | 0.00 | 0.00 | | |

(PAGE 1 of 3)

05/30/2016 3:28 PM



# SLEEPY'S
## The Mattress Professionals

**SALES ORDER INVOICE**

**INVOICE #: INV8635-A**

CUSTOMER/D: DIANA JOAN / 8879831
SHIPPING INFO: DIANA JOAN

EMAIL:

SOLD BY:
WRITTEN DT/TIME:    05/20/2016  3:25 PM
WRITTEN STORE:    5046 - Saugus 804
800 Broadway
Saugus MA 01906
781-231-4700
BOOKED

DATE#: #0354

| QTY | STYLE | DESCRIPTION | SET PRICE | UNIT PRICE | EXT. PRICE | SHIP METHOD | DATE/TIME |
|-----|-------|-------------|-----------|------------|------------|-------------|-----------|

STATUS:    BOOKED

SPECIAL INSTRUCTIONS:

COUPON #:    #FDLTP000

TOTAL SALE:    $4,707.35
BALANCE DUE:    $0.00

SUBTOTAL:    $4,433.97
PAYMENTS/CREDITS:    $4,707.35

TAX:    $273.38
FINANCE:    $0.00

1. THE MERCHANDISE YOU HAVE ORDERED IS PROMISED FOR DELIVERY TO YOU ON OR BEFORE THE STATED DATE ON THE FRONT OF THIS INVOICE. IF THE MERCHANDISE ORDERED BY YOU IS NOT DELIVERED BY THE PROMISED DELIVERY DATE, SLEEPY'S WILL, AT YOUR CHOICE OR (1) CANCELING YOUR ORDER WITH A PROMPT AND FULL REFUND OF ANY PAYMENT YOU HAVE MADE, OR (2) ACCEPTING DELIVERY AT A SPECIFIC LATER DATE.
2. YOU MUST INSPECT YOUR MERCHANDISE UPON DELIVERY. YOU MAY REFUSE DELIVERY IF YOUR MERCHANDISE IS DELIVERED DAMAGED.
3. DELIVERY TIME FRAMES ARE AN APPROXIMATION AND ARE SUBJECT TO CHANGE DUE TO WEATHER AND TRAFFIC CONDITIONS.

—— VISIT OUR CUSTOMER PORTAL AT www.sleepys.com/myaccount TO MANAGE YOUR ACCOUNT. ALL YOU NEED IS YOUR INVOICE # AND CUSTOMER ID TO GET STARTED. MAKE PAYMENTS, RESCHEDULE DELIVERIES, OPEN SUPPORT REQUESTS AND MORE! ——

By signing I agree to pay credit card amount (payment pending to card issuer agreement.)

(Customer signature)

(PAGE 2 of 3)

# EXHIBIT 2

From: Select Your Card <info@selectyourcard.biz>
Date: June 27, 2016 at 10:49:55 AM EDT
To: ███████████
Subject: Select Your Card

# Select Your Card

## Welcome To Select Your Card

**Congratulations you have redeemed your reward card on http://selectyourcard.biz**

**Hello, DIANNA**

This is the information filled out on the website.

| | |
|---|---|
| First Name: | DIANNA |
| Last Name: | KHUN |
| Address: | ████████████ |
| City: | ██████ |
| State: | MA |
| Zip: | 01905 |
| Phone: | ████████ |
| E-mail: | ████████████ |
| Option: | Toys R Us $150 |

From: Select Your Card <info@selectyourcard.biz>
Date: June 27, 2016 at 10:62:48 AM EDT
To: ███████████
Subject: Select Your Card

# Select Your Card

## Welcome To Select Your Card

**Congratulations you have redeemed your reward card on http://selectyourcard.biz**

**Hello, DIANNA**

This is the information filled out on the website.

| | |
|---|---|
| First Name: | DIANNA |
| Last Name: | KHUN |
| Address: | ███████████ |
| City: | |
| State: | MA |
| Zip: | 01905 |
| Phone: | ███████████ |
| E-mail: | ███████████ |
| Option: | Toys R Us $150 |

# EXHIBIT 3



**Card**

Thank You!

**Thank You! DIANNA**

Your reward card should arrive within 7 to 4 weeks.

Your reward card will be mailed to:

• DIANNA KHAN

Please do not discard your certificate until you receive your reward card in the mail.

If you have any questions, please call 1-844-5-133 or email us at asknow@xxx.frozercard.biz and one of our reward card specialists will get back to you.

