# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANNA KHUN, on behalf of herself and all
others similarly situated,

      Plaintiff,

      v.

SLEEPY'S, LLC and CMC ACQUISITION
CORPORATION, d/b/a CAPITOL
MARKETING CONCEPTS, INC.,

      Defendants.

**Case No. 1:17-cv-10110**

## SETTLEMENT AGREEMENT, RELEASE, & WAIVER

This Settlement Agreement, Release and Waiver ("Agreement") is made by and between Plaintiff, Dianna Khun ("Plaintiff"), on behalf of herself individually and on behalf of the class of persons she seeks to represent, and Defendant, Sleepy's LLC as defined herein ("Sleepy's") and CMC Acquisition Corporation d/b/a Capital Marketing Concepts, Inc. as defined herein ("Capitol") (collectively, "Defendants"), (Defendants and Plaintiff are collectively referred to herein as the "Parties").

WHEREAS, Plaintiff commenced litigation against Defendants in Suffolk County Superior Court, in an action captioned, *Dianna Khun, on behalf of herself and all others similarly situated v. Sleepy's, LLC and CMC Acquisition Corporation d/b/a Capital Marketing Concepts, Inc.*, Civil Action SUCV2016-03409-BLS1 ("State Court Action"), in which Plaintiff asserted purported claims for violation of M.G.L. c. 93A, § 2; breach of contract; negligent misrepresentation; fraud and deceit; unjust enrichment and declaratory judgment, arising out of an alleged promotional gift card campaign in which the Defendants were alleged to have engaged; and

WHEREAS, Plaintiff and her counsel, the law firm of Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C., brought the claims asserted in the State Court Action as a putative class action pursuant to Massachusetts Rule of Civil Procedure 23 and Massachusetts General Laws Ch. 93A on behalf of Plaintiff and other persons who purchased certain qualifying products from Sleepy's which purchases were alleged to have entitled Plaintiff and other such persons to participate in a promotional gift card program ("Program"); and

WHEREAS, Defendant Sleepy's removed the State Court Action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1332 ("Action"), where the Action is currently pending; and

WHEREAS, Defendants expressly deny and dispute, and continue to deny and dispute, each of the allegations in the Action and any and all liability to Plaintiff, and admit no wrongdoing of any kind nor any liability, nor acknowledge any breach of any agreement, warranty, statute, or law; and

WHEREAS, the Parties have engaged in the exchange of extensive discovery and information regarding the Program and the putative class, including the exchange and analysis of documentation related to the Program as it applies to Massachusetts consumers in order to reach this settlement, which is the product of arm's length negotiations among the Parties; and

WHEREAS, in order to avoid the risk, expense and burden of further litigation, the Parties desire to resolve: (i) all Massachusetts claims that were or could have been asserted based on the allegations against Defendants relating to the Program, on behalf of all individuals who are or were customers of Sleepy's and who are members of the putative class in the Commonwealth of Massachusetts during the applicable statute of limitations period; (ii) all claims that were or could have been asserted under M.G.L. c. 93A by members of the Massachusetts putative class; and (iii) all claims that were or could have been asserted by members of the Massachusetts putative class in relation to the Program based on contract or Massachusetts common law; and

NOW, THEREFORE, in consideration of the foregoing premises and the mutual promises hereinafter set forth, the Parties agree as follows:

1.    **Definitions.**

As used in this Agreement and the related documents attached hereto as Exhibits, the following terms shall have the meanings set forth below:

A.  "***Action***" means the civil action entitled: <u>Dianna Khun, on behalf of herself and all others similarly situated v. Sleepy's, LLC and CMC Acquisition Corporation d/b/a Capital Marketing Concepts, Inc.</u>; United States District Court District of Massachusetts; Case No. 1:17-cv-10110.

B.  "***Agreement,***" "***Settlement Agreement***" or "***Settlement***" means this Class Action Settlement Agreement, Release and Waiver, including attached Exhibits.

C.  "***Asserted Claims***" means claims as alleged in Plaintiff's First Amended Class Action Complaint, including but not limited to the putative class-action claims against Defendants alleging: (i) violations of M.G.L. c. 93A, § 2; (ii) violations of 940 CMR 6.05; (iii) Violations of 940 CMR 3.02; (iv) Violations of 940 CMR 3.05; (v) Violations of 940 CMR 3.16; (vi) Violations of 12 CFR 205.20; (vii) Breach of Contract; (viii) Negligent Misrepresentation; (ix) Fraud and Deceit; (x) Unjust Enrichment; and (xi) Declaratory Relief.

D.  *"**Attorney's Fees and Costs**"* means all fees, costs, and expenses to be awarded to Class Counsel, if any, pursuant to the Fees and Expense Application to be filed by Class Counsel. The Attorney's Fees and Costs shall be paid exclusively from the Settlement

Fund and shall not exceed Two Hundred Fifty Thousand Dollars ($250,000.00).

E. *"Benefit Check"* means the negotiable instrument to be sent to the Settlement Class Members by the Settlement Administrator pursuant to Section 14 of this Settlement Agreement.

F. *"CAFA Notice"* means the notice contemplated by the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Settlement Administrator pursuant to Section 9 of this Settlement Agreement.

G. **"Capitol"** means CMC Acquisition Corporation, d/b/a Capitol Marketing Concepts, Inc., and its present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries, parents, affiliates, divisions, joint ventures and entities in which CMC Acquisition Corporation, d/b/a Capitol Marketing Concepts, Inc. has and/or had a controlling interest, and any and all of its respective officers, directors, partners, managers, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on its behalf.

H. *"Capitol's Counsel"* means Beth-Ann Krimsky, Esq. and Jessica B. Alhalel, Esq. of Greenspoon Marder, LLP, along with local counsel, Benjamin Davis, Esq. of Locke Lord LLP.

I. *"Class Counsel"* means the attorneys of Forrest, LaMothe, Mazow, McCullough Yasi & Yasi P.C.

J. *"Class Period"* means November 7, 2012 to the date of the execution of this Agreement.

K. *"Class Representative"* means Plaintiff Dianna Khun.

L. *"Common Fund"* means the portion of the Total Settlement Amount that will be used as a class relief common fund of Three Hundred Thirty Eight Thousand Four Hundred Dollars ($338,400.00), which Defendants represent constitutes relief Class Members may have received as single damages if they proved a case which amount is made up of the following categories: (i) payments to every Class Member who was unable to redeem their promotional gift card voucher(s), in the amount of 100% of the value of an Unredeemed Voucher ("Unredeemed Voucher"); and (ii) payments in the amount of Twenty-Five Dollars ($25.00) to every Class Member who did redeem their promotional gift card voucher(s) ("Redeemed Voucher").

M. *"First Amended Complaint"* means Plaintiff's First Amended Class Action Complaint.

N. *"Court"* means the United States District Court for the District of Massachusetts.

O. *"Cy-Pres Recipient"* means any third party nominated by the Court to receive the amounts left from any uncashed Benefit Checks. The Parties agree that they will

3

*Khun v. Sleepy's, LLC and CMC Acquisition Corporation*
Class Action Settlement Agreement

propose to the Court the Consumer Unit of Greater Boston Legal Services.

P. "***Defendants***" means collectively Defendants Sleepy's and Capitol.

Q. "***Defendants' Counsel***" means collectively Capitol's Counsel and Sleepy's Counsel.

R. "***Effective Date***" means the date the Final Approval Order is affirmed by the Court in its entirety, either; (i) thirty (30) days after the issuance of such order, if no appeal of said order is filed within that 30-day period; or (ii) upon the final disposition of any appeal.

