UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNA KHUN, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>SLEEPY'S, LLC and CMC ACQUISITION CORPORATION, d/b/a CAPITOL MARKETING CONCEPTS, INC.,<br><br>Defendants. | Case No. 1:17-cv-10110 |

## **PRELIMINARY APPROVAL ORDER**

WHEREAS, Plaintiff, Dianna Khun ("Plaintiff" or "Khun"), filed the above-captioned class action (the "Action") on behalf of herself and members of the Class (as defined herein) against Defendants Sleepy's LLC ("Sleepy's") and CMC Acquisition Corporation d/b/a Capital Marketing Concepts, Inc. ("Capital") (together "Defendants");

WHEREAS, Plaintiff, on behalf of herself and the members of the Class, and Defendants, by and through their respective attorneys, entered into and filed a settlement agreement dated July 23, 2018 (the "Settlement Agreement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement (the "Settlement") of the Action;

WHEREAS, the Preliminary Approval Order seeks to certify, for settlement purposes, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A, a settlement class consisting of ("Settlement Class"):

> All persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase.
>
> Excluded from the Class are all past and present employees, agents, officers, and directors of Sleepy's or Capitol and persons who have released Sleepy's or Capitol from liability for claims associated with the distribution and redemption of promotional gift cards.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of the Action and, for the purposes of the Settlement of the Action has jurisdiction over Plaintiff, all Class Members, and Defendants.

2. Except for terms defined herein (with the definitions to be applicable to both the singular and the plural forms of each term defined if both such forms of such term are used herein), the Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

3. Notices are to be provided to the Settlement Class pursuant to, and in the manner directed by, the Settlement Agreement. The form and manner of the Notices as set out in the Settlement Agreement adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and applicable law, constitutes the most appropriate notice practicable under the circumstances and constitutes due and sufficient notice of the Settlement and Final Approval Hearing (as defined below) and all other matters referred to in the Notices to all Persons entitled to receive such Notices.

4. The Court finds that each of the requirements of Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A have been satisfied with respect to certification of a class for settlement purposes, in that: (a) the class is so numerous that joinder of all members is

impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the Class Representative (as defined below) are typical of the claims or defenses of the Class, (d) the Class Representative will fairly and adequately protect the interests of the Class, (e) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Plaintiff, Dianna Khun, is hereby conditionally certified as the settlement class representative (the "Class Representative"), and her counsel, Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C. are conditionally appointed as class counsel of the settlement class ("Class Counsel"). The Court finds that the Class Representative and Class Counsel have fairly and adequately represented the interests of the Class.

6. The Court finds that the Settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class and should be preliminarily approved. The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class, on the one hand, and Defendants, on the other hand. Accordingly, the Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement are hereby preliminarily approved in their entirety, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A.

7. The Court approves KCC LLC as the Settlement Administrator, to perform the duties set forth in the Settlement Agreement.

8. <u>Final Approval Hearing.</u> A hearing (the "Final Approval Hearing") shall be held before this Court on __11/27/2018__, 2018, at __3:00 PM__, in the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts to determine whether:

   A. For settlement purposes only, the Court's conditional certification of the Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A, should be made final;

   B. Determine whether to grant final approval of the Settlement Agreement;

   C. Consider any timely objections made to the Settlement Agreement and all responses to the objections filed by the Parties;

   D. Determine whether judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Action with prejudice;

   E. Rule on Plaintiff's Fee and Expense Application ("Fee and Expense Application");

   F. Rule of Plaintiff's Service Award request; and

   G. Hear and determine other matters relating to the proposed Settlement.

9. <u>Reservation by the Court.</u> The Court reserves the right to adjourn and reconvene the Final Approval Hearing, including with respect to Plaintiff's Fee and Expense Application, without further notice to the Members of the Class other than an oral announcement at the Final Approval Hearing or any adjournment thereof. Papers in support of Final Approval and Plaintiff's Fee and Expense Application and papers in opposition to any objections, may be filed with the Court and served upon all Parties, and on the Persons filing objections or, if they are represented by an attorney, their attorney. The Court may approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Members of the Class.

10. <u>Appearance at the Final Approval Hearing and Objections to Settlement</u>. Any Member of the Class may appear and show cause, if he, she or it has any reason why the Settlement should or should not be approved, or why the Order and Final Judgment should or should not be entered, or to request exclusion from the Action, provided, however, that no Member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment to be entered thereon, unless that Person serves on counsel for the Parties and files with the Court a notice in accordance with the terms of the Settlement Agreement. Any objection or request for exclusion which must be submitted in accordance with the Notice and Settlement Agreement. In order to object to the Settlement and/or Request for Fees and Expenses, a Person must file a copy of his/her written objection with the Court and mail a copy of their written objection to counsel for the Parties in accordance with the Notice and Settlement Agreement. Any written objection filed by an objecting Class Members must contain the following information: (i) full name, current address, and current telephone number; (ii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (iii) provide copies of any other documents that the objector wishes to submit in support of his/her position. The objector must also include in its objection the name of the case *Dianna Khun v. Sleepy's LLC, CMC Acquisition Corp. d/b/a Capital Marketing Concepts, Inc.* Civil Action No. 1:17-CV-10110. If an individual submits a timely objection, he/she may also appear, at their own expense, at the Final Approval Hearing. However, to appear at the Final Approval Hearing in Court, the individual must first submit a 'Notice of Intention to Appear' at the Final Approval Hearing. An objecting Member of the Classes can represent him/herself or appear through their own attorney. If an individual is represented by

an attorney, his/her attorney must file a 'Notice of Appearance' with the Clerk of the United States District Court, District of Massachusetts, and deliver copy to counsel for the Parties as provided in the Notice and Settlement Agreement.

11. <u>Stay of Proceedings</u>.  All proceedings in the Action or claims by any of the putative Class Members related to the claims set forth in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement or proceedings in connection with Plaintiff's Fee and Expense Application, are hereby stayed and suspended until further order of this Court.  Pending final determination of whether the Settlement provided for in the Settlement Agreement should be approved, Plaintiff and all members of the Classes, or any of them, are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties.

12. <u>Termination of Settlement</u>.  If the Settlement is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement, any Class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered thereafter) shall be terminated and shall become null and void and of no further force and effect.  In such event, the Parties shall be restored to their respective positions in the Action prior to the execution of the Settlement Agreement and its predecessor Memorandum of Understanding entered into by the Parties.

13. <u>No Admissions by the Parties</u>.  The provisions contained in the Settlement Agreement shall not be deemed or constitute a presumption, concession or an admission by any Party in the Action of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and

shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any Person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

14. <u>Retention of Exclusive Jurisdiction by the Court</u>. The Court retains exclusive jurisdiction over the Action to consider all further applications arising out of or in connection with with the Settlement.

Dated: 7/26/2018

BY THE COURT:

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV
United States District Judge