UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNA KHUN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>SLEEPY'S, LLC and CMC ACQUISITION CORPORATION, d/b/a CAPITOL MARKETING CONCEPTS, INC.,<br><br>    Defendants. | **Case No. 1:17-cv-10110** |

## <u>PLAINTIFF'S UNOPPOSED</u><br><u>FEE AND EXPENSE APPLICATION</u>

**T**ABLE OF **C**ONTENTS

I.      **I**NTRODUCTION ............................................................................. 2

II.     **P**ROCEDURAL **B**ACKGROUND AND
        **S**UMMARY OF **P**LAINTIFF'S **C**LAIMS ....................................... 3

III.    **A**RGUMENT ................................................................................. 7

        A.  Standard of Review ............................................................ 7

        B.  The Massachusetts Consumer Protection Act Includes Provisions for the
            Payment of Attorney's Fees ............................................... 8

        C.  Plaintiff's Request for an Award of Fees and Costs is Reasonable ............ 10

        D.  Plaintiff's Counsel Secured an Excellent Result for Plaintiff and the
            Class ................................................................................ 17

        E.  Plaintiff's Counsel Has Extensive Experience Handling Class
            Actions, Which Contributed to the Success and Efficiency
            of the Settlement of this Action...........................................18

        F.  Plaintiff's Counsel Has Achieved Favorable Results on Behalf of
            Numerous Individuals and Class Litigants.........................20

        G.  Plaintiff's Counsel Are Entitled to Reimbursement of Their Costs ............ 21

        H.  Plaintiff is Entitled to An Incentive Award for Serving as Class
            Representative ................................................................ 21

IV.     **C**ONCLUSION ............................................................................. 22

i

## I.   INTRODUCTION

NOW COMES Plaintiff, Dianna Khun ("Plaintiff" or "Khun") as the representative of a settlement Class of similarly situated individuals (the "Class") in the above-captioned action ("Action") by and through counsel, and hereby submits this Unopposed Fee and Expense Application ("Application") for approval by this Court.

Plaintiff, through Counsel; Forrest, LaMothe, Mazow, McCullough, Yasi and Yasi, P.C. ("Plaintiff's Counsel") submits this Application consistent with the terms of the preliminarily approved Settlement Agreement and the Notices of the settlement as mailed to Class Members. Plaintiff's Counsel has served as counsel for Plaintiff and the Class in this Action since its inception.

By and through this Application, Plaintiff now seeks a total award (inclusive of costs, expenses and fees) of $248,920.41 to be paid separate and apart from the Settlement Class Fund ($338,400.00) per the terms of Article 5 of the Settlement Agreement.[1]

As the Court will note, the amount presently sought is less than Plaintiff's Counsel's lodestar fees for all work performed in pursuit of this claim, as reflected in the attached affidavits of John R. Yasi, Esq., Kevin J. McCullough Esq., Michael C. Forrest, Esq., Brian P. McNiff, Esq. and David J. Relethford, Esq. See, **Exhibits 1-5** (*Affidavits of Attorneys for Plaintiff*), and a copy of the Master Bill; **Exhibit 6** (*Master Bill for the Action*); and **Exhibit 7** (*[Reacted] Billing Sheets*).

Before providing a full detailed summary supporting the basis for the request for an award of attorneys' fees and costs, Plaintiff sets forth the following factors for consideration by the Court to further place this application in context:

---

[1] Plaintiff's Counsel will likely accrue billable fees greater than those presently sought as the Master Bill only runs through November 16, 2018.

1. Plaintiff's Counsel litigated this Action on a contingency fee basis.

2. Plaintiff's Counsel has significant experience handling class action and other consumer protection matters which led to the efficient and speedy resolution of the Action.

3. Plaintiff's claims included allegations that Defendants had violated certain state and federal consumer protection and gift card promotion laws, which violations would have entitled Plaintiff to full reimbursement of fees and costs.

4. The Settlement Agreement includes provisions that Defendant shall remit (a) to Subclass A, a payment of the full amount statutory damages; (b) to Subclass B, a payment of the full amount of gift cards which were never issued; (c) a payment of $55,000.00 to cover all administrative fees (paid separately from the class recovery); and (d) a payment of $6,300.00 as an incentive payment to the class representative (paid separately from the class recovery).

5. Ms. Khun actively participated in the pursuit of this Action throughout the litigation, settlement negotiations, and administration process.

6. Defendants have agreed not to oppose a fee and expense application up to $250,000.00.

For these reasons, and the reasons set forth herein, Plaintiff respectfully requests this Court approve Plaintiff's Application Fee and Expense Application.

