UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNA KHUN, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>SLEEPY'S, LLC and CMC ACQUISITION CORPORATION, d/b/a CAPITOL MARKETING CONCEPTS, INC.,<br><br>Defendants. | **Case No. 1:17-cv-10110** |

## ORDER AND FINAL JUDGMENT

WHEREAS, Plaintiff, Dianna Khun ("Plaintiff" or "Khun"), filed the above-captioned class action (the "Action") on behalf of herself and the members of the Class (as defined herein) against Defendants Sleepy's, LLC and CMC Acquisition Corporation d/b/a Capital Marketing Concepts, Inc. (collectively, herein, "Defendants");

WHEREAS, Plaintiff, on behalf of herself and the members of the Class, and Defendants, by and through their respective attorneys, entered into (and filed) a settlement agreement that was executed on July 20, 2018 ("Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement ("Settlement") of the Action;

WHEREAS, the Court entered a Preliminary Approval Order ("Preliminary Approval Order") on July 26, 2018, preliminarily approving the Settlement based on the terms and conditions set forth in the Settlement Agreement;

WHEREAS, the Preliminary Approval Order conditionally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure (and M.G.L. c. 93A) the following Settlement Classes:

A. **The Redeemed Voucher Subclass (Subclass A):**

All persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase, who were provided with a voucher, and who did redeem said voucher.

B. **The Unredeemed Voucher Subclass (Subclass B):**

All persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase, who were not provided with a voucher, but who did not redeem said voucher.

WHEREAS, the Preliminary Approval Order approved in form and content of the Notice Procedures, instructing Defendants, through the settlement administrator, to compile and mail to Members of the Settlement Classes packets containing a notice of the Parties' proposed Settlement in the format approved by the Court;

WHEREAS, the Preliminary Approval Order set November 27, 2018, at 3:00 p.m. as the date for a final hearing on the settlement (the "Settlement Hearing") to consider whether the Court should grant final approval of the proposed Settlement and Plaintiff's application for an award of costs, expenses and attorneys' fees; and

WHEREAS, the Settlement Hearing was held on November 27, 2018, at 3:00 p.m. and all interested persons were given an opportunity to be heard, and the respective Parties appeared by their attorneys of record; and the attorneys for the respective parties were heard in support of the Settlement of the Action for which the Settlement Agreement provides therein; and an opportunity to be heard, or otherwise object, was given to all other persons desiring to be heard as provided in the Notice Procedures;

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Action and, for the purposes of the Settlement of the Action, Plaintiff, all Class Members, and Defendants.

2. Except for terms defined herein (with the definitions to be applicable to both the singular and the plural forms of each term defined if both such forms are used herein), the Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

3. The Notice was provided to the Class pursuant to the manner directed by the Preliminary Approval Order, and a full opportunity to be heard has been offered to all settling parties, the Class, each Class Member, and Persons in interest.

4. The form and manner of publication of the Notice adequately satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and applicable law, constituted the most appropriate notice practicable under the circumstances and constituted due and sufficient notice of the Settlement and Settlement Hearing and all other matters referred to in the Notice to all Persons entitled to receive such Notice. It is further determined that all Class Members and their respective heirs, executors, administrators, estates, representatives, agents, predecessors and predecessors in interest, successors and successors in interest, transferees and assigns are bound by this Order and Final Judgment.

5. The Court finds that each of the requirements of Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A have been satisfied with respect to certification of a class for settlement purposes, in that: (a)(1) the Class is so numerous that joinder of all members is impracticable; (a)(2) there are questions of law or fact common to the Class; (a)(3) the claims or defenses of the Class Representative (as defined below) are typical of the claims or defenses

of the Class; (a)(4) the Class Representative will fairly and adequately protect the interests of the Class; and (b)(3) the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

6. The Action is hereby certified (for purposes of the Settlement only) pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A.

   A. **The Redeemed Voucher Subclass (Subclass A)**:

   All persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase, who were provided with a voucher, and who did redeem said voucher.