Enjoy your card!

If the card you selected is out of stock we will send a Visa reward card of the same value.

SELECT YOUR CARD ▼



Thank You!

**Thank You! DIANNA**

**Your reward card should arrive within 2 to 4 weeks.**

**Your reward card will be mailed to**

▪ **DIANNA KHUN**

Please do not discard your certificate until you receive your reward card in the mail.

If you have any questions, please call 1-866-xxxx-21

or email us at internet-checker-types@xxx.biz

within one of our agents and representatives will get back to you

I enjoy your card!

If the card you selected is out of stock, we will send a Visa reward card of the same value.

select your card

Complete this one-question participation card

# EXHIBIT 5

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Capital Mortgage Georgia, Inc.
Attn Brendan Arnold
696 10h Street North
Suite 400
St. Petersburg, FL 33701 Bed

9590 9403 0451 5163 7688 29

2. Article Number (Transfer from service label)
7015 0920 0002 0572 6916

PS Form 3811, April 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____    □ Agent
                    □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt



| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** DIANNA KHUN, on behalf of herself and all others similarly situated

**ADDRESS:**

**COUNTY**
Suffolk

**DEFENDANT(S):** SLEEPY'S LLC and

CMC ACQUISITIONS CORPORATION, d/b/a CAPITOL MARKETING CONCEPTS, INC.

**ATTORNEY:** John R. Yasi, Esq.

**ADDRESS:** Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C.

2 Salem Green, Suite 2

Salem, MA 01970

**BBO:** #556904

**ADDRESS:**

Sleepy's LLC: c/o CT Corporation System, 155 Federal Street, Suite 700, Boston, MA  02110;

Capitol Marketing Concepts, Inc.: 698 1st Avenue N., Suite 400, St. Petersburg, FL  33701

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other | F | [x] YES   [ ] NO |

**"If "Other" please describe:** Claims alleging unfair and deceptive promotional product scheme

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ........................................................................................................................ $ _____
    2. Total doctor expenses ........................................................................................................................... $ _____
    3. Total chiropractic expenses ................................................................................................................. $ _____
    4. Total physical therapy expenses ....................................................................................................... $ _____
    5. Total other expenses (describe below) ............................................................................................ $ _____
                                  Subtotal (A): $ _____

B. Documented lost wages and compensation to date ................................................................................. $ _____
C. Documented property damages to dated ................................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ............................................................. $ _____
E. Reasonably anticipated lost wages .......................................................................................................... $ _____
F. Other documented items of damages (describe below) .......................................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                             TOTAL (A-F):$

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Claims arising from Defendants' alleged employment of an unlawful proportional purchase scheme involving gift cards.   **TOTAL: $** 3,000,000.00

**Signature of Attorney/Pro Se Plaintiff: X** _____   **Date:** 11/3/16

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _____   **Date:** 11/3/16

*Notice sent 11/17/16*
*(Sm)*
*JY PIP*
*JY Dr~*
*MF*

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2016-03409-BLS1**

Case:  Khun v. Sleepy's, LLC et al.

### NOTICE OF TRANSFER TO
### BUSINESS LITIGATION SESSION

Upon review, the court orders this case transferred to the Business Litigation Session (BLS) and assigned to **BLS1**. In the future, all parties must include the initials "BLS1" at the end of the docket number on all filings, as shown above.

Counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Discovery Project (counsel are directed to http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html for more information on the Project). Counsel may indicate their respective client's participation by completing, filing and serving the attached form.

Dated:  _11/17/16_

Janet L. Sanders
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

| CIVIL ACTION COVER SHEET | DOCKET NO(S) **B.L.S.** SUCV2016-03409-BLS1 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) DIANNA KHUN, on behalf of herself and all others similarly situated | | DEFENDANT(S) SLEEPY'S LLC and CMC ACQUISITIONS CORPORATION, d/b/a CAPITOL MARKETING CONCEPTS, INC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number John R. Yasi, Esq. Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C. 2 Salem Green, Suite 2 Salem, MA  01970 | | ATTORNEY (if known) |

Origin Code Original Complaint
A99 - Class Action for violations of contract/common law

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *  Yes
  BH2 _____ (B) (X) Yes ( ) No

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

Claims arising from Defendants' alleged employment of an unlawful promotional purchase scheme involving gift cards.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record _____
DATE:   11/28/16 _____                          John R. Yasi, Esq.