S. "***Escrow Account***" means an account established and maintained by the Settlement Administrator for the deposit of any and all amounts of the Settlement Fund by Defendants. At all times, the Escrow Account shall be held *in custodia legis*, subject to the approval of the Court.

T. "***Fees and Expense Application***" means a written motion or application by which Plaintiff will request that the Court award Attorney's Fees and Costs to Class Counsel.

U. "***Final Approval***" shall be deemed to occur (i) thirty (30) days after the issuance of a Final Approval Order, if no appeal of said order is filed within that 30-day period, or (ii) upon the final disposition of any appeal that has the effect of affirming the order in its entirety.

V. "***Final Approval Hearing***" means the hearing at which the Court shall: (i) determine whether to grant final approval of this Agreement; (ii) consider any timely filed objections to this Settlement and all responses to objections by the Parties; (iii) rule on the Fee and Expense Application; and (iv) dismiss the Action with prejudice.

W. "***Final Approval Order***" means an order fully granting the Parties' motion for approval of their Settlement, and extinguishing claims against Defendants.

X. "***Notice***" or "***Notices***" means the notices of class action Settlement, substantially in the same form as **attached hereto as Exhibits A and B.**

Y. "***Objection/Exclusion Deadline***" means the date no later than seventy five (75) calendar days after entry of the Preliminary Approval Order, or such other date as may be ordered by the Court, by which (i) a written objection to this Settlement Agreement must be filed in the Action, or (ii) a Request for Exclusion must be postmarked.

Z. "***Order and Judgment***" means the order in which the Court grants final approval of this Agreement and authorizes the entry of a final judgment and dismissal of the Action.

AA. "***Parties***" means Plaintiff, the Settlement Class and Defendants, collectively.

BB. "***Plaintiff***" means Dianna Khun.

4

CC.   ***"Preliminary Approval"*** means the issuance of a Court order preliminarily approving the Settlement for purposes of providing notice to the Class Members.

DD.   ***"Preliminary Approval Order"*** means the order, substantially in the form as **attached hereto as Exhibit C**, in which the Court grants its preliminary approval of this Agreement and authorizes dissemination of Notice to the Class.

EE.   ***"Redeemed Voucher"*** means a voucher for a promotional gift card which was redeemed in connection with the Program.

FF.   ***"Released Claims"*** means the claims released pursuant to Section 19 of this Settlement Agreement.

GG.   ***"Request for Exclusion"*** means the written submission submitted by any person in the Settlement Class to opt out of the Settlement pursuant to Section 15 of this Settlement Agreement.

HH.   ***"Settlement Administration Expenses"*** means any and all fees, costs, and expenses incurred by the Settlement Administrator, including, but not limited to, such fees, costs, and expenses incurred in disseminating Notice, publishing Notice, creating, administering, maintaining, and hosting the Settlement Website, and providing checks to Settlement Class Members. Settlement Administration Expenses shall be paid exclusively from the Settlement Fund.

II.   ***"Settlement Administrator"*** means KCC, LLC.

JJ.   " ***Settlement Class,***" ***"Class Members"*** or ***"Settlement Class Members"*** means:

> All persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase.

> Excluded from the Class are all past and present employees, agents, officers, and directors of Sleepy's or Capitol and persons who have released Sleepy's or Capitol from liability for claims associated with the distribution and redemption of promotional gift cards.

KK.   *"Service Award"* means the payment to the Class Representative pursuant to Section 7 of this Settlement Agreement. The Service Award shall be paid exclusively from the Settlement Fund.

LL.   *"Sleepy's"* means Sleepy's, LLC, and its present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries,

parents, affiliates, divisions, joint ventures and entities in which Sleepy's, LLC has and/or had a controlling interest, and any and all of its respective officers, directors, partners, managers, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on its behalf.

MM. ***"Sleepy's Counsel"*** means Christopher B. Parkerson, Esq. of Campbell, Campbell, Edwards & Conroy, P.C.

NN. ***"Total Settlement Amount"*** or ***"Settlement Fund"*** means a total sum not to exceed six hundred and fifty thousand dollars ($650,000.00) which includes the Common Fund, Attorney's Fees and Costs, Settlement Administration Expenses and the Service Award.

OO. ***"Unopposed Motion for Preliminary Approval"*** means the Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law to be filed by Plaintiff, with this Agreement as an attachment, seeking Preliminary Approval of the Settlement.

PP. ***"Unredeemed Voucher"*** means a voucher for a promotional gift card which was not redeemed in connection with the Program.

**2.   No Admission of Liability or Concession as to the Merits.**

Defendants expressly deny any wrongdoing or any violation of state or federal law as alleged in the Action. Nothing contained in this Agreement shall be construed as an admission of any liability or concession as to the merits of any claim by any Party, and all Parties agree not to offer this Agreement as evidence or otherwise use it in any judicial or administrative proceeding, except that this Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

**3.   Approval of Settlement.**

a.   All terms of this Agreement are contingent upon the approval of the Parties' Settlement and certification by the Court of the Settlement Class (as defined in herein) for settlement purposes only.

   i.   For purposes of this Agreement, "Preliminary Approval" shall be deemed to occur upon the issuance of a Court order conditionally certifying the Settlement Class for purposes of providing Notice to the affected individuals (the "Preliminary Approval Order"). The Preliminary Approval Order shall also, among other things, require any requests for exclusion from the Rule 23 Settlement Class or objections to the Settlement as per this Agreement to be postmarked or received no later than seventy five (75) days after entry of the Preliminary Approval Order.

6

ii.   If the Court grants a final order which fully, finally, and unconditionally (1) grants the Parties' motion for approval of their Settlement; (2) grants final certification of the Settlement Class for settlement purposes only; (3) authorizes payments to Class Counsel and members of the Settlement Class; and (4) extinguishes claims against Defendants as specified in Section 17; then the (5) Action will be dismissed with prejudice as of the Effective Date.

iii.   The Parties agree to cooperate and take all steps necessary and appropriate to obtain a Preliminary Approval and Final Approval, and otherwise effectuate all aspects of this Agreement.

b.   Defendants stipulate for settlement purposes only to the certification of the Settlement Class but do not waive, and instead expressly reserve, their right to challenge the propriety of conditional or class certification for any purpose as if this Agreement had not been entered into by the Parties in the event that the Court does not approve the Settlement, or the Effective Date does not occur.

c.   The Parties and their counsel agree that Plaintiff will, contemporaneously with the execution of this Agreement, endeavor to execute a copy of the Unopposed Motion for Preliminary Approval. Plaintiff shall file the Unopposed Motion for Preliminary Approval with the Court within ten (10) days of the full execution of this Agreement.

d.   The Parties agree that if the Court does not approve any material term in the Unopposed Motion for Preliminary Approval or requires as a condition to granting the Unopposed Motion for Preliminary Approval any term that effects a material change in this Agreement, then this Agreement may be voided at either Party's option. The Parties further agree that the Court conditioning the granting of the Unopposed Motion for Preliminary Approval on Defendants being required to pay any amount greater than the amount specified in this Agreement, shall be deemed a material change. The Parties further agree that any ruling that the Court may make regarding Class Counsel's Fee and Expense Application pursuant to this Agreement shall not constitute a material change in this Agreement, unless such award exceeds Two Hundred Fifty Thousand Dollars ($250,000.00).

e.   In conjunction with the filing of the Unopposed Motion for Preliminary Approval, Plaintiff will request that the Court hold a fairness hearing regarding the request for approval of the Parties' proposed Settlement not more than sixty (60) days after the filing of the Unopposed Motion for Preliminary Approval. Counsel for the Parties will communicate with the Clerk of the Court and make any further filings necessary to secure the approval of this request. The Parties also agree to request that counsel for the Parties be permitted to participate telephonically in the fairness hearing given the relatively small size of this class and the costs incurred by both sides in reaching this Agreement.