## II. PROCEDURAL BACKGROUND AND SUMMARY OF PLAINTIFF'S CLAIMS

On November 7, 2016, Dianna Khun filed this putative class in the Suffolk County Superior Court, Massachusetts against Defendants, Sleepy's LLC ("Sleepy's") and CMC Acquisition Corporation d/b/a Capitol Marketing Concepts, Inc. ("Capitol") (collectively "Defendants") (Khun, Sleepy's and Capitol are collectively referred to herein as the "Parties").

On or about November 1, 2016, and pursuant to M.G.L. c. 93A, Khun served both Defendants with class-wide consumer protection demands.

Thereafter, on or about December 12, 2016, Plaintiff filed a First Amended Class Action Complaint and Demand for Jury Trial with added claims for purported violations of M.G.L. c. 93A.

On or about January 23, 2017, Defendant, Sleepy's LLC, removed this case to the United States District Court for the District of Massachusetts.  Thereafter, on January 30, 2017 both Defendants filed their respective answers and affirmative defenses to Khun's First Amended Class Action Complaint.

On April 3, 2017, the Parties appeared for the Rule 16 and Rule 26 Joint Scheduling Conference and filed their associated statements.  Following the conference, the Parties agreed to and executed a joint motion for entry of protective order.

On June 16, 2017, the Parties appeared for a status conference.  At the conference, the Parties reported that they had reached an agreement to proceed to private mediation.

Thereafter, on September 27, 2017, the Parties engaged Eric D. Greene, Esq. of Resolutions, LLC and held a full-day private mediation session.  However, at the time of the mediation the Parties were not able to fully resolve the alleged claims.

On October 11, 2017, the Parties appeared for a further status conference and proposed an amended scheduling order.

Thereafter, on January 11, 2018, the Parties appeared for a further status conference and discussed the Parties' amended scheduling order.  Said amended scheduling order was entered by this Court on January 11, 2018.

On March 26, 2018, the Parties appeared for a further status conference and reported to the Court that they had reached an agreement on general terms of a class-wide settlement.  The Parties

reported that there was a need for a brief confirmatory discovery process and requested a further status conference date.

Thereafter, on May 4, 2018, the parties appeared before this Court with confirmation of settlement.

The Court set the matter on for hearing June 20, 2018.

On or about June 20, 2018, the Parties appeared before the Honorable Dennis F. Saylor IV and presented the Motion for Preliminary Approval of Settlement to the Court, along with supporting documentation, including the Settlement Agreement and proposed Notice.

On or about July 26, 2018, the Court Preliminarily Approved the settlement.  Starting on or about August 23, 2018, in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, the Defendants complied and mailed the Notice packets to members of the Settlement Class.

On or about August 23, 2018, 7,152 notices were mailed to the Class Members.

In sum, the Defendant caused 7,153 notices and 1,673 corrected notices to be mailed. Further, of all notices mailed 1,266 were returned as undeliverable and 237 undeliverable notices had been re-mailed.

As of the filing of this motion, the Parties have not received any objection to the terms of the proposed settlement and only one opt-out.

Defendant produced sufficient information to describe the procedures followed to identify the Class Members and the amount of damages. The information produced by Defendant revealed the following subclasses and related damages:

| Class | Number of Promotional Gift Card Vouchers Issued | Settlement Relief per Promotional Gift Card Voucher | Total Settlement Relief |
|---|---|---|---|
| Subclass A | 5,283 | $25.00 | $132,075.00 |
| Subclass B | 1,870 | $110.33 | $206,325.00 |
|  |  | **Total:** | **$338,400.00** |

The terms of the Settlement Agreement preliminarily approved by this Court include the following term pertaining to Plaintiff's Application for Fees and Expenses; Article 6:

**6. Attorneys' Fees and Costs.**

a. Class Counsel may petition the Court for an award of Attorney's Fees and Costs in conjunction with the Parties' Settlement. Any such petition shall be filed no later than ten (10) days prior to the date of the Final Approval Hearing.

b. Defendants shall agree not to oppose Class Counsel's right to petition the Court for an award of Attorney's Fees and Costs in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00).

c. Any Attorney's Fees and Costs awarded in conjunction with the Parties' Settlement shall be paid in addition to the Common Fund; and accordingly, shall not diminish or disturb the Common Fund relief obtained on behalf of the Settlement Class.

Accordingly, as stipulated in the Settlement Agreement, the Parties endeavored and reached an agreement such that the Fee and Expense Application may be filed in the manner presented by this Application, and further, in a manner that ensured the relief obtained on behalf of the Class would not be disturbed.

III.   **ARGUMENT**

A.   **Standard of Review**

In a class action, an "[a]wards of attorneys' fees serve[s] the dual purpose of encouraging persons to seek redress for damages caused to an entire class of persons and discouraging future misconduct." See, In re Apollo Grp. Inc. Sec. Litig., 2012 WL 1378677, at *6 (D. Ariz. Apr. 20, 2012).