   B. **The Unredeemed Voucher Subclass (Subclass B)**:

   All persons who made a qualifying promotional purchase during the class period at a Sleepy's retail location located in Massachusetts, or an online purchase for a Massachusetts delivery, and were entitled to a promotional gift card to be provided by Sleepy's as part of their purchase, who were not provided with a voucher, but who did not redeem said voucher.

7. Plaintiff, Dianna Khun is hereby certified as the settlement Class Representative (the "Class Representative"), and her counsel, Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C as Class Counsel ("Class Counsel"). The Court finds that the Class Representative and Class Counsel have fairly and adequately represented the interests of the Class.

8. The Court finds that the Settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class and should be approved. The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class, on the one hand, and Defendants, on the other hand. Accordingly, the Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement are hereby approved in their entirety, pursuant to Rule 23 of the Federal Rules of Civil Procedure and M.G.L. c. 93A.

9. The Parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement. Plaintiff, all Class Members and Defendants are hereby bound by the terms of the Settlement as set forth in the Settlement Agreement.

10. The Total Settlement Amount as defined in the Settlement Agreement shall be split between Defendants such that each Defendant shall pay 50% of the Total Settlement Amount.

11. The Action is hereby dismissed in its entirety as against Defendants, Plaintiff and all other Class Members on the merits and with prejudice, and without costs to any party as against any party, except as otherwise provided herein.

12. As of the Effective Date of the Settlement, Plaintiff and the Class Members, on behalf of themselves and their respective, current, former, and subsequent heirs, predecessors, assigns, spouses, executors, successors, administrators, agents, partners, representatives, insurers, insureds, employees and attorneys will fully release and discharge Defendants, and all their respective present, former, or subsequent predecessors, administrators, successors, assigns, heirs, executors, agents, partners, representatives, employees, insurers, insureds, attorneys, servants, subsidiaries, parents, affiliates, divisions, joint ventures and entities in which Defendants has and/or had a controlling interest, and any and all of their respective officers, directors, partners, managers, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, agents and any other person acting by or on their behalf (the "Released Parties") with respect to claims against Defendants as set forth in the First Amended Complaint arising from the acts or omissions of Defendants from the Asserted Claims, any claims that were or could have been asserted in the Action, and any claims during the Class Period arising from alleged violations relating to the issuance of

promotional gift cards (or vouchers for promotional gift cards) to Class Members during the Class Period.

13. Plaintiff's Counsel are hereby awarded attorneys' fees and expenses in the aggregate sum of $248,920.41 in connection with the Action, which amount the Court finds to be fair and reasonable. Such amount shall be paid pursuant to the provisions of the Settlement Agreement.

14. The Class Representative is hereby awarded a representative stipend in the sum of: $6,300.00 in connection with her service as the Class Representative in the Action, which amount the Court finds to be fair and reasonable. Such amount shall be paid pursuant to the provisions of the Settlement Agreement.

15. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement including but not limited to the timing for payments provided for in the Settlement Agreement.

16. This Order and Final Judgment shall not constitute any evidence, or an admission by any of the Released Parties, that any acts of wrongdoing have been committed or not been committed and shall not be deemed to create any inference that there is any liability or lack of liability on the part of any of the Released Parties.

17. The Court reserves jurisdiction, without affecting the finality of this Order and Final Judgment, over the enforcement, effectuation and administration of the Settlement.

18. The Action is dismissed with prejudice on the merits as to Defendants.

19. The Court hereby directs that this Order and Final Judgment be entered by the Clerk of the Court.

20. In the event that the Effective Date of the Settlement does not occur, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order and Final Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be void, and the Class shall be decertified. In such event, the Parties shall be restored, without prejudice in any way, to their respective positions prior to execution of the Settlement Agreement and its predecessor document, the memorandum of understanding.

BY THE COURT

Dated: *Nov. 28, 2018*

*/s/ F. Dennis Saylor*
Honorable F. Dennis Saylor, IV
United States District Judge