**4.**     **Settlement Class.**

The Settlement Agreement applies to all persons who made a qualifying promotional purchase during the Class Period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase.

a.  The <u>Redeemed Voucher Subclass (Subclass A)</u>: shall include all persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase, who were provided with a voucher, and who did redeem said voucher.

b.  The <u>Unredeemed Voucher Subclass (Subclass B)</u>: shall include all persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase, who were not provided with a voucher, but who did not redeem said voucher.

In the event that, for any reason, the Court does not enter a Final Approval Order or the Effective Date cannot occur, the Court's certification of the Settlement Class shall be void, have no effect, and shall not be used for any purpose whatsoever in any further proceeding(s) in any of the above-referenced lawsuits or in any other lawsuit asserting the same or similar claims and causes of action and the Parties will be returned to their respective positions *nunc pro tunc* as of the date on which they reached an agreement in principle to settle this litigation.

**5.**     **Settlement Payment.**

Contingent on final approval of this Agreement by the Court, Defendants agree to pay a Total Settlement Amount not to exceed Six Hundred Fifty Thousand Dollars ($650,000.00) in order to fully and finally resolve the Asserted Claims in their entirety. The Total Settlement Amount includes a Common Fund of Three Hundred Thirty Eight Thousand Four Hundred Dollars ($338,400.00), Attorney's Fees and Costs of up to Two Hundred Fifty Thousand Dollars ($250,000.00), a Service Award of Six Thousand Three Hundred Dollars ($6,300.00) and Settlement Administration Expenses of up to Fifty Five Thousand Dollars ($55,000.00).

It is understood and agreed that Defendants' monetary obligations under this Settlement Agreement will be fully discharged by payment of no more than the Total Settlement Amount, and that Defendants shall have no other monetary obligations to the Settlement Class, or obligations to make any other payments to Settlement Class Members under this Agreement or otherwise.

6.    **Attorneys' Fees and Costs.**

    a.    Class Counsel may petition the Court for an award of Attorney's Fees and Costs in conjunction with the Parties' Settlement. Any such petition shall be filed no later than ten (10) days prior to the date of the Final Approval Hearing.

    b.    Defendants shall agree not to oppose Class Counsel's right to petition the Court for an award of Attorney's Fees and Costs in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00).

    c.    Any Attorney's Fees and Costs awarded in conjunction with the Parties' Settlement shall be paid in addition to the Common Fund; and accordingly, shall not diminish or disturb the Common Fund relief obtained on behalf of the Settlement Class.

7.    **Service Payment to Class Representative.**

    a.    Class Counsel may petition for an award of a Service Award to the Class Representative. Any such petition shall be filed no later than ten (10) days prior to the date of the Final Approval Hearing. Class Counsel's petition for a Service Award may be submitted in conjunction with, or as part of, Class Counsel's Fee and Expense Application.

    b.    Any Service Award awarded to the Class Representative shall be in addition to the payment that she shall receive as a member of the Settlement Class pursuant to this Agreement. Any such Service Award awarded by the Court shall be distributed in a separate check mailed contemporaneously with the mailing of checks pursuant to the terms of this Agreement. Defendants will not oppose any request by Class Counsel for a Service Award to the Class Representative in an amount not to exceed Six Thousand Three Hundred Dollars ($6,300.00).

8.    **Settlement Administration.**

The Parties agree that as part of the Settlement Fund Defendants shall be responsible for payment of all Settlement Administration Expenses necessary to administer the class Settlement of Plaintiff's and the Settlement Class' claims. The Settlement Administrator shall be responsible for: (i) dissemination of Notices to Settlement Class Members in accordance with the provisions of this Agreement; (ii) determining and finalizing calculation of the individual settlement payments to each Settlement Class Member; (iii) distribution of awards from the Common Fund to Settlement Class Members; (iv) set up and administer the Settlement Website; (v) and mailing of the CAFA Notice.

9.      **CAFA Notice.**

Not later than ten (10) days after the filing of the Unopposed Motion for Preliminary Approval, Defendants shall use the services of the Settlement Administrator under the terms herein to comply with the notice requirements of 28 U.S.C. § 1715.

10.     **Distribution of Notice**

a.      Mailing of Notices.

Within thirty (30) days after the Court grants Preliminary Approval of the Parties' proposed Settlement, the Settlement Administrator shall compile and mail to Settlement Class Members notice of the Parties' proposed Settlement in the form of the postcard Notice attached as Exhibit A.

The Settlement Administrator shall send Notice [Exhibit A] by certified First Class U.S. Mail to each member of the Settlement Class at such individuals' last known address. If Notice is returned as undeliverable, the Settlement Administrator shall promptly attempt to locate such Settlement Class Member by an electronic background search through a recognized database, such as Accurint, and shall re-mail the Notice once to such address obtained from the electronic background search within ten (10) days of receipt of the undeliverable notice.

A copy of the long form Notice attached hereto as Exhibit B shall be made available on the Settlement Website identified in Section 11 below.

11.     **Settlement Website.**

Within thirty (30) days following the entry of the Preliminary Approval Order, both the postcard Notice [Exhibit A] and long form Notice [Exhibit B] shall be published on a website administered by the Settlement Administrator.  The website shall: (i) provide instructions on how to contact Class Counsel for assistance; (ii) contain copies of the Notices, the Settlement Agreement, the Unopposed Motion for Preliminary Approval, the Fee and Expense Application, and other pertinent documents; (iii) provide Settlement Class Members with the ability to provide and/or update their mailing addresses; and (iv) contain other information Defendants' Counsel and Class Counsel mutually agree is relevant for dissemination to Class Members regarding the proposed Settlement.  All costs associated with the creation, operation, maintenance, and hosting of the Settlement Website, including the preparation of all documents provided therein, shall be considered Settlement Administrative Expenses to be exclusively paid from the Settlement Fund.

12. **Declaration of Compliance.**

The Settlement Administrator shall prepare and execute a declaration attesting to compliance with the Notice requirements of this Agreement and the Preliminary

Approval Order. Such declaration shall be provided to Class Counsel and Defendants' Counsel and filed with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

13. **Amount of Individual Awards.**

Each individual class member will receive an award based upon the subclass of which they are a part. The awards shall be computed as follows (his or her "Claim Amount"):

(1)    Using Defendants records, the Parties will determine which Subclass each class member falls into;

(2)    The Unredeemed Voucher Subclass shall be entitled to the exact value of the voucher(s) to which they were entitled.

(3)    The Redeemed Voucher Subclass shall be entitled to $25.00 in statutory damages.