Likewise, the United States Supreme Court has consistently held that "a litigant or a lawyer who recovers a [] fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee …." Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980).

A violation of the Massachusetts Consumer Protection Act entitles the plaintiff to potential treble damages, and an award of costs and reasonable attorneys' fees. See, Hermida v. Archstone, 950 F. Supp. 2d 298, 303 (D. Mass. 2013), citing, M.G.L. c. 93A, § 9(3).

As the First Circuit recognized, "[f]ee-shifting provisions in general reflect a legislative judgment that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes over and above the value of a ... remedy to a particular plaintiff.'" Jeyce P. Town of Dennis, 720 F.3d 12, 31 (1st Cir. 2013) (citations omitted).

Accordingly, "[u]nder most [] fee-shifting statutes, … the trial judge must determine 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.' Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (internal citation omitted). As such, "[t]he lodestar approach is the method of choice for calculating fee awards." Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015).

The Lodestar method directs a court to determine the fair market rate for the legal services provided and multiply that rate by the number of hours reasonably spent on the case. See e.g., In

re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305 (1st Cir.1995).[2]

The utilization of the Lodestar method, as developed in detail below, supports the reasonableness of Plaintiff's Counsel's requested fee.

**B.** **The Massachusetts Consumer Protection Act Include Provisions for the Payment of Attorney's Fees**

With respect to the request for fees in connection with the successful prosecution of a claim which includes a fee-shifting provision, "[t]he amount recovered is one factor in determining what fee is reasonable... but is by no means 'the fundamental factor.'" Haddad Motor G13., Inc. v. Karp, Ackerman, Skabowski & Hogan, P.C., 603 F.3d 1, 10 (1st Cir. 2010), quoting, Homsi v. C. H. Babb Co., 10 Mass. App. Ct. 474, 481 (1980); see also, Peckham v. Cont'l Cas. Ins. Co., 895 F.2d 830, 841 (1st Cir. 1990).[3]

The First Circuit, in Joyce v. Dennis, applying Massachusetts law with respect to the same fee-shifting provision of the Consumer Protection Act (as is triggered in the instant action), determined that the district court had abused its discretion when it reduced an award of attorneys' fees from more than $170,000 to $30,000 based upon the fact that the plaintiff obtained only $15,000 in damages.

---

[2] The Lodestar method also allows a plaintiff to request that a judge apply an upward multiplier to the Lodestar amount in consideration of the initial risk of non-payment of fees in a particular litigation. See, e.g., In re Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A., 778 F.2d 890, 894 (1st Cir.1985); 4 Newberg on Class Actions § 13:80 (4th ed. 2008); In re TJX Companies Retail Sec. Breach Litig., 584 F. Supp. 2d 395, 398 (D. Mass. 2008)(awarding multiplier of 1.97); In re Tyco Int'l, Ltd. Multidistrict Litig., 535 F.Supp.2d 249, 271 (D.N.H.2007) (applying "lodestar" multiplier of 2.697); and In re Relafen, 231 F.R.D. at 82 ("[a] multiplier of 2.02 is appropriate."). Plaintiff's Counsel does not seek an upward modifier, despite the presence of risks of potentially unsuccessful litigation.

[3] In Petrone v. Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson & Affiliated Companies, the U.S. District Court of Massachusetts noted that, "[t]he Supreme Court has explained that this provision 'does not limit the availability of attorney's fees to the "prevailing party,"' but instead allows for the award of fees where a claimant shows 'some degree of success on the merits.'" Id. 2014 WL 1323751, at *1 (D. Mass., Mar. 31, 2014, (Attorneys awarded approximately $60,000 in a case where their claimant recovered approximately $9,000).

The <u>Joyce</u> Court opined:

> Consistent with this broad notion of the lawsuit's outcome, Massachusetts precedent emphasizes the need to consider, *inter alia,* "the interests that the statute in question is designed to protect and the public interest in allowing claims under that statute to proceed with competent counsel."

<u>Joyce v. Town of Dennis</u>, 720 F.3d 12, 27 (1st Cir. 2013), <u>quoting</u>, <u>Haddad</u>, 455 Mass. at 1025.

Thus, "when a plaintiff's victory, although '*de minimis as* to the extent of relief ... represent[s] a significant legal conclusion serving an important public purpose,' the fee award need not be proportionate to the damages recovered." <u>Killeen v. Westban Hotel Venture, LP</u>, 69 Mass. App. Ct. 784, 792 (2007) (citations omitted). While not an issue in the present action (as the Class members are receiving either the full amount of an unclaimed gift card or $25 if they were able to redeem their voucher) this is especially true for actions brought under statutes such as the Consumer Protection Act.