14. **Payments to Class Members.**

Once the Court has issued the Final Approval Order, the Settlement Administrator shall calculate the total amount of individual payments of the Claim Amount due to each member of the Settlement Class who received Notice and who did not request to be excluded from the Settlement Class. Any portion of the Common Fund not allocated for distribution to the Settlement Class Members shall be distributed to an agreed upon designated *cy pres*: Consumer Unit of Greater Boston Legal Services.

Payment of the Claim Amount due to Settlement Class Members, along with any Service Award to Plaintiff, shall be made via check, mailed by the Settlement Administrator to the Settlement Class Members within ten (10) business days of the Effective Date.

a.    Checks issued pursuant to the preceding paragraph shall expire sixty (60) days after they are issued, but a failure by any Settlement Class Member to deposit or cash a check within the time period allotted shall have no effect on that individual's release of claims pursuant to this Agreement.

b.    Any Claim Amount that goes unclaimed shall be distributed to an agreed upon designated *cy pres*: Consumer Unit of Greater Boston Legal Services.

15. **Requests for Exclusion by Settlement Class Members.**

Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator at the addresses set forth in the Notice. Any Request for Exclusion must be postmarked or delivered by the Objection/Exclusion Deadline, seventy-five (75) days after entry of the Preliminary Approval Order or such other date specified in the Court's Preliminary Approval Order. The Request for Exclusion shall (i) state the Class Member's full name and current address, (ii)

specifically state his or her desire to be excluded from the Settlement Agreement and from the Settlement Class; (iii) specifically state that he or she understands that by requesting exclusion from the Settlement, he or she will not receive any funds in connection with the Action. Copies of Requests for Exclusion and a report of the names and addresses of persons whose Requests for Exclusion have been mailed timely shall be provided by the Settlement Administrator to Class Counsel and Defendants' Counsel no later than seven (7) calendar days after the Objection/Exclusion Deadline. The Requests for Exclusion shall be filed with the Court by the Settlement Administrator in connection with Plaintiff's motion seeking the Final Approval Order and Judgment.

Any person in the Settlement Class who does not properly and timely submit a Request for Exclusion will be bound by this Settlement Agreement and the Final Approval Order, including the Release described in this Settlement Agreement. Any Person in the Settlement Class who submits a valid and timely Request for Exclusion shall not be a Settlement Class Member, bound by this Agreement or the Final Approval Order, entitled to any Settlement Class recovery, or otherwise gain any rights by virtue of this Agreement.

16. **Objections by Settlement Class Members.**

The Parties will request that the Court enter an order requiring any Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, to file a written notice of objection by the Objection/Exclusion Deadline, seventy-five (75) days after entry of the Preliminary Approval Order or such date as otherwise ordered by the Court, and mail a copy to Class Counsel and Defendants' Counsel at the addresses provided herein. To state a valid objection to the Settlement, an objecting Class Member must file a written notice of objection containing the following information: (i) full name, current address, and current telephone number; (ii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (iii) provide copies of any other documents that the objector wishes to submit in support of his/her position.  The objector must also include in its objection the name of the case *Dianna Khun v. Sleepy's LLC, CMC Acquisition Corp. d/b/a Capital Marketing Concepts, Inc.* Civil Action No. 1:17-CV-10110. Subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Service Awards, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice, a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") by the Objection/Exclusion Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with specifications set forth in the Notice, subject to approval by the Court,

may be deemed to have waived any objections to the Settlement and may be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Class Members. The Preliminary Approval Order and Notice will require all Class Members who have any objections to file such notice of objection or request to be heard with the Court and serve by mail or hand delivery such notice of objection or request to be heard to the Settlement Administrator at the addresses set forth in the Notice, by no later than the Objection/Exclusion Deadline. The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Court, along with the required information and documentation set forth above, or to serve them as provided above, may not be heard during the Final Approval Hearing, their objections may be waived, and their objections may not be considered by the Court, at the Court's discretion. If an individual is represented by an attorney, his/her attorney must file a Notice of Appearance with the Clerk of the United States District Court, District of Massachusetts, and deliver a copy to Class Counsel and Defendants' Counsel.

17. **Final Approval Order.**

    a. Upon all conditions precedent to the Settlement having been satisfied, including, but not limited to, the issuance of the Preliminary Approval Order, not later than ten (10) calendar days prior to the Final Approval Hearing:

        1. All Parties will request, individually or collectively, that the Court enter a Final Approval Order;

        2. Class Counsel shall file a memorandum of points and authorities in support of a motion seeking the Final Approval Order, no later than thirty-five (35) days prior to the Final Approval Hearing; and

        3. Class Counsel and/or Defendants' Counsel may file a memorandum addressing any objections filed with the Court and submitted to the Settlement Administrator as described in this Settlement Agreement no later than twenty-eight (28) days prior to the Final Approval Hearing.

        4. At the Final Approval Hearing, the Court will consider the proposed Final Approval Order, which shall, among other things:

        (a) find that the Court has personal jurisdiction over all Settlement Class Members;

(b) find that the Court has subject matter jurisdiction over the Action and the Released Claims such that the Court may approve this Agreement and all exhibits hereto;

(c) find final approval of this Settlement Agreement and the Settlement to be fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members, and that each Settlement Class Member shall be bound by this Settlement Agreement, including the Released Claims and the covenant not to sue as described in this Settlement Agreement, and that this Settlement Agreement should be and is approved;

(d) direct the Parties and their counsel to implement this Agreement according to its terms and provisions;

(e) declare this Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Settlement Class Members;

(f) find that the Notice as described in this Agreement satisfies the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and all applicable rules of the Court, constitutes the best practicable notice under the circumstances, constitutes notice that is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing, and is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement;

(g) find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering and implementing the Agreement;

(h) dismiss the Action, including without limitation all Released Claims against the Parties on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

(i) approve and incorporate the releases described in this Agreement, make such releases effective as of the date of entry of the Final Approval Order, and forever discharge Defendants from the Released Claims as described in this Agreement;

(j) without affecting the finality of the Final Approval Order, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Settlement Agreement; and

14

(k) permanently enjoin each Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendants.

18. **Non-Disclosure.**

a.    Plaintiffs, Defendants, and counsel for the respective Parties agree not to disclose or publicize this Settlement or its terms and conditions other than as required for Court approval of the Settlement and Notice to Class Members.

b.    To the extent the Parties are approached by media for public statements, they will only make statements consistent with any prior public statements and the Notice disseminated to members of the Settlement Class, concerning the Settlement approval proceedings.

c.    Nothing in this Agreement shall prohibit any Party or counsel for any Party from responding with truthful information to any disparaging statement regarding the Parties or the Settlement made in any print or electronic media outlet.

d.    Defendants also may respond to inquiries from media outlets regarding the Settlement by stating, in substance, that the company denies any liability in the action and settled the case in order to avoid the burden of continued litigation.

e.    Class Counsel may not disclose or publicize this Settlement and/or its terms and conditions as set forth herein except to the extent permitted by the Court. Notwithstanding the foregoing, Class Counsel may publicize the successful result obtained on behalf of the Settlement Class so long as such publication does not identify the Defendants by name.

f.    Notwithstanding the foregoing, nothing herein shall prevent Class Counsel from communicating with Settlement Class Members with regard to this Agreement or for any other issue they might seek legal guidance as permitted by the application Bar Rules.