As the First Circuit further explained in <u>Joyce</u>, in commenting on the applicable fee-shifting provision, the "explicit statement that the award of fees shall be made 'irrespective of the amount in controversy' confirms the limited significance of a plaintiff's modest monetary success, including when the plaintiff had sought substantial damages." <u>Id</u>. at 27; <u>see</u> <u>also</u>, <u>Arthur D. Little Int'l v. Dooyang Co.</u>, 995 F. Supp. 217, 225 (D. Mass. 1998) (awarding attorneys' fees under c. 93A of $915,707 where damages totaled $460,000 because "[fees awarded pursuant to Massachusetts statutory authority must not necessarily be reduced because they are high in relation to the award of damages."); and <u>Olmstead v. Murphy</u>, 21 Mass. App. Ct. 664, 666 (1986) ("When the public, as here, has a particular interest in the vindication of a legal right, the market value of legal services, based on a reasonable expenditure of time and a reasonable time charge, should not

be automatically discounted because that value is high in relation to the amount recovered"). [4]

Accordingly, because of the public policy considerations inherent in statues with fee-shifting provisions such as the Consumer Protection Act, the proportionality of a fee award compared with the benefit obtained is not a proper consideration. Even if this consideration were warranted, the instant action demonstrates that the proportionality of the benefit obtained ($338,400.00) is favorable to the class in light of the fee award ($248,920.41).

In the case *sub judice*, Plaintiff contends that class-wide recovery *of the full amount* of the of the cards offered or $25.00, if voucher was redeemed, reflects the requested award of attorneys' fees for the successful prosecution of, and settlement of this Action as a class-action, is reasonable.

The negotiation and agreement by the Parties further supports the reasonableness of the amount sought in this Application.

That is, Plaintiff seeks fees by way of the Parties' agreement not diminish the recovery of the members of the Class, as they will still receive either the full amount of the gift card which they were promised or the full amount of statutory damages for gift cards they did receive.

**C.   Plaintiff's Request for an Award of Fees and Costs is Reasonable**

As set forth by way of this application and the declarations attached hereto, Plaintiff has provided a summary of Lodestar information for each attorney which he contends shall assist the Court in evaluating the reasonableness of Plaintiff's Counsel's Lodestar calculations. See, **Exhibit 1** (*Affidavit of John R. Yasi, Esq.*); **Exhibit 2** (*Affidavit of Attorney Kevin J. McCullough*); **Exhibits**

---

[4]See also, Graham v. Vengroff, Williams & Assoc., Inc., Civ. No. 02-0369 MV/RLP (D. N. Mex. Oct 4, 2004)(class settlement of $3,975, attorneys' fees of $19,341.16 awarded in contested fee application); Henderson v. Eaton, 2002 WL 31415728 (E.D. La. Oct. 25, 2002)( The court reaffirmed the position that "a rule of proportionality between the fee awarded and the damages recovered in determining the award of attorney fees" is expressly rejected and inapplicable, and accordingly, awarded $19,341.16 in attorneys' fees when class settlement was only $3,975); Campos v. Choicepoint Services, Inc., 2007 WL 2001797 (N.D. Ga. July 5, 2007) (class settlement of $168,000 under Fair Credit Reporting Act, attorneys' fees of $425,000 awarded "based on the Court's over 25 years' experience in the profession including as a lawyer who litigated complex commercial cases, including class actions").

**3** (*Affidavit of Attorney Michael C. Forrest*); **Exhibit 4** (*Affidavit of Brian P. McNiff, Esq.*); and

**Exhibits 5** (*Affidavit of Attorney David J. Relethford, Esq.*).

In addition, Plaintiff's Counsel has attached a copy of the Master Bill for the Action and a redacted copy of the associated billing sheets. See, **Exhibit 6** (*Master Bill*); and **Exhibit 7** (*Master Billing Sheets – Redacted*).[5]

As demonstrated in the affidavits, under the Lodestar method, Plaintiff's Counsel's billable fees alone are approximately $238,648.50. See, **Exhibit 6**.

1. Plaintiff's Counsel Expended a Reasonable Amount of Time and Effort Considering the Work Required to Finalize the Resolution of This Action

In this case Plaintiff's Counsel expended 534.00 total billable hours of time, through November 16, 2018, in litigating, negotiating, and finalizing the settlement of this Class Action. The amount of time expended in pursuing the claims in this Action and finalizing the terms of the class-wide settlement was reasonable considering the substantial work required and performed.[6]

The following is a summary of tasks completed by Plaintiff's Counsel in this successful Class Action:

(a) *Investigation of the Claim and Service of Demand Letter*

Plaintiff's Counsel met and consulted with Plaintiff to go over the details and viability of the claim. Plaintiff's Counsel analyzed all materials relevant to Plaintiff's claims and made determinations as to the pursuit of various claim(s).