19. **Releases.**

a.    Upon Final Approval, Plaintiff and the Class Members, on behalf of themselves and their respective, current, former, and subsequent heirs, predecessors, assigns, spouses, executors, successors, administrators, agents, partners, representatives, insurers, insureds, employees and attorneys will fully release and discharge Defendants, and all their respective present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries, parents, affiliates, divisions, joint ventures and entities in which Defendants has and/or had a controlling interest, and any and all of their respective officers, directors, partners, managers, members, principals, insurers, insureds, employees,

shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on their behalf with respect to claims against Defendants as set forth in the First Amended Complaint arising from the acts or omissions of Defendants from the Asserted Claims, any claims that were or could have been asserted in the Action, and any claims during the Class Period arising from alleged violations relating to the issuance of promotional gift cards (or vouchers for promotional gift cards) to Class Members during the Class Period.

b.      Upon Final Approval, Defendants, on behalf of themselves and all their respective present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries, parents, affiliates, divisions, joint ventures and entities in which Defendants has and/or had a controlling interest, and any and all of their respective officers, directors, partners, managers, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on their behalf will fully release and discharge Plaintiff, Class Members, and their respective, current, former, and subsequent heirs, predecessors, assigns, spouses, executors, successors, administrators, agents, partners, representatives, insurers, insureds, employees and attorneys with respect to claims Defendants could have alleged as counter claims in the above captioned Action, or otherwise, arising from transactions involving the issuance of promotional gift cards (or vouchers for promotional gift cards) to Class Members during the Class Period.

c.      Upon Final Approval, Sleepy's on behalf of themselves and all their respective present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries, parents, affiliates, divisions, joint ventures and entities in which Sleepy's has and/or had a controlling interest, and any and all of their respective officers, directors, partners, managers, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on their behalf will fully release and discharge Capitol and their respective present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries, parents, affiliates, divisions, joint ventures and entities in which Capitol has and/or had a controlling interest, and any and all of their respective officers, directors, partners, managers, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on their behalf with respect to claims as set forth in the First Amended Complaint, arising from the acts or omissions of Capitol from the Asserted Claims, any claims that were or could have been asserted in the Action, including but not limited to claims for indemnification and/or

16

contribution, and any claims during the Class Period arising from or related to the issuance of promotional gift cards (or vouchers for promotional gift cards) during the Class Period as it relates to the Class Members. Sleepy's reserves all rights related to indemnification and/or contribution for any and all claims related to promotional gift cards (or vouchers for promotional gift cards) related to claims other than those for the Class Members.

d.    Upon Final Approval, Capitol on behalf of themselves and all their respective present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries, parents, affiliates, divisions, joint ventures and entities in which Capitol has and/or had a controlling interest, and any and all of their respective officers, directors, partners, managers, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on their behalf will fully release and discharge Sleepy's and their respective present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries, parents, affiliates, divisions, joint ventures and entities in which Sleepy's has and/or had a controlling interest, and any and all of their respective officers, directors, partners, managers, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on their behalf with respect to claims as set forth in the First Amended Complaint, arising from the acts or omissions of Sleepy's from the Asserted Claims, any claims that were or could have been asserted in the Action, including but not limited to claims for indemnification and/or contribution, and any claims during the Class Period arising from or related to the issuance of promotional gift cards (or vouchers for promotional gift cards) during the Class Period as it relates to Class Members. Capitol reserves all rights related to indemnification and/or contribution for any and all claims related to promotional gift cards (or vouchers for promotional gift cards) related to claims other than those for the Class Members.

**20.    <u>Covenant Not to Sue.</u>**

Plaintiff and the Settlement Class Members agree and covenant not to sue Defendants with respect to any of the Released Claims, and agree not to otherwise assist others in doing so, and agree forever to be barred from filing, instituting, maintaining, collecting, proceeding against, or seeking to establish liability against any Defendants in any federal, state, or local court or forum, in or before any administrative agency, or in any other proceeding in any forum based upon, arising out of, related to, or otherwise in connection with, in whole or in part, the Released Claims.

21. **Non-Waiver.**

No delay or omission by any Party in exercising any right under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on any one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

22. **Complete Agreement.**

Other than as stated herein, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore. This Agreement contains and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, agreements, commitments, and writings in connection therewith. This Agreement may not be amended or modified except by a writing signed by authorized representatives of all Parties.

23. **Knowing and Voluntary Agreement.**

Plaintiff agrees that she is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiff further affirms that she has not been coerced, threatened, or intimidated into signing this Agreement; that she has been advised to consult with an attorney; and that she in fact has consulted with an attorney before signing this Agreement.

Defendants each agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Defendants further affirm that they have not been coerced, threatened, or intimidated into signing this Agreement; that they have been advised to consult with an attorney; and that they in fact have consulted with an attorney before signing this Agreement.

Class Counsel represents that they have conducted a thorough investigation into the facts of the Action and have diligently pursued an investigation of the Claims asserted on behalf of members of the Settlement Class against Defendants. Based on their own independent investigation, analysis of information, including documents and communications, Class Counsel states that they are of the opinion that the Settlement with Defendants is fair, reasonable, and adequate and is in the best interest of the members of the Settlement Class, in light of all known facts and circumstances, including the risks of significant delay and claims asserted by Defendants.

24. **Notices.**

Any notices issued pursuant to the terms of this Agreement (other than the Notice as defined herein) shall be sent to all Parties at the addresses of their respective counsel as follows:

*Khun v. Sleepy's, LLC and CMC Acquisition Corporation*
Class Action Settlement Agreement

For Plaintiffs to:

Michael C. Forrest, Esq.
Brian P. McNiff, Esq.
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
1 Salem Green, Suite 2
Salem, MA 01970

For Defendants to:

Beth-Ann Krimsky, Esq.
Jessica B. Alhalel, Esq.
GreenspoonMarder, LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301

AND

Christopher B. Parkerson, Esq.
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Center
3rd Floor
Boston, MA  02129

25.    **Severability.**

If any part of this Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law.  If one or more of the provision contained in the Agreement shall for any reason be held to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent under the applicable law.

26.    **Governing Law.**

This Agreement shall be governed by Massachusetts law, without regard to the Commonwealth's or any other state's choice of law provisions. The Parties also hereby submit to the jurisdiction of the Court for all purposes relating to the review, approval and enforcement of the terms of this Agreement.

27.    **Counterparts.**

This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK
SIGNATURE PAGE TO FOLLOW

**IN WITNESS WHEREOF**, the Parties and Class Counsel each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

CLASS COUNSEL,                          COUNSEL FOR SLEEPY'S

_____                 _____

Kevin J. McCullough, Esq.,              Christopher B. Parkerson, Esq.
Forrest, LaMothe, Mazow, McCollough,    Campbell Campbell Edwards & Conroy, P.C.
Yasi & Yasi, P.C.


PLAINTIFF, on behalf of herself and     DEFENDANT: SLEEPY'S, LLC,
others similarly situated,

_____                 _____
                                        Defendant
Plaintiff: Dianna Khun                  Dated: _____
Dated: 7/20/18


                                        COUNSEL FOR CMC ACQUISITION
                                        CORPORATION d/b/a CAPITAL MARKETING
                                        CONCEPTS, Inc.

                                        _____
                                        Jessica B. Alhalel, Esq.
                                        Greenspoon Marder, LLP
                                        Dated: _____


                                        DEFENDANT: CMC ACQUISITION
                                        CORPORATION d/b/a CAPITAL MARKETING
                                        CONCEPTS, Inc.