---

[5] Class Counsel has prepared an unredacted Master Billing Sheet for the Court's *in camera* review. The unredacted billing sheets have not been provided with this application as they contain work product and privileged information. Upon request of the Court, Class Counsel shall provide the detailed billing sheets for review by the Court.

[6] The Master Bill only runs through November 16, 2018. Nonetheless, Plaintiff only seeks Court approval of an award of $250,000.00 for all expenses and billable attorneys' fees

Plaintiff's Counsel researched and retained an expert in the field of gift card promotions in order to assist Plaintiff's analysis in determining the viability of the Plaintiff's claims as well as to vet possible defenses and variations in damages calculations.   Plaintiff's Counsel held several conferences with Plaintiff's expert and also sought and received feedback from other attorneys who are familiar with gift card promotion claims.   Plaintiff's Counsel was able to determine that the Plaintiff's claims were valid and develop a strategy for pursuing said claims under Massachusetts law.

On or about November 1, 2016, Plaintiff's Counsel served upon the Defendants a Consumer Protection Act demand letter.  Said demand letter set out the factual basis for Plaintiff's claims, provided a legal analysis supporting the claims, and finally, made a demand for payment of damages and a request for injunctive relief.

(b) *Filing of the Complaint and Amended Complaint*

On or about November 7, 2016, Plaintiff's Counsel, on behalf of Plaintiff, filed a Complaint alleging various causes of action against Defendants for breach of contract, negligent misrepresentation, fraud and deceit, unjust enrichment, as well as declaratory judgment.

Thereafter, Plaintiff's Counsel waited the requisite 30 days in order for the Defendants to respond to the Consumer Protection Act demand letter.  After the 30-day window for response had expired without the Defendant responding, the Plaintiff filed an amended Class action complaint which added claims for violation of the Consumer Protection Act.

On or about January 23, 2017, Defendant, Sleepy's LLC, removed this case to the United States District Court for the District of Massachusetts.  Thereafter, both Defendants filed their respective answers and affirmative defenses to Khun's First Amended Class Action Complaint on January 30, 2017.

(c) *Initial Disclosures*

On or about March 13, 2017, the Parties exchanged initial disclosures as mandated by Fed. R. Civ. P 26.

(d) *Status Conferences*

On April 3, 2017, the Parties appeared for the Rule 16 and Rule 26 Joint Scheduling Conference and filed their associated statements.  Following the conference, the Parties agreed to and executed a joint motion for entry of protective order.

On June 16, 2017, the Parties appeared for a status conference.  At the conference, the Parties reported that they had reached an agreement to proceed to private mediation.

(e) *Private Mediation*

On September 27, 2017, the Parties engaged Eric D. Greene, Esq. of Resolutions, LLC and held a full-day private mediation session.  However, at the time of the mediation the Parties were not able to fully resolve the alleged claims.

(f) *Discovery*

Thereafter, on or about October 10, 2017, Plaintiff served upon Defendant Plaintiff's First Set of Admissions, First Request for the Production of Documents, and First Requests for Answers to Interrogatories.

(g) *Further Status Conferences*

On October 11, 2017, the Parties appeared for a further status conference and proposed an amended scheduling order.

Thereafter, on January 11, 2018, the Parties appeared for a further status conference and discussed the Parties' amended scheduling order.  Said amended scheduling order was entered by this Court on January 11, 2018.

*(h) Settlement Negotiations*

Despite the parties' inability to resolve the matter at private mediation, the parties continued to have settlement discussions and the voluntary exchange of information.

*(i) Final Status Conferences*

On March 26, 2018, the Parties appeared for a further status conference and reported to the Court that they had reached an agreement on general terms of a class-wide settlement. The Parties reported that there was a need for a brief confirmatory discovery process and requested a further status conference date.

Thereafter, on May 4, 2018, the parties appeared before this Court with confirmation of settlement.

*(j) Confirmatory Discovery*

While negotiating the final comprehensive settlement terms, Plaintiff's Counsel, in association with Defendant's Counsel, worked to obtain detailed records of the: (1) total number of class members; (2) whether the class member was issued a gift card or not and whether the class member fell into Subclass A or Subclass B; and (3) for Subclass B, the total value of each gift card offered but not issued.

The information exchanged between the Parties, confirmed that during the Class Period the total number of class members was 7,153, with 5,293 individuals falling into subclass A and 1,870 individuals falling into Subclass B. The combined damages for both Subclasses totaled: $338,400.00.

*(k) Settlement Documentation and Preliminary Approval*

Plaintiff's Counsel worked with Defendant's Counsel in drafting the following initial pleadings and documents: (1) preliminary Memorandum of Understanding; (2) a Comprehensive

Settlement Agreement; (3) a Joint Motion for Preliminary Approval of Settlement; (4) a [Proposed] Short Forma and Long Form Notice of Class Action Settlement; and (5) a [Proposed] Preliminary Approval Order.