                                        _____
                                        Defendant:
                                        Dated: _____

20

*Khun v. Sleepy's, LLC and CMC Acquisition Corporation*
Class Action Settlement Agreement

**IN WITNESS WHEREOF**, the Parties and Class Counsel each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

CLASS COUNSEL,                                COUNSEL FOR SLEEPY'S

_____                     _____
Kevin J. McCullough, Esq.,                    Christopher B. Parkerson, Esq.
Forrest, LaMothe, Mazow, McCollough,          Campbell Campbell Edwards & Conroy, P.C.
Yasi & Yasi, P.C.


PLAINTIFF, on behalf of herself and           DEFENDANT: SLEEPY'S, LLC.
others similarly situated.

                                              _____
                                              Defendant
_____                     Dated:  7/20/18
Plaintiff: Dianna Khun
Dated: _____


                                              COUNSEL FOR CMC ACQUISITION
                                              CORPORATION d/b/a CAPITAL MARKETING
                                              CONCEPTS, Inc.


                                              _____
                                              Jessica B. Alhalel, Esq.
                                              Greenspoon Marder, LLP
                                              Dated: _____


                                              DEFENDANT: CMC ACQUISITION
                                              CORPORATION d/b/a CAPITAL MARKETING
                                              CONCEPTS, Inc.


                                              _____
                                              Defendant:
                                              Dated: _____

20

*Khun v. Sleepy's, LLC and CMC Acquisition Corporation*
Class Action Settlement Agreement

**IN WITNESS WHEREOF,** the Parties and Class Counsel each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

CLASS COUNSEL,                          COUNSEL FOR SLEEPY'S

_____               _____
Kevin J. McCullough, Esq.,              Christopher B. Parkerson, Esq.
Forrest, LaMothe, Mazow, McCollough,    Campbell Campbell Edwards & Conroy, P.C.
Yasi & Yasi, P.C.

PLAINTIFF, on behalf of herself and     DEFENDANT: SLEEPY'S, LLC,
others similarly situated,

                                        _____
_____               Defendant
Plaintiff: Dianna Khun                  Dated: _____
Dated: _____

                                        COUNSEL FOR CMC ACQUISITION
                                        CORPORATION d/b/a CAPITAL MARKETING
                                        CONCEPTS, Inc.

                                        _____
                                        Jessica B. Alhalel, Esq.
                                        Greenspoon Marder, LLP
                                        Dated: 7/20/18

                                        DEFENDANT: CMC ACQUISITION
                                        CORPORATION d/b/a CAPITAL MARKETING
                                        CONCEPTS, Inc.
                                                    President for CMC
                                        _____
                                        Defendant:
                                        Dated: 7/19/18

20

# **EXHIBIT A**

OFFICIAL COURT NOTICE OF
SETTLEMENT OF CLASS ACTION

*Khun v. Sleepy's, LLC*
Settlement Administrator
P.O. Box xxxx
City, State xxxx-xxxx

# You could get \$25 or more from a class-action settlement involving promotional gift cards offered in conjunction with certain Sleepy's purchases.

*www.[XXXX].com*
*1-800-XXX-XXXX*

**XXX**

**<<ScanString>>**
Postal Service: Please do not mark barcode
Claim#: XXX - <<AccountID>>-
<<NoticeID>>
<<First Name>> <<LastName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>

A Settlement has been reached with Sleepy's, LLC ("Sleepy's") and CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc. (together "Defendants") in a class action involving promotional gift cards offered as part of qualifying purchases made at Sleepy's retail locations in Massachusetts and online for delivery in Massachusetts. The lawsuit alleges that the Defendants' promotion failed to properly identify certain use and redemption conditions for the promotional gift cards, and imposed material terms and conditions related to the promotion that were not disclosed.  Defendants deny Plaintiff's allegations and assert that all of their promotional practices complied with all state and federal legal requirements.

**Who is Included?** Defendants' records show that you may be included. Specifically, the Settlement includes: all persons who made a qualifying promotional purchase between November 7, 2012 to July 23, 2018 at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase ("Settlement Class Members"); and (a) were provided with and redeemed a Voucher ("Redeemed Voucher Subclass"), or (b) were <u>not</u> provided with and did <u>not</u> redeem a Voucher ("Unredeemed Voucher Subclass").

**The Settlement:** Defendants will pay up to $650,000 to settle the lawsuit; of this, up to $338,400 will be distributed in payments to Settlement Class Members, up to $250,000 will be paid to Class Counsel as fees and costs; up to $6,300 will be paid to the named Plaintiff (Dianna Khun) as a Service Award; and up to $55,000 will be used for Settlement Administration Expenses.

**What Can I Get?** If the Court finally approves the Settlement, members of the Redeemed Voucher Subclass will receive $25.00 for each Voucher they were entitled to and redeemed. Members of the Unredeemed Voucher Subclass will receive the actual value of the Voucher(s) they were entitled to but did not redeem. The average value of the Voucher is $110.33, but your Voucher may be worth more or less than that depending on your particular Sleepy's purchase.

**How Do I Get a Payment?** You do not need to do anything to get a Settlement Payment. Payments will be issued if Court finally approves the Settlement and any appeals are resolved.

**Your Rights:** If you do nothing, you will receive a Settlement Payment and your rights will be affected. If you do not want to be legally bound by the Settlement or receive a Settlement Payment, you must exclude yourself from the Settlement **no later than _____, 2018**. Unless you exclude yourself, you will not be able to sue or continue to sue the Defendants for any of the legal issues resolved by this Settlement and released by the Settlement Agreement. If you stay in the Settlement (do not exclude yourself), you may object to it and notify the Court that you or your lawyer intend to appear at the Court's Fairness Hearing. Objections must be filed with the Court and mailed to Counsel **no later than _____, 2018**.

**Court's Fairness Hearing:** The Court will hold a hearing in this case on **[date]** at the U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210. At the hearing, the Court will decide whether to approve the Settlement, Class Counsel's fees and costs, and the service fee payment.

**Please see the Settlement Website at _____ for more information and the full settlement terms.**

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*Dianna Khun v. Sleepy's LLC, CMC Acquisition Corp. d/b/a Capital Marketing Concepts, Inc.*
Civil Action No. 1:17-CV-10110

**OFFICIAL COURT NOTICE OF SETTLEMENT OF CLASS ACTION**

To:     Certain Customers of Sleepy's LLC Who Made Certain Qualifying Promotional
        Purchases
Re:     Settlement of Class Action Lawsuit
Date:   _____

**INTRODUCTION**

This Notice explains the above-referenced lawsuit and the terms of the settlement and explains your rights and obligations.  The Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties. The Notice contains information about the following topics:

1.  What is the Lawsuit About and Why Was This Notice Sent?
2.  Who is Affected by the Proposed Settlement?
3.  What are the Terms of the Proposed Settlement and How Much Can You Expect to Receive?
4.  Who Represents the Parties and How Will the Attorneys for the Class Get Paid?
5.  What are Your Options?
6.  What If You Do Nothing?
7.  How Can you Exclude Yourself or Opt-Out of the Settlement?
8.  How Can you Object to the Settlement?
9.  What to do if You Have Questions?

**1. What Is the Lawsuit About and Why Was This Notice Sent?**

A class action lawsuit was filed by Plaintiff Dianna Khun alleging that the Defendants Sleepy's, LLC ("Sleepy's") and CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc. ("Capitol") offered promotional gift cards as part of certain qualifying purchases made at Sleepy's retail locations in Massachusetts and online for delivery in Massachusetts.  The lawsuit alleges that the Defendants' promotion failed to properly identify certain use and redemption conditions for the promotional gift cards, and imposed material terms and conditions related to the promotion that were not disclosed.  Defendants deny Plaintiff's allegations and assert that all of their promotional practices complied with all state and federal legal requirements.