On June 20, 2018, the Parties appeared before this Court for the Preliminary Approval Hearing.

On or about June 26, 2018, the Court allowed the Parties' Joint Motion for Preliminary Approval and Plaintiff's Counsel coordinated with Defense Counsel to ensure notification as contemplated by the terms of the Settlement Agreement.

> *(l)* *Notification Process*

Starting on or about August 23, 2018, in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and with the oversight of Plaintiff's Counsel, the Defendants complied and mailed the Notice packets to members of the Settlement Class.

On or about August 23, 2018, 7,152 notices were mailed to the Class Members. Thereafter, Plaintiff's counsel received information from several class members that the Notices were not properly addressed. Plaintiff's Counsel contacted the Defendant to address the issue. Thereafter, on or about September 6, 2018, 1,637 corrected notices were mailed out to Class Members whose address was improperly labeled on the first notice.

On August 23, 2018 the claims administrator mailed 7,153 notices.

Thereafter, on September 6, 2018, the claims administrator mailed 1,637 corrected notices to class members, for those members whose address information was initially incorrect.

Of all the notices mailed, as of September 17, 2018, 953 were returned undeliverable. Thereafter, of the 953 notices which were returned 253 notices were re-mailed.  In sum, the Defendant caused 7,153 notices and 1,673 corrected notices to be mailed.

Further, of all notices mailed 1,266 were returned as undeliverable and 237 undeliverable notices had been re-mailed.

Finally, as of November 5, 2018, only 10 notices have been returned as undeliverable; and the parties have only received 1 opt-out; and no objections.

(m)  *Tasks After Preliminary Approval of the Settlement*

Plaintiff's Counsel reviewed the file and researched all current relevant law for the purposes of drafting this Fee and Expense Application.

In addition to this Application, Plaintiff's Counsel drafted the following pleadings for Final Approval: (1) Joint Motion for Final Approval; (2) Memorandum in Support of the Motion for Final Approval; and (3) [Proposed] Final Order and Judgment.

(n)  *Tasks Related to the Suggestion of Bankruptcy*

On or about October 8, 2018, after Preliminary Approval had been allowed; and further, after notices had been distributed to Class Members, Sleepy's filed a *Suggestion of Bankruptcy* with eh Court.

Thereafter, Class Counsel engaged with counsel for the Parties as well as the bankruptcy attorneys for Mattress Firm, Inc. in an effort to ensure that Final Approval still process as scheduled and noticed.

As a result of these cooperative efforts, the Parties, with the assistance of Mattress Firm, Inc.'s bankruptcy attorneys, formulated a procedure so that Final Approval could still proceed; and further, any automatic stay enacted as a result of the filing of the *Suggestion of Bankruptcy*, would

be removed either by way of the passing of the Bankruptcy Effective Date or a certification of counsel to be file by counsel for Sleepy's.

(o) *Tasks for Final Approval of the Settlement*

Plaintiff's Counsel shall prepare for and appear at the Final Approval/Fairness Hearing scheduled for November 27, 2018.

The substantial time and effort expended on all aspects of the litigation in the Action was fair and reasonable.  All tasks described above were necessary and have directed this matter to the hearing on final approval of the settlement.

**D.  Plaintiff's Counsel Secured an Excellent Result for Plaintiff and the Class**

Plaintiff's Counsel negotiated and achieved an excellent recovery on behalf of Plaintiff and the Members of the Class.

If this Court enters final approval of the settlement, the principal terms of the Settlement Agreement between the Parties are as follows:

1. Defendants will pay the Settlement Class in the amount of $338,400.00, which represents either the full amount of statutory damages for the class of persons who received the gift card that they were promised, or to the group of persons who never received their gift card, 100% of the full value of the gift card proposed but not received during the Class Period.

2. The Settlement also requires the Defendant to pay separately all reasonable attorneys' fees, costs and an incentive award to the class representative.

17

**E. Plaintiff's Counsel Has Extensive Experience Handling Class Actions, Which Contributed to the Success and Efficiency of the Settlement of this Action.**

The Lodestar method takes into consideration: (1) the prevailing billing rate in the local legal marketplace; and (2) the experience and skills of the lawyers performing work on the case. See e.g., Blum v. Stenson, 465 U.S. 886, 895 (1984).

1. Plaintiff's Counsel's Rates are Reasonable and Consistent with Those Charged by Massachusetts Lawyers of Similar Skill and Experience.

As stated above, when accessing the reasonableness of a fee request, the court should consider, *inter alia*, the following: (1) the prevailing billing rate in the local legal marketplace; and (2) the experience and skills of the lawyers performing work on the case. See e.g., Blum v. Stenson, 465 U.S. 886, 895 (1984).