The lawsuit is now before the Honorable Judge Saylor, United States District Court Judge for the United States District Court for the District of Massachusetts.

The parties have reached a proposed settlement of all claims in the lawsuit as to the Settlement Class after a thorough review of promotional materials and customer records.

The Court has granted preliminary approval of the settlement and has scheduled a hearing on _____ at _____ in the United States District Courthouse in Boston, Massachusetts to determine whether to grant final approval of the proposed settlement.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2. Who is Affected by the Proposed Settlement?

The proposed settlement affects those individuals who made qualifying promotional purchases at a Sleepy's retail location in Massachusetts or an online purchase for a Massachusetts delivery between November 7, 2012 to July 23, 2018. The Court has certified, for settlement purposes only, the following Settlement Class:

> All persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase.

> Excluded from the Class are all past and present employees, agents, officers, and directors of Sleepy's and Capitol and persons who have released Sleepy's or Capitol from liability for claims associated with the distribution and redemption of promotional gift cards.

Moreover, the Settlement Class is comprised of the following two (2) subclasses:

> The Redeemed Voucher Subclass (Subclass A): shall include all persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase, who were provided with a Voucher, and who did redeem said Voucher.

> The Unredeemed Voucher Subclass (Subclass B): shall include all persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to

2

be provided by Sleepy's as part of their purchase, who were not provided with a Voucher, but who did not redeem said Voucher.

## 3. What are the Terms of the Proposed Settlement and How Much Can You Expect to Receive?

How much you will receive will depend on which of the two subclasses of which you are a part.

If the Court finally approves of the Settlement Agreement, members of Subclass A will receive $25.00 for each Voucher to which the class member was entitled and for which Voucher redemption was made.

If the Court finally approves of the Settlement Agreement, members of Subclass B will receive the actual value of the Voucher to which the class member was entitled and for which no Voucher redemption was made. The average value of the Voucher is $110.33, but your Voucher may be worth more or less than the average depending on your particular Sleepy's purchase.

The Settlement funds will generally be distributed as follows: (1) simultaneous payment to subclasses A and B, (2) payment of the Court approved Fees and Costs for Class Counsel, and (3) payment of the service fee payment to the named Plaintiff in an amount not to exceed $6,300.00.

Any funds remaining or uncollected from the Common Fund will be distributed to an agreed upon charitable *cy pres* once all approved disbursements have been made.

## 4. Who Represents the Parties and How Will the Attorneys for the Class Get Paid?

Attorneys for the Plaintiff and the Class:

John R. Yasi, Esq.
Michael C. Forrest, Esq.
Kevin J. McCullough, Esq.
Brian P. McNiff, Esq.
Forrest, LaMothe, Mazow McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970

Class Counsel will apply to the Court for legal fees and reimbursement of litigation costs in an amount not to exceed $250,000.00. Class Counsel will also request a representative service award for the named Plaintiff of an amount not to exceed $6,300.00. The actual

amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs is reasonable.

## 5. What are Your Options?

You have three options with regard to this Settlement.  You can:

1. Do nothing.
2. Request to be excluded from the settlement entirely; or
3. Object to any portion of the settlement agreement.

Details about how each option would affect your rights are explained below.

## 6. What If You Do Nothing?

If you are identified as a Settlement Class member and receive this Notice and if you do nothing more, you will be bound by the terms of the Settlement and will, upon approval of the Settlement by the Court and that approval becoming final, be deemed to have released all of the federal and/or state claims you may have against both Defendants.

If you are identified as a Settlement Class member and receive this Notice and if you do nothing more, you will receive a check in the mail which will be for the amounts identified in Section 3, above upon final approval of the Settlement.

## 7. How Can You Exclude Yourself or Opt-out of the Settlement?

You may exclude yourself from the Class Settlement by submitting a 'Request for Exclusion' to the Settlement Administrator at _____.  If you exclude yourself, you will not participate in these proceedings, nor will you receive any money from the net settlement fund.  You will also retain the right to assert any of the claims you may have against either Defendant.

To exclude yourself from the Class, you must submit a *"Request for Exclusion from the Settlement Class"* in writing to the Settlement Administrator at the address above with a postmark date of no later than _____ [60 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL].

This Request for Exclusion shall include your name and current address and shall specifically state your desire to be excluded from the Settlement Agreement and from the Settlement Class in the case of *Dianna Khun v. Sleepy's LLC, CMC Acquisition Corp. d/b/a Capital Marketing Concepts, Inc.* Civil Action No. 1:17-CV-10110, and that you understand that by excluding yourself from the Settlement, you will receive no funds in connection with this case.

4

## 8. How Can You Object to the Settlement?

If you're a Class Member, you can object to the settlement if you do not like any part of it.

In order to object to the Settlement, you must file a copy of your written objection with the Court at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA, and mail a copy of your written objection to Counsel for the parties, identified below, no later than _____ [WITHIN 75 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL].

To state a valid objection to the Settlement, your objection must contain the following information: (i) full name, current address, and current telephone number; (ii) a statement of the position(s) you wish to assert, including the factual and legal grounds for your position; and (iii) provide copies of any other documents that you wish to submit in support of your position. You must also include the name of the case *Dianna Khun v. Sleepy's LLC, CMC Acquisition Corp. d/b/a Capital Marketing Concepts, Inc.* Civil Action No. 1:17-CV-10110 in your objection.

### *PLEASE DO NOT TELEPHONE THE COURT.*

If you submit a timely objection, you may also appear, at your own expense, at the Final Approval Hearing. However, to appear at the Final Approval Hearing in Court, you must first file and serve upon Counsel for the parties a "Notice of Intention to Appear at the Final Approval Hearing" which is set to occur on _____, at United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA. You may represent yourself or appear through your own attorney. To do so, you or your attorney must also file a "notice of Appearance" with the Clerk of the United States District Court for the District of Massachusetts and deliver copies of each to the Counsel listed below, no later than _____ [WITHIN 60 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL].
**You must mail the objection or request for exclusion to all of the following no later than DATE** [75 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL]**:**

| To the Court: | And to Counsel: |
|---|---|
| United States District Court for the District of Massachusetts<br>Attn: Khun Settlement<br>Civil Action No. 1:17-CV-10110<br>1 Courthouse Way<br>Boston, MA 02210 | Kevin J. McCullough, Esq.<br>Brian P. McNiff, Esq.<br>Attn: Khun Settlement<br>Forrest, LaMothe, Mazow,<br>McCullough, Yasi & Yasi, P.C.<br>Attn: Khun Settlement<br>2 Salem Green, Suite 2<br>Salem, MA 01970 |

|  | Jessica Alhalel, Esq. Attn: Khun Settlement Greenspoon Marder, LLP PNC Building 200 East Broward Blvd, Suite 1800 Fort Lauderdale, FL 33301 Benjamin R. Davis, Esq. Attn: Khun Settlement Locke Lord, LLP 2800 Financial Plaza Providence, RI 02903 Christopher B. Parkerson, Esq. Erica L. Larence, Esq. Attn: Khun Settlement Campbell, Campbell, Edwards & Conroy, P.C. One Constitution Center, 3rd Floor Boston, MA 02129 |
|---|---|

## 9. What To Do If You Have Questions?

This notice summarizes the proposed settlement. More details are in a settlement agreement. You can get a copy of the settlement agreement by writing to Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C., 2 Salem Green, Salem, MA 01970, or by visiting the Settlement Website at _____. You can also call Class Counsel at 877-599-8890.