As set forth in **Exhibits 1-5** and **Exhibit 6**, Plaintiff's Counsel seeks fees at rates consistent with those rates of similar attorneys in the Massachusetts legal market.  Plaintiff seeks fees for the attorneys as follows: (1) Senior Partner, John R. Yasi, Esq., $625.00/hr; (2) Senior Partner, Kevin J. McCullough, Esq., $625.00/hr.; (2) Managing Partner, Michael C. Forrest, Esq., $450.00/hr.; Junior Partner, Brian P. McNiff, Esq., $385.00/hr; and (4) Associate, David J. Relethford, Esq., at $325.00/hr.[7]

As of 2013, the average billable market rate for a partner in Boston was $598.00/hr. and the average associate hourly rate was $388.21/hr.  See, Brandon Gee, *The Going Rate(s): 2013 "Real Rate Report" Reveals Who's Charging What in the Legal Community,* Lawyers Weekly, October 14, 2013 at page 1, http://masslawyersweekly.com/2013/10/11/the-going-rates/ (last visited May 10, 2017).

---

[7] As stated above, the reasonableness of Plaintiff's Counsel's fees is further evidenced by the fact that Class Counsel has only billed tasks at the rates applicable at the time the task was performed despite recognition from the United States Supreme Court that attorneys may bill at their respective rate at the time a fee application is submitted. See e.g., Missouri v. Jenkins by Agyei, 491 U.S. 274, 283–84 (1989).

The average billable rates for Boston based attorneys in 2012-2013 represent rates in line with the rates that Plaintiff's Counsel presently seeks for work performed in 2017-2018.

Moreover, studies show that from 2011 and 2015 billable hours at national law firms have increased by more than 10%. See, Katelyn Polantz, The National Law Journal, *Billing Rates Rise, Discounts Abound: A 10 percent increase is offset by price cuts,* January 5, 2015, http://www.nationallawjournal.com/id=1202713809557/Billing-Rates-Rise-Discounts-Abound (last visited July 20, 2018).

Moreover, as far back as 2011, courts in the Commonwealth, including the federal court, approved as reasonable the rates that Plaintiff's Counsel presently bills.  See e.g., Davis v. Footbridge Eng'g Servs., LLC, 2011 WL 3678928, at *4 (D. Mass. Aug. 22, 2011) (The federal court acknowledging that it has approved fee award applications at "rates ranging from $570–$735 for partners, $250–$495 for associates and $240–$275 for paralegals[.]"); see also, Commonwealth Care All. v. Astrazeneca Pharm. L.P., supra, at *1 citing, Tuli v. Brigham & Women's Hosp., Inc., 2009 U.S. Dist. LEXIS 129768 at *5–7 (D. Mass. June 8, 2009) (approving rates for Boston partners in the range of $600 to $700); and Brooks Automation, Inc. v. Blueshift Techs., *Inc.*, 21 Mass.L.Rptr. 53 (Mass Super. Ct. April 6, 2006) (approving rates ranging between $260 and $625 an hour).

The billing rates charged by Plaintiff's Counsel are reasonable when compared to the prevailing billing rates in the local legal marketplace, especially when considering: (1) inflation based upon average yearly rate increases; (2) Plaintiff's Counsel does not bill for paralegal work or time; and (3) Plaintiff's Counsel has billed time entries for the rates applicable at the time of the task performed (over the last 4 years) despite the permissible ability to charge at their most present rates,. See, Missouri v. Jenkins, supra, at 283–84.

Finally, with respect to Plaintiff's Counsel's reasonable market rates, it should also be noted that Plaintiff's Counsel has been previously approved at the presently requested rates (as presented in the Application) by various Courts throughout the Commonwealth.[8]

For these reasons, the rates charged by Plaintiff's Counsel are representative of the reasonable market rates for the legal services provided, and therefore, Plaintiff requests that this Court approve the fee award requested by way of this Application.

## F. Plaintiff's Counsel Has Achieved Favorable Results on Behalf of Numerous Individuals and Class Litigants.

For over eleven (11) years, the individual attorneys of Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, PC, have accumulated extensive experience through the litigation and settlement of numerous class actions.

Moreover, the Firm's attorneys have successfully served as Plaintiff's Counsel and obtained awards on behalf of multiple classes. See e.g., fn.8, supra.

The attorneys of Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, PC, also currently represent numerous putative and certified class claimants in class actions pending throughout the Commonwealth of Massachusetts and the U.S. District Court, District of Massachusetts.