*PLEASE DO NOT TELEPHONE THE COURT, DEFENDANTS OR DEFENDANTS' COUNSEL.*

# **EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANNA KHUN, on behalf of herself and all
others similarly situated,

    Plaintiff

    v.

SLEEPY'S, LLC and CMC ACQUISITION
CORPORATION, d/b/a CAPITOL
MARKETING CONCEPTS, INC.,

    Defendants.

**Case No. 1:17-cv-10110**

**[PROPOSED]**
**PRELIMINARY APPROVAL ORDER**

WHEREAS, Plaintiff, Dianna Khun ("Plaintiff" or "Khun"), filed the above-captioned class action (the "Action") on behalf of herself and members of the Class (as defined herein) against Defendants Sleepy's LLC ("Sleepy's") and CMC Acquisition Corporation d/b/a Capital Marketing Concepts, Inc. ("Capital") (together "Defendants");

WHEREAS, Plaintiff, on behalf of herself and the members of the Class, and Defendants, by and through their respective attorneys, entered into and filed a settlement agreement dated July 23, 2018 (the "Settlement Agreement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement (the "Settlement") of the Action;

WHEREAS, the Preliminary Approval Order seeks to certify, for settlement purposes, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A, a settlement class consisting of ("Settlement Class"):

All persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase.

Excluded from the Class are all past and present employees, agents, officers, and directors of Sleepy's or Capitol and persons who have released Sleepy's or Capitol from liability for claims associated with the distribution and redemption of promotional gift cards.

## NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Action and, for the purposes of the Settlement of the Action has jurisdiction over Plaintiff, all Class Members, and Defendants.

2. Except for terms defined herein (with the definitions to be applicable to both the singular and the plural forms of each term defined if both such forms of such term are used herein), the Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

3. Notices are to be provided to the Settlement Class pursuant to, and in the manner directed by, the Settlement Agreement. The form and manner of the Notices as set out in the Settlement Agreement adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and applicable law, constitutes the most appropriate notice practicable under the circumstances and constitutes due and sufficient notice of the Settlement and Final Approval Hearing (as defined below) and all other matters referred to in the Notices to all Persons entitled to receive such Notices.

4. The Court finds that each of the requirements of Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A have been satisfied with respect to certification of a class for settlement purposes, in that: (a) the class is so numerous that joinder of all members is

2

impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the Class Representative (as defined below) are typical of the claims or defenses of the Class, (d) the Class Representative will fairly and adequately protect the interests of the Class, (e) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Plaintiff, Dianna Khun, is hereby conditionally certified as the settlement class representative (the "Class Representative"), and her counsel, Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C. are conditionally appointed as class counsel of the settlement class ("Class Counsel"). The Court finds that the Class Representative and Class Counsel have fairly and adequately represented the interests of the Class.

6. The Court finds that the Settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class and should be preliminarily approved. The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class, on the one hand, and Defendants, on the other hand. Accordingly, the Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement are hereby preliminarily approved in their entirety, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A.

7. The Court approves KCC LLC as the Settlement Administrator, to perform the duties set forth in the Settlement Agreement.

8. <u>Final Approval Hearing</u>.  A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2018, at _____, in the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts to determine whether:

   A.  For settlement purposes only, the Court's conditional certification of the Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A, should be made final;

   B.  Determine whether to grant final approval of the Settlement Agreement;

   C.  Consider any timely objections made to the Settlement Agreement and all responses to the objections filed by the Parties;

   D.  Determine whether judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Action with prejudice;

   E.  Rule on Plaintiff's Fee and Expense Application ("Fee and Expense Application");

   F.  Rule of Plaintiff's Service Award request; and

   G.  Hear and determine other matters relating to the proposed Settlement.

9. <u>Reservation by the Court.</u> The Court reserves the right to adjourn and reconvene the Final Approval Hearing, including with respect to Plaintiff's Fee and Expense Application, without further notice to the Members of the Class other than an oral announcement at the Final Approval Hearing or any adjournment thereof.  Papers in support of Final Approval and Plaintiff's Fee and Expense Application and papers in opposition to any objections, may be filed with the Court and served upon all Parties, and on the Persons filing objections or, if they are represented by an attorney, their attorney. The Court may approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Members of the Class.

10. <u>Appearance at the Final Approval Hearing and Objections to Settlement</u>.  Any Member of the Class may appear and show cause, if he, she or it has any reason why the Settlement should or should not be approved, or why the Order and Final Judgment should or should not be entered, or to request exclusion from the Action, provided, however, that no Member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment to be entered thereon, unless that Person serves on counsel for the Parties and files with the Court a notice in accordance with the terms of the Settlement Agreement. Any objection or request for exclusion which must be submitted in accordance with the Notice and Settlement Agreement. In order to object to the Settlement and/or Request for Fees and Expenses, a Person must file a copy of his/her written objection with the Court and mail a copy of their written objection to counsel for the Parties in accordance with the Notice and Settlement Agreement. Any written objection filed by an objecting Class Members must contain the following information: (i) full name, current address, and current telephone number; (ii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (iii) provide copies of any other documents that the objector wishes to submit in support of his/her position.  The objector must also include in its objection the name of the case *Dianna Khun v. Sleepy's LLC, CMC Acquisition Corp. d/b/a Capital Marketing Concepts, Inc.* Civil Action No. 1:17-CV-10110. If an individual submits a timely objection, he/she may also appear, at their own expense, at the Final Approval Hearing. However, to appear at the Final Approval Hearing in Court, the individual must first submit a 'Notice of Intention to Appear' at the Final Approval Hearing. An objecting Member of the Classes can represent him/herself or appear through their own attorney. If an individual is represented by

an attorney, his/her attorney must file a 'Notice of Appearance' with the Clerk of the United States District Court, District of Massachusetts, and deliver copy to counsel for the Parties as provided in the Notice and Settlement Agreement.

11. <u>Stay of Proceedings</u>.  All proceedings in the Action or claims by any of the putative Class Members related to the claims set forth in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement or proceedings in connection with Plaintiff's Fee and Expense Application, are hereby stayed and suspended until further order of this Court.  Pending final determination of whether the Settlement provided for in the Settlement Agreement should be approved, Plaintiff and all members of the Classes, or any of them, are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties.

12. <u>Termination of Settlement</u>.  If the Settlement is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement, any Class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered thereafter) shall be terminated and shall become null and void and of no further force and effect.  In such event, the Parties shall be restored to their respective positions in the Action prior to the execution of the Settlement Agreement and its predecessor Memorandum of Understanding entered into by the Parties.

13. <u>No Admissions by the Parties</u>.  The provisions contained in the Settlement Agreement shall not be deemed or constitute a presumption, concession or an admission by any Party in the Action of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and

shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any Person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

14. <u>Retention of Exclusive Jurisdiction by the Court</u>. The Court retains exclusive jurisdiction over the Action to consider all further applications arising out of or in connection with with the Settlement.

BY THE COURT:

Dated: _____        _____

_____, J.