---

[8] See e.g., Reis et al. v. Knight's Airport Limousine Service, Inc., CA No. WOCV-2014-01558 (Allowed October 25, 2018, Mulqueen, J.); Vargas et al. v. Crowninshield Management Corp. et al., CA No. 1777-CV-00331, Salim, J.); DeAmelio et al. v. Pilgrim Ins. Co., CA No. SUCV-1784-02206-BLS2 (Allowed September 25, 2018, Sanders, J.); Baldassari, et al. v. Ciox Health, LLC, CA No. SUCV-2017-0925-BLS2 (Allowed May 31, 2018, Salinger, J.); Doe et al. v. The Medical Treatment Center of Revere, et al., CA No. SUCV-2014-3487A (Allowed May 15, 2018, Campo, J.); Chayet, et al. v. Liberty Mutual Ins. Co., CA No. SUCV-2016-03558-BLS1 (Allowed January 30, 2018, Kaplan, J.); Butler et al. v. Salisbury Five C's, Inc., et al., CA No. ESCV-1777-CV-1127C (Allowed April 17, 2018, Lu, J.); Topham et al. v. Roberts Towing, Inc. d/b/a Roberts Towing, CA No. SUCV-2017-0386-BLS1 (Allowed February 21, 2018, Kaplan, J.); Cabrera v. Progressive Direct Ins. Co., CA No. SUCV-2016-03716-BLS2 (Allowed February 14, 2018, Salinger, J.); Polanik et al. v. Boston Hill Donuts, LLC, et al., CA No. 1784CV00914-BLS2 (Allowed, September 28, 2017, Leibensperger, J.); Hyman et al. v. Metropolitan Property & Casualty Ins. Co., et al., CA No. SUCV-1684CV00488-BLS2 (Allowed, August 23, 2017, Sanders, J.); and Kappotis et al. v. Bertucci's, Inc. et al., CA No. SUCV-1584CV03821-BLS1 (Allowed, February 24, 2017, Kaplan, J.).

In light of the experience of the firms listed above, as well as the individual attorney information set forth in **Exhibits 1-5**, Plaintiff submits that the rates charged by the attorneys of Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, PC, in litigating the Action are fair and reasonable.

### G. Plaintiff's Counsel Are Entitled to Reimbursement of Their Costs.

Plaintiff's expenses include but are not limited to: the cost of filings, the cost of service and other costs associated with litigation matters.  These expenses are itemized in **Exhibit 5**.

Plaintiff' Counsel's expenses as of November 16, 2018 total $10,271.91.

While Plaintiff would be entitled to separate reimbursement of these expenses, Plaintiff only seeks an award for both fees *and* expenses in the agreed-upon amount of $248,920.41 through November 16, 2018.

As such, Plaintiff essentially makes no specific separate request for expenses by way of this Application.

### H. Plaintiff is Entitled to An Incentive Award for Serving as Class Representative.

"Incentive awards are recognized as serving an important function in promoting class action settlements…" See e.g., In re Relafen Antitrust Litig., 231 F.R.D. 52, 82 (D. Mass. 2005).

As this Court has observed, [b]ecause a named plaintiff is an essential ingredient of any class action, an incentive award can be appropriate to encourage or induce an individual to participate in the suit." Id. (internal citations omitted). Further, the state Courts have likewise found incentive awards proper for the named class representative. See e.g., Eldridge v. Provident Companies, Inc., 2005 WL 503701, at *3 (Mass. Super. Jan. 20, 2005, Sanders, J.) (allowing an award of $12,500 for each of the two named class representatives).

21

In the present Action, Plaintiff admirably assumed the role of class representative.

Plaintiff participated at all stages of the litigation, negotiation, and administration of the settlement of this Action.  Plaintiff traveled to and consulted with his counsel on numerous occasions to discuss the merits of the claims, the proposed terms of settlement and ensure the progression of both the Class and his claims.

Plaintiff remained fully informed and involved in the decision-making process with regard to the litigation of him and the Class' claims and reviewed all settlement documents in their entirely.

Accordingly, Plaintiff now respectfully requests that this Court award a stipend for Ms. Khun's service on behalf of the Class in the amount of $6,300.00.

## IV.   **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request that the Court approve this unopposed Application for an award of attorneys, fees *and* expenses in the amount of $248,920.41 and stipend payment in the amount of $6,300.00 for the class representative.


Respectfully, Submitted,
Plaintiff,
By his attorneys,

/s/ *Kevin J. McCullough, Esq.*
Kevin J. McCullough, Esq.
John R. Yasi, Esq.
Michael C. Forrest, Esq.
Brian P. McNiff, Esq.
David R. Relethford, Esq.
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C
2 Salem Green, Suite 2
Salem, MA 01970
Telephone:    617.231.7829

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rules 5.2(b)(2) and 5.4 of the Local Rules of the United States District Court for the District of Massachusetts, I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated as non-registered participants, if any, on November 16, 2018.

<u>*/s/ Michael C. Forrest, Esq.*</u>
Michael C. Forrest, Esq.